# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CLAIR REYNOLDS, MONICA
MARTIRANO, BRADY LAING,
JARED THOMAS PINEDA,
WILLIAM MARTIN POWERS,
TRINA HANCOCK, and KEN
SCHAFER, on behalf of themselves
and all others similarly situated,

Case No. 2:19-cv-11745-AJT-EAS

Senior District Judge Arthur J. Tarnow

Magistrate Judge Elizabeth A. Stafford

       Plaintiffs,

v.

FCA US LLC,

       Defendant.

_____/

---

**REPLY IN SUPPORT OF FCA US LLC'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
UNDER RULES 12(b)(1) AND 12(b)(6)**

---

# <u>TABLE OF CONTENTS</u>

**Page**

A.     Dismissal Under Rule 12(b)(1)..........................................................................1

B.     Dismissal Under Rule 12(b)(6)..........................................................................4

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alban v. BMW of N.Am.*,
2011 WL 900114 (D.N.J. 2011) ............................................................9

*Barnes v. Blue Cross & Blue Shield of Mich.*,
2009 WL 909551 (E.D.Mich. 2009) .......................................................1

*Beck v. FCA US LLC*,
273 F.Supp.3d 735 (E.D.Mich. 2017) ....................................................6

*Browe v. Evenflo Co., Inc.*,
2015 WL 3915868 (D.Minn. 2015) ........................................................6

*Carter v. Amica Mut. Ins. Co.*,
2018 WL 3093320 (D.Colo. 2018) .......................................................10

*Coba v. Ford Motor Co.*,
932 F.3d 114 (3d Cir. 2019) ...................................................................5

*Dennis v. D&F Equip. Sales, Inc.*,
2016 WL 1270238 (M.D.Ga. 2016) ........................................................5

*Dzielak v. Whirlpool Corp.*,
26 F.Supp.3d 304 (D.N.J. 2014) ...........................................................10

*Fallick v. Nationwide Mut. Ins. Co.*,
162 F.3d 410 (6th Cir. 1998) ..................................................................2

*Friedman v. Dollar Thifty Automotive Grp., Inc.*,
2015 WL 4036319 (D.Colo. 2015) .......................................................10

*Garmou v. Kondaur Capital Corp.*,
2016 WL 3549356 (E.D.Mich. 2016) .....................................................6

*Genesis Healthcare Corp. v. Symczyk*,
569 U.S. 66 (2013) ..................................................................................3

*George v. Uponor Corp.*,
988 F.Supp.2d 1056 (D.Minn. 2013) ......................................................7

*Haddix v. Gen. Mills, Inc.*,
   2016 WL 2901589 (E.D.Cal. 2016).........................................................................3

*Hadley v. Chrysler Group, LLC*,
   624 Fed.Appx. 374 (6th Cir. 2015)..................................................................3, 4

*Hines v. Mercedes-Benz USA, LLC*,
   385 F.Supp.2d 1222 (N.D.Ga. 2005).....................................................................6

*Hudson v. Gains*,
   403 S.E.2d 852 (Ga.App. 1991) ..........................................................................7

*In re Foreclosure Cases*,
   2007 WL 4589765 (S.D.Ohio 2007) ....................................................................3

*In re Gen. Motors Air Conditioning Mktg. & Sales Practices Litig.*,
   406 F.Supp.3d 681 (E.D.Mich. 2019) ..................................................................5

*In re OnStar Contract Litig.*,
   600 F.Supp.2d 861 (E.D.Mich. 2009)..................................................................10

*In re Packaged Ice Antitrust Litig.*,
   779 F.Supp.2d 642 (E.D.Mich. 2011) ..............................................................2, 4

*Jackson v. CitiMortgage*,
   2011 WL 479923 (E.D.Mich. 2011)......................................................................1

*Lauria v. Ford Motor Co.*,
   312 S.E.2d 190 (Ga.App. 1983) ..........................................................................7

*Mamon v. Midland Funding, LLC*,
   2013 WL 12382685 (N.D.Ga. 2013)...................................................................11

*MAO-MSO Recovery II, LLC v. Progressive Corp.*,
   2018 WL 4075880 (N.D.Ohio 2018)......................................................................1

*Matanky v. Gen. Motors LLC*,
   370 F.Supp.3d 772 (E.D.Mich. 2019) ..............................................................9, 10

*McKee v. Gen. Motors LLC*,
   376 F.Supp.3d 751 (E.D.Mich. 2019) ..............................................................2, 4

*Mitchell v. BMI Fed. Credit Union*,
   374 F.Supp.3d 664 (S.D.Ohio. 2019) ...................................................................9

*Ohio Nat'l Life Ins. Co. v. United States*,
   922 F.2d 320 (6th Cir. 1990) ...............................................................................1

*Persad v. Ford Motor Co.*,
   2018 WL 3428690 (E.D.Mich. 2018).....................................................................9

*Prentis v. Yale Mfg. Co.*,
   365 N.W.2d 176 (Mich. 1984)................................................................................5

*Rutkofske v. Norman*,
   114 F.3d 1188 (Table), 1997 WL 299382 (6th Cir. 1997) ....................................1

*Schechner v. Whirlpool Corp.*,
   237 F.Supp.3d 601 (E.D.Mich. 2017) ................................................................10

*Smajlaj v. Campbell Soup Co.*,
   782 F.Supp.2d 84 (D.N.J. 2011) .........................................................................11

*Smith v. Lawyers Title Ins. Corp.*,
   2009 WL 514210 (E.D.Mich. 2009)..................................................................2, 4

*Steed v. Fed. Nat'l Mortg. Corp.*,
   689 S.E.2d 843 (Ga.App. 2009) .........................................................................11

*Thiedemann v. Mercedes-Benz USA, LLC*,
   872 A.2d 783 (N.J. 2005) ...................................................................................10

*Walsh v. Ford Motor Co.*,
   130 F.R.D. 260 (D.D.C. 1990) .............................................................................7

*Weidman v. Ford Motor Co.*,
   2019 WL 3003693 (E.D.Mich. 2019)....................................................................8

*Weidman v. Ford Motor Co.*,
   2020 WL 674348 (E.D.Mich. 2020).......................................................................6

*Wozniak v. Ford Motor Co.*,
   2019 WL 108845 (E.D.Mich. 2019)...................................................................2, 4

**Statutes and Constitutional Provisions**

28 U.S.C. § 1332 ......................................................................................................3

Ga. Code Ann. §10-1-399(b) ..................................................................................11

U.C.C. 2-719(2) .......................................................................................................6

**Rules**

Fed. R. Civ. P. 9(b) ..............................................................................................7, 8

Fed. R. Civ. P. 12(b)(1)........................................................................................1, 4

Fed. R. Civ. P. 12(b)(6).............................................................................................4

Fed. R. Civ. P. 23 .....................................................................................................9

## A.    <u>Dismissal Under Rule 12(b)(1).</u>

In responding to FCA US's ***factual*** attack on jurisdiction, Plaintiffs proffer ***no evidence*** that the steering components in model-year 2020 vehicles are the same as in the vehicles they purchased, and ***no evidence*** that the free repairs provided by FCA US under CSN V41 fail to remedy the steering-shimmy condition alleged.[1] This failure is dispositive.  As the Sixth Circuit has directed, a "plaintiff ***must*** submit relevant ***evidence*** in response to such a [factual attack] ***or face dismissal***." *Rutkofske v. Norman*, 114 F.3d 1188 (Table), 1997 WL 299382, **3-4 (6th Cir. 1997) (emphasis added; affirming dismissal because the plaintiff had "failed to present any relevant evidence to oppose the motion").[2]

For this reason alone, FCA US's 12(b)(1) motion must be granted.  And, Plaintiffs' other arguments against dismissal fare no better.

---

[1]*See, generally* Plaintiffs' Response in Opposition to FCA US LLC's Motion to Dismiss Plaintiffs' First Amended Complaint, Dkt. #27 ("Pl. Opp.").

[2]*See also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324-25 (6th Cir. 1990) (to resolve a factual attack, "the district court ***must weigh the conflicting evidence*** to arrive at the factual predicate that subject matter jurisdiction exists or does not exist" (emphasis added)); *MAO-MSO Recovery II, LLC v. Progressive Corp.*, 2018 WL 4075880, *4 (N.D.Ohio 2018) (where plaintiffs "presented no evidence," "the Court cannot find that [they] have satisfied their burden of proving Article III standing"); *Jackson v. CitiMortgage*, 2011 WL 479923, *3 (E.D.Mich. 2011) (because plaintiff provided "no evidence," "the Court cannot conclude that [he] has standing"); *Barnes v. Blue Cross & Blue Shield of Mich.*, 2009 WL 909551, *15 (E.D.Mich. 2009) (a plaintiff who presents "no evidence" has "not made the affirmative showing … required to demonstrate this Court's jurisdiction").

Model-Year 2020 Vehicles:  Plaintiffs acknowledge they are asserting claims about model-year vehicles that none of them ever purchased, but argue that this is either "not a standing issue" or that any decision on standing should be deferred until class certification.  Pl. Opp., pp. 8-9.  They cite no in-Circuit authority agreeing with their first argument, and their second has been consistently rejected in this District. *See, e.g.*, *In re Packaged Ice Antitrust Litig.*, 779 F.Supp.2d 642, 657 (E.D.Mich. 2011) ("In cases such as the instant case, where the putative plaintiffs' injury is in doubt, Article III standing issues should be resolved in the first instance.").[3] Plaintiffs then argue that the requirements for standing are met *if* the vehicles they are suing over have "sufficient similarity" to those they own.  *See* Pl. Opp., p. 9 & fn.3.  But, here, FCA US has *proven* with *undisputed evidence* that model-year 2020 vehicles are fundamentally *different* than those Plaintiffs own.[4]  *See* Dkt. #26-2.

Mootness:  As set forth above, Plaintiffs' arguments about their *allegations*

---

[3]*See also McKee v. Gen. Motors LLC*, 376 F.Supp.3d 751, 755 (E.D.Mich. 2019); *Wozniak v. Ford Motor Co.*, 2019 WL 108845, *1 (E.D.Mich. 2019); *Smith v. Lawyers Title Ins. Corp.*, 2009 WL 514210, *3 (E.D.Mich. 2009).

[4]Plaintiffs' reliance on *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410 (6th Cir. 1998), is profoundly misplaced.  *See* Pl. Opp., pp. 8-9.  There, the defendant *admitted* that all of the ERISA plans at issue were administered using the *same* allegedly improper methodology, and the court simply held that "the standing-related provisions of ERISA" were not intended to limit class actions under that statute to only the particular plan that a plaintiff participated in.  *See Fallick*, 162 F.3d at 423.

establishing an injury are irrelevant in responding to a ***factual*** attack on jurisdiction. Besides this, all Plaintiffs proffer is an incomprehensible argument about "prudential mootness" that has no bearing here, and they misrepresent the Sixth Circuit's clear holding in *Hadley v. Chrysler Group, LLC*, 624 Fed.Appx. 374 (6th Cir. 2015). It is beyond dispute that mootness precludes the existence of any actual case or controversy.[5]  *See, e.g.*, *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71-72 (2013).  And, Plaintiffs' argument that *Hadley* is distinguishable because, here, they have "alleged that [the] recall is not effective" and "seek to recover damages" (*see* Pl. Opp., p. 12) misrepresents the holding in that case.  *See* 624 Fed.Appx. at 376, 380 (finding case moot and jurisdiction lacking ***despite*** the plaintiffs' attacks on the "effectiveness of the repair" and their "claims for damages").[6]

---

[5]Plaintiffs' contention that no factual challenge to standing is permitted because "the jurisdictional issue intertwines with the merits of the case" (Pl. Opp., p. 13) is flat-wrong.  While standing and the merits may be "intertwined" where the ***same federal statute*** creates both a cause of action and federal question jurisdiction, that is not the case where, as here, jurisdiction is based on 28 U.S.C. § 1332 and Plaintiffs' claims are based on entirely different statutes and state law.  *See In re Foreclosure Cases*, 2007 WL 4589765, **2-4 (S.D.Ohio 2007) (analyzing and rejecting this argument under Sixth Circuit law); *see also Haddix v. Gen. Mills, Inc.*, 2016 WL 2901589, **5-6 (E.D.Cal. 2016) ("[F]or Plaintiff's argument to apply, a [single] statute would have to provide the basis for both subject matter jurisdiction and Plaintiff's substantive claims for relief").

[6]It is irrelevant that *Hadley* involved claims against "Chrysler Group, LLC" based on vehicles "manufactured and sold by the predecessor Chrysler LLC."  *See* Pl. Opp., p. 11.  The Sixth Circuit's opinion is crystal clear that its mootness analysis applied equally to ***any claim against the original manufacturer*** of the defective components at issue.  *See Hadley*, 624 Fed.Appx. at 378.

Furthermore, the Sixth Circuit affirmed dismissal in *Hadley* because the plaintiffs, faced with a "factual attack" on standing under Rule 12(b)(1), offered ***"no evidence"*** to show that their claims were not moot in light of a manufacturer's recall repair. *Id.* at 377-78, 380 (emphasis added). That is precisely the situation here, and the result should be the same. This case should be dismissed.

## B. <u>Dismissal Under Rule 12(b)(6).</u>

<u>MMWA Claim (Count I)</u>:  Plaintiffs do not dispute that their MMWA claims must be dismissed if their state-law warranty claims fail. *See* Pl. Opp., p. 22. Nor do they even argue they have pleaded viable warranty claims under the laws of all 50 states. *See*, *generally*, Pl. Opp. Instead, they contend that any consideration of the viability of their "National" MMWA claim is "premature." *Id.* at p. 22. This argument, however, has been soundly ***rejected*** in this District. *See, e.g.*, *McKee*, 376 F.Supp.3d at 755; *Wozniak*, 2019 WL 108845, at *1; *In re Packaged Ice*, 779 F.Supp.2d at 657; *Smith*, 2009 WL 514210, at *3.

<u>Express Warranty (Counts III, VI, VIII, X, XV, XIX)</u>:  Plaintiffs effectively concede that the express warranties for their vehicles do ***not*** cover design defects, as they make no argument and present no law to the contrary. *See* Pl. Opp., pp. 13-17. And, even now, Plaintiffs continue to describe the alleged defect as a ***"design defect"*** and a ***"uniform defect"*** that exists in "***all*** of the Class Vehicles," and to argue that the "premature wear" of steering components arises "***[d]ue to*** the [vehicles'] solid

front axle and four-link suspension" design. *Id.* at pp. 2, 3, 15, 19 (emphasis added). This is the very antithesis of a "manufacturing" defect. *See, e.g.*, *Prentis v. Yale Mfg. Co.*, 365 N.W.2d 176, 182 (Mich. 1984) (a "manufacturing" defect is one resulting from a deviation in the manufacturing process, while a "design" defect is one "which is the result of the intentional design decisions of the manufacturer").[7] Because Plaintiffs base their express warranty claims on a design defect that is not covered by FCA US's written warranties, the claims fail.

Furthermore, and in any event, Plaintiffs point to no pleaded ***facts*** showing any breach, just conclusory averments (by some of them) that a defect "continues" or "remains." *See* Pl. Opp., pp. 7, 15-17 (citing FAC ¶¶ 31, 46, 80, 102). And, they really stretch when they argue that *In re Gen. Motors Air Conditioning Mktg. & Sales Practices Litig.*, 406 F.Supp.3d 681 (E.D.Mich. 2019), supports finding a plausible breach has been pleaded here. *See id.* at pp. 15-16. In that case, it was alleged that "GM ***required*** [owners] … to ***purchase*** a redesigned hose," which is not remotely similar to the allegations here, which establish only that Plaintiffs were

---

[7]*See also Coba v. Ford Motor Co.*, 932 F.3d 114, 123-24 (3d Cir. 2019) (allegations of a defect in "all of the tanks at issue" or "every product of a line" plead "a design defect"); *Dennis v. D&F Equip. Sales, Inc.*, 2016 WL 1270238, *6 (M.D.Ga. 2016) ("by definition, a manufacturing defect will always be identifiable as a deviation from … the manufacturer's specifications").

provided a free repair.[8]

Implied Warranty (Counts II, IX, XI, XVI, XX): Plaintiffs fail to cite a single case holding that a bare allegation about "safety" suffices for an implied warranty claim when a plaintiff admits to continued use of the vehicle. *See* Pl. Opp., pp. 17-19. And, this District has rejected that notion. *See, e.g.*, *Weidman v. Ford Motor Co.*, 2020 WL 674348, *5 (E.D.Mich. 2020); *Beck v. FCA US LLC*, 273 F.Supp.3d 735, 762 (E.D.Mich. 2017); *see also* Dkt. #26, p. 27 (collecting cases).[9] Thus, the implied warranty claims must be dismissed.

Lack of Privity (Counts XVI, XX): Plaintiffs do not respond to FCA US's argument that Schafer's implied warranty claim (Count XX) fails for lack of privity under North Carolina law. *See*, *generally*, Pl. Opp. They have therefore conceded the dismissal of this claim. *See, e.g.*, *Garmou v. Kondaur Capital Corp.*, 2016 WL

---

[8]Plaintiffs' undeveloped argument that their vehicles' express warranties "fail [their] essential purpose" does not aid them in pleading a breach. *See* Pl. Opp., p. 17 fn.6 (quotation omitted). The "failure of essential purpose" doctrine does ***not*** create a breach where one would not otherwise exist, and simply provides a waiver of ***remedy*** limitations ***once a breach is proven***. *See, e.g.*, U.C.C. 2-719(2). In any event, cases relied upon by Plaintiffs confirm that even "three attempts to successfully remedy" a vehicle problem is not a basis for any breach. *See Hines v. Mercedes-Benz USA, LLC*, 385 F.Supp.2d 1222, 1231-32 (N.D.Ga. 2005).

[9]*See also Browe v. Evenflo Co., Inc.*, 2015 WL 3915868, *4 (D.Minn. 2015) (dismissing implied warranty claim and explaining that "[i]t is a difficult proposition to accept that the lead plaintiff in a products liability lawsuit seeking class action status can credibly pursue liability while continuing to use the very same product the lawsuit claims is dangerously defective and warrants a pecuniary remedy").

3549356, *7 (E.D.Mich. 2016). And, the exception to Georgia's privity requirement that Plaintiffs argue saves Hancock's claim (Count XVI) only applies to sales of "***new*** automobiles." *Lauria v. Ford Motor Co.*, 312 S.E.2d 190, 192 (Ga.App. 1983) (emphasis added); *see also Walsh v. Ford Motor Co.*, 130 F.R.D. 260, 271 fn.13 (D.D.C. 1990) (applying Georgia law). But, Hancock purchased a ***used*** vehicle, as Plaintiffs readily acknowledge. *See* Pl. Opp., p. 20.

<u>Pre-Suit Notice (Counts VI, X, XI, XV, XVI, XIX, XX)</u>: It is telling that in arguing Laing (MN), Pineda (TN), Hancock (GA), and Schafer (NC) have satisfied the pre-suit notice requirements of their particular states, Plaintiffs can ***only*** point to ***Reynolds'*** individual New Jersey lemon law letter and ***Powers'*** individual arbitration in Colorado. *See* Pl. Opp., p. 21 (citing FAC, ¶¶ 21, 91). Plaintiffs cite no law holding that this is sufficient. And, their suggestion that Minnesota, Tennessee, Georgia, and North Carolina do not require any pre-suit notice is just plain wrong.[10]

<u>Failure to Comply with Rule 9(b) (All Fraud Counts)</u>: Plaintiffs essentially concede that their fraud claims must be dismissed to the extent they are based on

---

[10] *See* Dkt. #26, p. 29 (collecting cases). Furthermore, the cases that Plaintiffs rely on for their argument (*see* Pl. Opp., p. 21 fn.9) either support FCA US's position or are easily distinguishable. *See, e.g.*, *George v. Uponor Corp.*, 988 F.Supp.2d 1056, 1071 (D.Minn. 2013) (holding pre-suit notice ***is*** required, but was provided on "January 26, 2012," five days before the lawsuit was filed); *Hudson v. Gains*, 403 S.E.2d 852, 854 (Ga.App. 1991) (holding pre-suit notice ***is*** required, but finding requirement satisfied under unique circumstances where both parties knew before suit that the vehicles at issue had been confiscated by police).

purported misrepresentations. *See* Pl. Opp., p. 24 (arguing that their claims are "based primarily on … fraudulent omissions"). And, the generic averments they rely on for their omission-based claims – that FCA US "fail[ed] to disclose" a defect at various times "to the present day" in "various channels" (*see* Pl. Opp., p. 25.) – are indistinguishable from those repeatedly found lacking by this District. *See* Dkt. #26, p. 32 (collecting cases). Hence, the dismissal of all their fraud-based claims under Rule 9(b) is required.

Pre-Sale Knowledge (All Fraud Counts): Plaintiffs do not dispute that all of their fraud-based claims depend on plausibly alleging that FCA US knew about the alleged defect ***before*** their own vehicles were sold. *See* Pl. Opp., pp. 25-28. They also offer no response to the numerous cases from this District finding allegations virtually identical to those pleaded here to be insufficient. *See* Dkt. #26, pp. 33-34 (collecting cases). And, their desperation is palpable when they proffer arguments about "3,566 … complaints," particularly since they do not argue that ***any*** were made ***before*** the sale of their own vehicles. *See* Pl. Opp., p. 27.

Neither of the cases Plaintiffs rely on even remotely support their argument. *See id.* at pp. 26-27. In *Weidman v. Ford Motor Co.*, 2019 WL 3003693 (E.D.Mich. 2019), the plaintiffs pleaded pre-sale knowledge based on ***specific*** internal emails and other documents (*e.g.*, a "June 16, 2015" email from a "Ford Engineer") acknowledging the alleged defect. *See id.* at \*1. Nothing remotely similar is pleaded

here.  *See*, *generally*, FAC.  And, Plaintiffs' reliance on *Persad v. Ford Motor Co.*, 2018 WL 3428690 (E.D.Mich. 2018), is even more curious.  There, ***the defendant itself conceded*** "it was essentially ***common knowledge***" that its vehicles had a defect by the time of the plaintiffs' purchase.  *See id.* at *3 (emphasis added).

Finally, it simply does not matter whether the warranties on Reynolds' and Martirano's vehicles have expired for purposes of the more-stringent knowledge requirement under the NJFCA (Count IV).  *See* Pl. Opp., p. 28.  The inquiry is whether FCA US ***"knew with certainty"*** that these particular Plaintiffs' vehicles would fail.  *See Alban v. BMW of N.Am.*, 2011 WL 900114, at *10 (D.N.J. 2011) (emphasis in original).  And, Plaintiffs do not even argue that they have pleaded such facts.  *See* Pl. Opp., p. 28

Class Actions Not Permitted (Counts V, XVII):  Plaintiffs' exact arguments were considered and rejected in *Matanky v. Gen. Motors LLC*, 370 F.Supp.3d 772 (E.D.Mich. 2019), where the court analyzed both the GFBPA and the TCPA and concluded that the class-action prohibitions in them "define the scope of the state-created rights and are therefore substantive and not displaced by Rule 23."  *Id.* at 789-99 (collecting cases).  The Court should reach the same conclusion here.

Only Injunctive Relief Permitted (Counts VII, XIV, XVIII):  The availability of injunctive relief "depends on whether the plaintiff is likely to be injured by the same allegedly offending conduct in the future." *Mitchell v. BMI Fed. Credit Union*,

374 F.Supp.3d 664, 668 (S.D.Ohio. 2019).  Here, the conduct underlying Plaintiffs'

CCPA, MUDTPA, and GUDTPA claims are purported "misrepresentations or

omissions" in the marketing of Jeep vehicles without disclosing the alleged defect.

*See* FAC, ¶¶ 283, 403, 352-56.  And, even now, Plaintiffs do not even contend there

is any risk they will be "misled" again.  *See* Pl. Opp., pp. 29-31.  Thus, Plaintiffs

have not pleaded any claim under those statutes.[11]

No "Ascertainable Loss" Under the NJCFA (Count IV):  FCA US cited

*Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783 (N.J. 2005), as controlling

authority dictating that a vehicle problem "addressed by warranty, at no cost to the

consumer" cannot provide the "ascertainable loss" that the NJCFA requires.  *See*

Dkt. #26, p. 36.  The cases Plaintiffs rely on either do not address this requirement

at all, deal with other products (like soup) that do not come with a repair warranty,

or actually support FCA US's argument.[12]  *See* Pl. Opp., pp. 31-33.

---

[11]Plaintiffs cite *In re OnStar Contract Litig.*, 600 F.Supp.2d 861 (E.D.Mich. 2009), for the proposition that "[t]he CCPA does not preclude class actions for *actual* damages."  Pl. Opp., p. 30 fn.13 (emphasis in original).  But, as this District and numerous other courts have recognized, *In re Onstar* mistakenly based its analysis on an older Colorado case addressing a "prior version" of the CCPA, and it is not a correct statement of current Colorado law.  *See Matanky*, 370 F.Supp.3d at 799; *see also Carter v. Amica Mut. Ins. Co.*, 2018 WL 3093320, *9 (D.Colo. 2018); *Friedman v. Dollar Thrifty Automotive Grp., Inc.*, 2015 WL 4036319, *5 (D.Colo. 2015).

[12]*See, e.g.*, *Schechner v. Whirlpool Corp.*, 237 F.Supp.3d 601, 620 (E.D.Mich. 2017) (dismissal only sought because "specific price information" was not alleged); *Dzielak v. Whirlpool Corp.*, 26 F.Supp.3d 304, 335 (D.N.J. 2014) (actually noting

<u>TCPA Claim Is Time-Barred (Count V)</u>:   Plaintiffs' arguments about the discovery rule and statute of repose are nonsensical.   *See* Pl. Opp., pp. 33-34.   Pineda expressly pleads he experienced the alleged defect in 2018, but failed to file suit within the statute of limitations.   *See* FAC, ¶ 66.   His claim is time-barred.

<u>Lack of Statutory Notice (Count XVII)</u>:   Plaintiffs argue that an exception to the GFBPA's notice requirement exists because FCA US has failed to produce evidence about its operations in Georgia.   *See* Pl. Opp., p. 35.   But, it is the ***plaintiff*** (Hancock) who must ***plead and prove*** that the required notice was provided, or that an exception applies.[13]   Furthermore, none of the cases Plaintiffs cite even remotely suggest that the notice requirement of the GFBPA could be satisfied by Reynolds' New Jersey Lemon Law letter or Powers' arbitration in Colorado.   *See* Pl. Opp., pp. 35-36.   And, indeed, the plain language of the statute precludes this.   *See* Ga. Code Ann. §10-1-399(b).

<u>The NCUDTPA Claim (Count XXI)</u>:   In arguing that Schafer's NCUDTPA claim is viable, Plaintiffs rely solely on a bare handful of decisions from other states, while ignoring the directly on-point holdings of the Fourth Circuit and a multitude

---

that New Jersey does ***not*** recognize an "ascertainable loss" for vehicle problems that can be addressed by warranty repairs); *Smajlaj v. Campbell Soup Co.*, 782 F.Supp.2d 84 (D.N.J. 2011) (no repair warranty at issue).

[13]*See, e.g.*, *Mamon v. Midland Funding, LLC*, 2013 WL 12382685, *7 (N.D.Ga. 2013); *Steed v. Fed. Nat'l Mortg. Corp.*, 689 S.E.2d 843, 851 (Ga.App. 2009).

of North Carolina state and federal courts.  *See* Dkt. #26, p. 38 (collecting cases). Schafer's claim should be dismissed.

Request For a Recall:  Plaintiffs ask this Court to "issue a formal recall" of the vehicles at issue.  FAC, ¶ 12.  Despite their attestations to the contrary, a "formal recall" must, necessarily, involve the NHTSA.  This request is improper.

## CONCLUSION

For the reasons set forth herein and in its opening brief, Defendant FCA US LLC respectfully requests that this Court dismiss Plaintiffs' First Amended Class Action Complaint in its entirety.

Respectfully submitted,

THOMPSON COBURN LLP

By:   */s/ Stephen A. D'Aunoy*
Kathy A. Wisniewski (MO/38716)
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
One US Bank Plaza
St. Louis, Missouri  63101
(314) 552-6000
kwisniewski@thompsoncoburn.com
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com

BUSH SEYFERTH PLLC
Patrick G. Seyferth (P47575)
100 W. Big Beaver Rd., Suite 400
Troy, Michigan  48084
(248) 822-7800
seyferth@bsplaw.com

*Counsel for Defendant FCA US LLC*