IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CLAIR REYNOLDS, MONICA MARTIRANO, BRADY LAING, JARED THOMAS PINEDA, WILLIAM MARTIN POWERS, TRINA HANCOCK, and KEN SCHAFER, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> FCA US, LLC, <br><br> Defendant. | Case No.: 2:19-cv-11745-AJT-EAS <br><br> Senior District Judge Arthur J. Tarnow <br><br> Magistrate Judge Elizabeth A. Stafford |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
SUPPORTING DENIAL OF DEFENDANT'S MOTIONS TO DISMISS**

Plaintiffs Clair Reynolds, Monica Martirano, Brady Laing, Jared Thomas Pineda, William Martin Powers, Trina Hancock, Ken Schafer, and Melinda Martinez ("Plaintiffs") respectfully submit notice to this Court of recent authority supporting denial of Defendant FCA US LLC ("Defendant" or "FCA") motions to dismiss (ECF Nos. 26, 34). Plaintiffs present the following recent decisions in opposition to FCA's motions: (i) *Chapman v. Gen. Motors LLC*, No. 19-cv-12333(TGB)(DRG), 2021 WL 1286612, at *6 (E.D. Mich. Mar. 31, 2021) (attached hereto as Ex. 1); (ii) *Fox v. Cty. of Saginaw*, No. 19-CV-11887, 2021 WL 120855, at *5 (E.D. Mich. Jan. 13, 2021) (attached hereto as Ex. 2); (iii) *Outdoor One Commc'ns, LLC. v. Charter Twp.*

*of Canton*, No. 20-10934, 2021 WL 807870, at *1 (E.D. Mich. Mar. 3, 2021) (attached hereto as Ex. 3); (iv) *In re Flint Water Cases*, 482 F. Supp. 3d 601, 615 (E.D. Mich. 2020) (attached hereto as Ex. 4); (v) *Raymo v. FCA US LLC*, 475 F. Supp. 3d 680, 695 (E.D. Mich. 2020) (attached hereto as Ex. 5); (vi) *Gregorio v. Ford Motor Co.*, 2021 WL 778913 at *14-15 (E.D. Mich. Mar. 1, 2021) (attached hereto as Ex. 6); (vii) *Gant v. Ford Motor Co.*, No. 19-CV-12533, 2021 WL 364250, at *3 (E.D. Mich. Feb. 3, 2021) (attached hereto as Ex. 7); (viii) *Francis v. Gen. Motors, LLC*, No. 19-11044, 2020 WL 7042935, at *7 (E.D. Mich. Nov. 30, 2020) (attached hereto as Ex. 8).

**A.    FCA'S RULE 12(B)(1) ARGUMENTS HAVE BEEN REPEATEDLY REJECTED IN THIS DISTRICT SINCE THE BRIEFING CLOSED IN THIS MATTER**

1.    **STANDING**:    FCA does not dispute Plaintiffs' standing to assert the Wobble Defect claims on behalf of 2018-2019 Jeep Wrangler purchasers and lessees. This same Wobble Defect is alleged to exist in the 2020 Wranglers and Gladiators, and these claims are likewise redressable in this case. To be clear, all Class Vehicles are alleged to be manufactured with the same defective suspension system based on the Jeep Wrangler JL Platform. FCA distributed a 2020 Jeep Wrangler and Gladiator service bulletin to its dealers concerning "Shimmy In The Steering Wheel After Hitting An Irregularity On The Road Surface" expanding the repair under CSN V41 to include 2020 Jeep Wranglers and Gladiators. *See* ECF No.

2

22 (Complt.) ¶ 184 (citing Service Bulletin 99-002-19 (https://static.nhtsa.gov/odi/tsbs/2019/MC-10169248-9999.pdf) attached hereto as Ex. 9.[1] Because Plaintiffs already established jurisdiction to proceed against FCA for this Wobble Defect based on the same alleged defect in the 2020 Wranglers and Gladiators, the standing issue turns on whether the 2020 Class Vehicles are alleged to be "substantially similar" to the 2018-2019 Class Vehicles, which they are, and the Court should reserve deciding this issue until the class certification stage pursuant to Rule 23. FCA's arguments challenging standing here to assert claims for the 2020 Wranglers and Gladiators were recently rejected in *Chapman v. Gen. Motors LLC*, No. 19-cv-12333(TGB)(DRG), 2021 WL 1286612, at *6 (E.D. Mich. Mar. 31, 2021). In *Chapman*, as Plaintiffs argue here, the court applied *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410 (6th Cir. 1998) to hold that the "allegations were about the CP4 pump and its effects on truck engines, which is alleged to cause harm and is common to all class members, no matter exactly which truck they bought or what the terms of their state consumer protection laws are. The general wrongdoing GM is accused of applies to the Named Plaintiffs and the absent putative class members alike, making the class certification question logically antecedent to

---

[1] The Court can take judicial notice of this document from the NHTSA website. *See Gregorio v. Ford Motor Co.*, 2021 WL 778913 at n 5 (E.D. Mich. Mar. 1, 2021) (noting documents from NHTSA website are public records subject to judicial notice). Additionally, this document is incorporated into Plaintiffs' Complaint which was properly filed under the Eastern District of Michigan Local Rules.

the Article III standing question." *Chapman*, 2021 WL 1286612, at *6; *see also Fox v. Cty. of Saginaw*, No. 19-CV-11887, 2021 WL 120855, at *5 (E.D. Mich. Jan. 13, 2021) (internal quotation marks and citations omitted) (citing *Fallick*, 162 F.3d at 422 ("The court explained that once the district court correctly determined that *Fallick* had standing to bring suit under ERISA against Nationwide with respect to its application of reasonable and customary limitations to its determination of medical benefits, which Nationwide admittedly employed in all the benefits plans which *Fallick* wishes to include [in] the proposed class, the question was whether *Fallick* satisfied the criteria of Rule 23 with respect to the absent class members.")). To hold otherwise at the pleading stage would require this Court to conclude that the replacement dampers that were installed on 2020 vehicles prior to sale through CSN V41 cure the Wobble Defect, rather than mask it as Plaintiffs allege, which is the subject of an ongoing NHTSA safety investigation.

2. **MOOTNESS:** FCA argues the Bibb Declaration (ECF No. 26-2) moots Plaintiffs' claims because Bibb asserts that CSN V41 cured the Wobble Defect. This is incorrect both as a matter of law and fact.

   a. FCA's argument implicates the very merits of Plaintiffs' case by asking the Court to conclude—***at the pleading stage*** and based solely on the untested, uncorroborated Bibb Declaration—that the Wobble Defect has been remedied. However, Plaintiffs' well-pled allegations make clear that the Wobble

4

Defect was *not* remedied by the CSN V41 repair, which instead serves only to mask the Wobble Defect with a new damper. Critically, since the briefing in this matter concluded, courts in this District have repeatedly held "[a] court cannot sustain a Rule 12(b)(1) factual attack on a complaint where the challenge to jurisdiction implicates the merits of plaintiff's complaint." *Outdoor One Commc'ns, LLC. v. Charter Twp. of Canton*, No. 20-10934, 2021 WL 807870, at *1 (E.D. Mich. Mar. 3, 2021); *see also, In re Flint Water Cases*, 482 F. Supp. 3d 601, 615 (E.D. Mich. 2020) (internal quotation marks and citations omitted) ("A district court engages in a factual inquiry only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim. If the jurisdictional issue is intertwined with the underlying substantive merits of the case, such evidentiary decisions should await a determination of the case on the merits."). That is precisely the case here, and FCA's argument to the contrary undermines these fundamental legal principles. Therefore, the Court must reject FCA's mootness argument.

    b. Even if FCA's argument did not violate these important legal principles and the Court treated it as a factual attack on the Complaint under Rule 12(b)(1), FCA's argument would still fail. The Bibb Declaration claims that the updated steering damper resolved the issues causing the Wobble Defect as of March 2020. This is not only contradicted by the well-pled allegations of the Complaint alleging the Wobble Defect continued *after* the CSN V41 repair—including video

evidence of the wobble (*see* ECF No. 22 at ¶¶ 30-33, 46-47, 58, 80, 100-102, 115-121, and 134-135) — but is also contradicted by the ongoing NHTSA safety investigation. Indeed, after FCA submitted the Bibb Declaration to this Court claiming CSN V41 remedied the Wobble Defect, NHTSA challenged FCA's remediation claim. On September 23, 2020, NHTSA published a memorandum questioning the viability and longevity of FCA's claimed remedy in CSN V41, asking:

> (i)   Is it true that the V41 dampers that are suffering from steering wobble can be serviced by pumping the damper rod?
> (ii)  Is this different from dampers prior to the V41 damper? If not, why is there pumping data?
> (iii) During the pumping data testing, NHTSA wants to understand how air entrained in the test parts (field parts or intentionally primed?)
> (iv)  NHTSA required FCA to verify the expected service life for the V41 steering damper to ensure it is not merely masking the wobble for a period of time.

*See* Ex. 10 INME-PE19012-80832P (https://static.nhtsa.gov/odi/inv/2019/INME-PE19012-80832P.pdf). The attachments to this public document include documents FCA requested be placed under seal, which are directly relevant to the merits issues FCA now presents to this Court under Rule 12(b)(1).

      c.    Further, on July 30, 2020, again after the close of the briefing, a court in this District rejected FCA's mootness argument in a separate defect case, which is based on the unpublished decision in *Hadley v. Chrysler Group*, LLC 624 Fed. App'x 374 (6th Cir. 2015). *See Raymo v. FCA US LLC*, 475 F. Supp. 3d 680,

6

695 (E.D. Mich. 2020). In *Raymo*, the court distinguished *Hadley* and held that even if the defect is remedied—a fact vigorously disputed in the instant case—*Hadley* is ***not*** a "legal bar that serves to prevent Plaintiffs from seeking monetary damages in connection with the [alleged defective product] under an overpayment theory of damages." *Id*. Thus, Plaintiffs' overpayment theory of damages alleged in the Complaint would not be subject to the analysis in *Hadley* even if CSN V41 had been effective, which it certainly is not.[2]

    d.  In reality, however, FCA's Rule 12(b)(1) challenge is merely a facial attack on Plaintiffs' Complaint because it asserts no facts relating to Plaintiffs' vehicles. Therefore, the allegations of the Complaint must be accepted as true, just as in a Rule 12(b)(6) motion. "When reviewing a facial attack, a district court takes the allegations in the complaint as true." *In re Flint Water Cases*, 482 F. Supp. 3d at 615 (quoting *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807

---

[2] FCA provided *Flores v. FCA US LLC*, No. 19-10417, 2020 WL 7024850, at *2 (E.D. Mich. Nov. 30, 2020) as supplemental authority to the Court. ECF No. 36-1. But *Flores* is clearly distinguishable from Plaintiffs' allegations now before this Court for three reasons. First, unlike here where the new damper serves only to mask the true defect, there was no dispute in *Flores* that the repair remediated the defect. *See id*. at 2 ("The free repairs are the same repairs that Plaintiffs are seeking herein."). Second, unlike *Hadley* and *Flores*, FCA's CSN V41 campaign here did not remedy the defect that was the subject of allegations or claims for damage. Third, FCA's CSN V41 was instituted after Plaintiff Reynolds first initiated this litigation, and CSN V41 is subject to an ongoing NHTSA safety investigation—both of which facts materially differ from those at issue in *Hadley* and *Flores*.

F.3d 806, 810 (6th Cir. 2015)). The self-serving Bibb Declaration fails to repudiate Plaintiffs' well-pled factual allegations that the Wobble Defect continued *after* the CSN V41 repair, and that Plaintiffs continue to experience the Wobble Defect. *See* ECF No. 22 at ¶¶ 30-33, 46-47, 58, 80, 100-102, 115-121, and 134-135. The Declaration simply states the number of vehicles that have returned to a FCA dealership and received a damper repair after the CSN V41 was implemented. Plaintiffs' uncontested allegations of experiencing the Wobble Defect after the CSN V41 repair alone require denial of FCA's Rule 12(b)(1) motion.

**B. FCA'S RULE 12(B)(6) ARGUMENTS HAVE LIKEWISE BEEN REPEATEDLY REJECTED SINCE THE CLOSE OF BRIEFING ON THE MOTIONS**

    **1.** <u>**EXPRESS WARRANTY**</u>**:**

        a. FCA's argument that its express warranty does not cover design defects has been rejected three times in this District over the last six months on the basis that such arguments are premature at the pleading stage. *See Gregorio v. Ford Motor Co.*, 2021 WL 778913 at *14-15 (E.D. Mich. Mar. 1, 2021) (holding dismissal of the express warranty at this stage premature and expressly reasoning that "just because Plaintiffs plead allegations involving a class of vehicles does not preclude the possibility of a manufacturing defect."); *Gant v. Ford Motor Co.*, No. 19-CV-12533, 2021 WL 364250, at *3 (E.D. Mich. Feb. 3, 2021) (rejecting the same argument asserted by FCA here, reasoning "[a]t this early stage of the case, without

8

the benefit of any factual development as to the cause and origin of the alleged defect, dismissal of the express warranty claims is not justified by a premature and uninformed classification of the alleged defect as being categorically in the realm of 'design' or 'manufacturing.'"); *Francis v. Gen. Motors, LLC*, No. 19-11044, 2020 WL 7042935, at *7 (E.D. Mich. Nov. 30, 2020) (finding that speculation about the precise origin of a defect is imprudent at the pleading stage and warranty limitations therefore do not supply good grounds for early dismissal). This is consistent with opinions from other automotive defect class actions in this District, as cited in Plaintiffs' response in opposition to the motion to dismiss. ECF No. 27, PageID.2787-91.

    b. FCA's argument that it did not breach its express warranty was very recently rejected in *Gregorio*, where, like here, the Complaint alleges the problem persisted after the repair provided under the vehicle warranty. *See Gregorio*, 2021 WL 778913 at *16-17; ECF No. 22, ¶ 203. Specifically, in *Gregorio*, Ford said it fixed the transmissions of plaintiffs' vehicles thereby fully complying with its repair or replace warranty. However, the defect persisted. *Id.* The Court reasoned that a repair or replace warranty fails where the seller is either unwilling or unable to repair the vehicle, so where the allegation is that the problem persisted, Ford's request to dismiss the express warranty claims were denied. *Id.* (citing *Miller v. GM*, 2018 WL 2740240 *6 (ED Mich. June 7, 2018)); *see also, In*

9

*re Gen. Motors Air Conditioning Mktg. & Sales Practices Litig.*, 406 F. Supp. 3d 618, 631 (E.D. Mich. 2019), reconsideration denied, No. 18-MD-02818, 2019 WL 5696697 (E.D. Mich. Nov. 4, 2019). FCA's argument that it did not breach its repair or replace warranty necessarily fails, because every Plaintiff provided FCA an opportunity to repair or replace under the warranty, and the Wobble Defect nevertheless persisted in each of Plaintiffs' Class Vehicles. *See* ECF No. 22, (Reynolds) ¶¶ 31-32; (Martirano) ¶ 47; (Laing) ¶58; (Pineda) ¶ 80; (Powers) ¶¶102-103; (Hancock) ¶¶118-120; (Schafer) ¶135; (Martinez) ¶20, 56.

2. **IMPLIED WARRANTY**

a. Merchantability: FCA argues that Plaintiffs' implied warranty claims should be dismissed because the Class Vehicles still operate and provide transportation, and are, therefore, merchantable. However, this very argument was also rejected in this District just last month. *See Chapman*, 2021 WL 1286612, at *8 (rejecting FCA's argument here and refusing to dismiss implied warranty claims as unmerchantable, holding that "allegations regarding engine stalls and catastrophic failure are serious enough to plausibly allege unmerchantability"); *Gregorio*, 2021 WL 778913 at *17 (holding that to be merchantable, a vehicle must provide transportation "in a reasonably safe and reliable manner.") (collecting cases). Here, the Complaint alleges the Wobble Defect presents a serious safety defect and precludes reasonably safe and reliable transportation for all Plaintiffs. *See, e.g.,* ECF

No. 22 (Complt.) ¶3, (and each plaintiff alleges it is not safe to operate); and NHTSA has a pending "safety" defect investigation concerning the wobble (*id.* at ¶¶172-179).

        b.     <u>Lack of Privity</u>: Count XX (North Carolina Implied Warranty): FCA's argument concerning lack of privity was recently rejected (and after the close of briefing in this case). *See Gregorio*, 2021 WL 778913 at \*19 (holding that in the auto-manufacturer context, the warranties provided by the manufacturer are clearly meant for the vehicle purchaser; and, therefore, the vehicle purchasers are intended third-party beneficiaries and excused from the privity requirement.).

        c.     <u>Lack of Pre-Suit Notice</u>: After the briefing was completed in this case, a court in this District ruled in *Francis v. Gen. Motors, LLC*, No. 19-11044, 2020 WL 7042935 (E.D. Mich. Nov. 30, 2020). As relevant here, the *Francis* court rejected the pre-suit notice arguments asserted by FCA concerning Minnesota and North Carolina, where, as here, Plaintiffs presented their vehicles for repair during the warranty period. *Id.* at \*11-12; *see also, Gregorio*, 2021 WL 778913 at \*13 (same under North Carolina law).

    **3.**    **<u>MMWA</u>:**    After the close of briefing in this case, an opinion issued in this District dismissing nationwide MMWA claims where no underlying state warranty claim was asserted. *See Flores v. FCA US LLC*, No. 20-10972, 2021 WL 1122216, at \*25 (E.D. Mich. Mar. 24, 2021). Plaintiffs do not contest the dismissal

11

of the Nationwide MMWA claims in this case; but still assert a MMWA claim in those states where a state warranty claim is asserted.

4. **CONSUMER PROTECTION CLAIMS:**

a. Rule 9(b): Paradoxically, despite the fact that FCA claims to have cured the Wobble Defect, FCA nonetheless argues that it lacks sufficient notice of the Defect under Rule 9(b). In any event, a court in this District very recently concluded that Rule 9(b) is satisfied where a complaint "alleges that a manufacturer knew of a defect before sale, the various venues the manufacturer used to sell the product failed to disclose the defect, and that the plaintiffs would not have purchased the product or would have paid less for it had they know of the defect." *Gregorio*, 2021 WL 778913 at *5 (citations omitted); *see also, Gant*, 2021 WL 364250 at *10 (finding allegations of "a variety of issues related to faulty transmissions, such as sudden and unexpected shaking, delayed accelerations, and hard decelerations" sufficient); *Francis*, 2020 WL 7042935 at *15 (Rule 9(b) satisfied where the complaint pleads the "mechanical details of the alleged defect, explaining how Defendant's transmission system functions and why Plaintiffs believe the transmission systems in their vehicles are faulty."); *Chapman*, 2021 WL 1286612, at *15 ("They have made sufficient "who, what, when, where, how" allegations under Fed. R. Civ. P. 9(b) for an omissions-based claim at this stage, and the Court declines to dismiss any claims for not meeting the Rule 9(b) pleading standard.").

Here, every Plaintiff provided all of these allegations—and more—and therefore satisfy Rule 9(b).

      b.    <u>Pre-Suit Knowledge</u>: In March 2021, a court in this District concluded that just 300 complaints provided by Ford to NHTSA clearly established notice of a possible defect. *See Gregorio*, 2021 WL 778913 at *5. Here, as of March 8, 2019, in the first year of the Class Vehicles being offered for sale, FCA identified 3,566 distinct steering complaints, and while only 608 of these were received by ODI, FCA admitted it had received an additional 3,255 separate complaints, which FCA provided to NHTSA. ECF No. 22 (Complt.), ¶ 174.

      c.    <u>No Class Actions</u>: After the briefing in this matter closed, a court in this District rejected FCA's arguments that the Georgia and Tennessee statutes bar class actions. *See Francis*, 2020 WL 7042935 at *19.

**C.**    ***SMITH V. GENERAL MOTORS* IS INAPPOSITE**

FCA incorrectly relies on *Smith v. Gen. Motors LLC*, 988 F.3d 873 (6th Cir. 2021), which affirmed dismissal based on a heightened pleading standard due to the doctrine of invited error—a doctrine that has no bearing in this case. *See id*. at 879 ("Because Plaintiffs (and Defendants) asked the district court to apply *Mross [v. Gen. Motors Co., LLC,* No. 15-C-0435, 2016 WL 4497300 (E.D. Wis. Aug. 25, 2016)], the doctrine of invited error prevents Plaintiffs from now complaining that the district court did so."). This heightened pleading standard which FCA now

13

advocates for was not adopted by the Sixth Circuit and was only applied by the Sixth Circuit in *Smith* due to the doctrine of invited error. *See Smith*, 988 F.3d at 887 (J. Stranch, concurring) ("Still, no matter what the parties urged the district court to do, I struggle with imposing *Mross's* unduly heightened pleading requirements on Plaintiffs. Notably, the only case that has since cited *Mross* is the district court's opinion here. The Seventh Circuit (the court to which the *Mross* plaintiffs could have appealed) has not clearly adopted *Mross's* rule. Nor have we, either before this case or as a result of it.")  FCA's baseless request that this Court impose a plainly inapplicable standard is rooted in an overt mischaracterization of the allegations of Plaintiffs' Complaint, which detail the NHTSA safety defect investigation, nearly 4,000 complaints of the Wobble Defect (over 3,200 directly to FCA) by March 2019 during the first year of sales, and FCA's effort to cover up the Wobble Defect with CSN V41.  Plaintiffs' extensive knowledge allegations satisfy the governing standard for Rule 12(b)(6).  *See Gregorio*, 2021 WL 778913 at *5.

Dated: April 16, 2021                    Respectfully submitted,

                                                            */s/ E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
William Kalas (P82113)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200
Fax: (248) 652-2852

14

epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com
wk@millerlawpc.com

Simon B. Paris
Patrick Howard
Charles J. Kocher
**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA  19103
Tel: 215-496-8282
Fax: 215-496-0999

Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
**SAUDER SCHELKOPF**
555 Lancaster Avenue
Berwyn, PA 19312
Tel: (888) 711-9975
Fax: (610) 421-1326
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

Daniel E. Gustafson
David A. Goodwin
Raina C. Borrelli
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 S. Sixth St., Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
rborrelli@gustafsongluek.com

15

Christopher D. Moon
Kevin O. Moon
**MOON LAW APC**
600 W. Broadway, Suite 700
San Diego, CA 92101
Tel: (619) 915-9432
Fax: (650) 618-0478
chris@moonlawapc.com
kevin@moonlawapc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on April 16, 2021, a copy of this Notice of Supplemental Authority was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Michigan, using the CM/ECF system, which will send a Notice of Electronic filing to all parties of record.

Dated: April 16, 2021                     Respectfully submitted,

/s/ E. Powell Miller
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com