# EXHIBIT 3

2021 WL 807870
Only the Westlaw citation is currently available.
United States District Court, E.D. Michigan, Southern Division.

OUTDOOR ONE COMMUNICATIONS, LLC., Plaintiff,
v.
CHARTER TOWNSHIP OF CANTON, Defendant.

Case No. 20-10934
|
Signed 03/03/2021

**Attorneys and Law Firms**

Donald Richard Sheff, II, Novi, MI, for Plaintiff.

Kristin B. Kolb, Charter Township of Canton, Canton, MI, Matthew J. Zalewski, Rosati Schultz Joppich & Amtsbuechler, PC, Farmington Hills, MI, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS [ECF No. 8]

Victoria A. Roberts, United States District Judge

 *1 Outdoor One Communications LLC ("OOC") sues Charter Township of Canton ("Canton"). It alleges that Canton unconstitutionally denied its application to erect a billboard on its property.

Canton filed a Motion to Dismiss and/or for Judgment on the Pleadings [ECF No. 8]. It asks the Court to dismiss OOC's complaint [ECF No. 1] pursuant to Rules 12(c), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure.

In response, OOC argues: (1) a 12(c) motion may not be filed until pleadings close; (2) Canton's 12(b)(1) challenge is a merits challenge not a factual attack; and (3) OOC's motion is sufficiently pled, plausibly entitling it to relief.

The Court agrees with OOC and **DENIES** Canton's motion to dismiss [ECF No. 8].

**A. Canton's Motion for Judgment on the Pleadings**
Canton's motion for judgment on the pleadings based on lack of jurisdiction is premature.

If filed at all, a Rule 12(c) motion must be filed "after the pleadings are closed." Fed. R. Civ. P. 12(c). "Pleadings are closed after the filing of the complaints, answers, and any replies ordered by the court." Forest Creek Townhomes, LLC v. Carroll Prop. Mgmt., LLC, 695 F. App'x 908, 913 (6th Cir. 2017) (citing 5C Wright & Miller, Fed. Prac. & Proc. § 1367).

Canton has yet to answer OOC's complaint. Pleadings are not closed, and Canton's 12(c) motion is premature.

**B. Dismissal under Rule 12(b)(1)**
A court cannot sustain a Rule 12(b)(1) factual attack on a complaint where the challenge to jurisdiction implicates the merits of plaintiff's complaint. *See Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

The Sixth Circuit in *Gentek* held that if "an attack on subject matter jurisdiction also implicates an element of the cause of action the district court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's claim." 491 F.3d 320, 330 (6th Cir. 2007).

Canton argues that OOC does not have standing to challenge Canton's Sign Ordinance, which is described in Canton Charter Township Code, Appendix A, Article 6A.00 (the "Sign Ordinance"). Under traditional requirements of standing, plaintiff must establish – among other things – an injury in fact, meaning an invasion of a legally protected interest. *Brandywine, Inc. v. City of Richmond*, 359 F.3d 830, 835 (6th Cir. 2004). Canton says OOC has no injury that is redressable because the size regulations contained in § 6A.24 of the Sign Ordinance and on which it relied to deny OOC's application, are "content-neutral" and permissible under the First Amendment.

OOC disagrees. It says the Sign Ordinance defines a billboard as a sign which displays content "not related to the premise." This definition, OOC says, incorporates an on-premise/off-premise distinction which unconstitutionally regulates categories of speech based on content.

Whether § 6A.24's size restrictions are content neutral or content-based implicates the merits of OOC's First Amendment claim. Under these circumstances, Sixth Circuit

precedent instructs the Court to assume jurisdiction. Dismissal under 12(b)(1) is improper.

### C. Dismissal under Rule 12(b)(6)

**\*2** To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Plaintiff alleges sufficient facts to plausibly establish standing and to substantiate its challenges to the various provisions of Canton's Sign Ordinance. OOC alleged it was injured by Canton's enforcement of its Sign Ordinance and its denial of OOC's sign application. OOC says its claims are redressable if the Court concludes that the ordinance unconstitutionally makes content-based distinctions, that the size requirements are not severable and the Court invalidates the Sign Ordinance in its entirety.

Tellingly, in its 12(b)(6) motion, Canton improperly relies almost exclusively on cases decided at summary judgment, which requires a higher standard. At this stage of litigation, OOC need only plead plausible facts supporting an inference that Canton is liable. It does so.

The Court **DENIES** Canton's motion to dismiss.

**IT IS ORDERED**.

**All Citations**

Slip Copy, 2021 WL 807870

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.