## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CLAIR REYNOLDS, *et al.*,

            Plaintiffs,

v.

FCA US LLC,

            Defendant.

_____/

Case No. 2:19-cv-11745-AJT-EAS

Senior District Judge Arthur J. Tarnow

Magistrate Judge Elizabeth A. Stafford

## DEFENDANT FCA US LLC'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF
## MELINDA MARTINEZ'S CLASS ACTION COMPLAINT

Defendant FCA US LLC ("FCA US"), for its Answer and Affirmative Defenses to Plaintiff Melinda Martinez's Class Action Complaint ("Complaint"), states as follows:

## **INTRODUCTION**

1.  FCA US admits that Plaintiff purports to bring this case as a putative class action. FCA US admits that it designs, manufactures, markets and warrants certain Jeep Wrangler and Jeep Gladiator vehicles. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 1 of the Complaint and denies that any class can be properly certified.

2.  FCA US denies the allegations contained in Paragraph 2 of the Complaint.

3.     FCA US denies the allegations contained in Paragraph 3 of the Complaint.

4.     FCA US denies the allegations contained in Paragraph 4 of the Complaint.

5.     FCA US states that Customer Satisfaction Notification V41 speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 5 of the Complaint.

6.     FCA US states that CSN V41 speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 6 of the Complaint.

7.     FCA US states that CSN V41 speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 7 of the Complaint.

8.     FCA US denies the allegations contained in Paragraph 8 of the Complaint.

9.     FCA US is without sufficient information to admit or deny whether Plaintiff's vehicle has suffered issues after undergoing the repair set forth in CSN V41 and therefore denies it.  Except as expressly admitted, FCA US denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.    FCA US denies the allegations contained in Paragraph 10 of the Complaint.

11.     FCA US denies the allegations contained in Paragraph 11 of the Complaint.

12.     FCA US denies the allegations contained in Paragraph 12 of the Complaint.

13.     FCA US admits that Plaintiff has alleged that she is seeking damages, injunctive and declaratory relief.  FCA US denies that Plaintiff is entitled to any of the relief sought in this case.  Except as expressly admitted, FCA US denies the allegations in Paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14.     FCA US denies the allegations contained in Paragraph 14 of the Complaint.

15.     FCA US admits that venue is proper in this District.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 15 of the Complaint.

## THE PARTIES

### Plaintiff Melinda Martinez

16.     FCA US is without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint and therefore denies them.

17.     FCA US admits that its records indicate that an individual named Melinda Martinez purchased a model year 2018 Jeep Wrangler.  FCA US is without

sufficient information to admit or deny the remaining allegations contained in Paragraph 17 of the Complaint and therefore denies them.

18.     FCA US is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint and therefore denies them.

19.     FCA US is without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint and therefore denies them.

20.     FCA US is without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint and therefore denies them.

21.     FCA US is without sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint and therefore denies them.

22.     FCA US is without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint and therefore denies them.

23.     FCA US is without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore denies them.

24.     FCA US denies the allegations contained in Paragraph 24 of the Complaint.

25.     FCA US denies the allegations contained in Paragraph 25 of the Complaint.

### Defendant – FCA US LLC

26.    FCA US admits that it is a limited liability company organized and existing under the State of Delaware with its principal place of business located at 1000 Chrysler Drive, Auburn Hills, Michigan 48326.  FCA US admits that the alleged class vehicles are sold to authorized independent dealerships.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 26 of the Complaint.

27.    FCA US admits that it designs, manufactures, and sells vehicles to independent authorized dealerships.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 27 of the Complaint.

### FACTUAL ALLEGATIONS

### The Alleged Death Wobble

28.    FCA US admits that it designs, manufactures, and sells vehicles to independent authorized dealerships, including Dodge, Jeep, Chrysler, Ram, Fiat and Maserati brand motor vehicles.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 28 of the Complaint.

29.    FCA US denies the allegations contained in Paragraph 29 of the Complaint.

30.    FCA US denies the allegations contained in Paragraph 30 of the Complaint.

31.    FCA US denies the allegations contained in Paragraph 31 of the Complaint.

32.    FCA US states that the referenced October 31, 2019 report speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 32 of the Complaint.

## FCA US Alleged Knowledge

### 2012 Reporting on Alleged Death Wobble

33.    FCA US denies the allegations contained in Paragraph 33 of the Complaint.

34.    FCA US states that the 2012 ABC7 news report speaks for itself. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 34 of the Complaint.

35.    FCA US states that the 2012 ABC7 news report speaks for itself. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 35 of the Complaint.

36.    FCA US denies the allegations contained in Paragraph 36 of the Complaint.

37.    FCA US is without sufficient information to admit or deny the allegations contained in Paragraph 37 of the Complaint and therefore denies them.

38.    FCA US states that the referenced statement speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 38 of the Complaint.

39.    FCA US states that the referenced July 2012 letter speaks for itself. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 39 of the Complaint.

40.    FCA US states that the referenced July 2012 letter speaks for itself. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 40 of the Complaint.

41.    FCA US states that the referenced technical service bulletin speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 41 of the Complaint.

42.    FCA US states that the referenced Detroit Free Press report speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 42 of the Complaint.

43.    FCA US states that the referenced Detroit Free Press report speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 43 of the Complaint.

44.    FCA US states that the referenced Detroit Free Press report speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 44 of the Complaint.

45.    FCA US states that the referenced Detroit Free Press report speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 45 of the Complaint.

**Alleged Reports to NHTSA and FCA US Technical Service Bulletins**

46.    FCA US states that the 2018 NHTSA statement speaks for itself. Except as expressly admitted, FCA US denies the remaining allegations contained in Paragraph 46 of the Complaint.

47.    FCA US states that the referenced October 28, 2010 Technical Service Bulletin speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 47 of the Complaint.

48.    FCA US states that the referenced April 2011 statement on www.wranglerforum.com speaks for itself.  Except as expressly admitted, FCA US denies the allegations in Paragraph 48 of the Complaint.

49.    FCA US states that the referenced post speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 49 of the Complaint.

50.     FCA US states that the statements in the NHTSA online database speak for themselves.   Except as expressly admitted, FCA US denies the allegations contained in Paragraph 50 of the Complaint.

51.     FCA US admits that the petition to NHTSA speaks for itself.   Except as expressly admitted, FCA US denies the allegations contained in Paragraph 51 of the Complaint.

52.     FCA US states that the March 8, 2019 letter speaks for itself.   Except as expressly admitted, FCA US denies the allegations contained in Paragraph 52 of the Complaint.

53.     FCA US states that its response to the ODI speaks for itself.   Except as expressly admitted, FCA US denies the allegations contained in Paragraph 53 of the Complaint.

54.     FCA US admits the existence of CSN V41 and that it notified the independent authorized dealers of its existence.   Except as expressly admitted, FCA US denies the allegations contained in Paragraph 54 of the Complaint.

55.     FCA US states that the CSN V41 speaks for itself.   Except as expressly admitted, FCA US denies the allegations contained in Paragraph 55 of the Complaint.

56.     FCA US admits that it mailed notices to owners of 2018-2019 Jeep Vehicles which notices speak for themselves.   FCA US states that CSN V41 speaks

for itself. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 56 of the Complaint.

57.    FCA US states that the referenced NHTSA statement speaks for itself. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 57 of the Complaint.

58.    FCA US states that the referenced ODI statement speaks for itself. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 58 of the Complaint.

59.    FCA US states that the referenced Detroit Free Press interview speaks for itself. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 59 of the Complaint.

60.    FCA US states that the referenced Detroit Free Press interview speaks for itself. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 60 of the Complaint.

61.    FCA US states that the referenced Detroit Free Press interview speaks for itself. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 61 of the Complaint.

62.    FCA US states that the referenced Detroit Free Press interview speaks for itself. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 62 of the Complaint.

63.     FCA US states that Service Bulletin No. 19-002-19 speaks for itself. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 63 of the Complaint.

64.     FCA US denies the allegations contained in Paragraph 64 of the Complaint.

65.     FCA US denies the allegations contained in Paragraph 65 of the Complaint.

66.     FCA US admits that it designs and manufactures vehicles and that it conducts testing of its vehicles.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 66 of the Complaint.

67.     FCA US admits that it performs testing of its vehicles.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 67 of the Complaint.

68.     FCA US states that the referenced analyses speak for themselves. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 68 of the Complaint.

69.     FCA US states that the referenced testing speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 69 of the Complaint.

70.     FCA US states that the bench testing speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 70 of the Complaint.

71.     FCA US admits that the durability road testing system is sometimes referred to as DUMBO which stands for Durability Monitoring Box and Off-Board. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 71 of the Complaint.

72.     FCA US states that the DUMBO testing speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 72 of the Complaint.

73.     FCA US denies the allegations contained in Paragraph 73 of the Complaint.

**FCA US Alleged Disclosure and Warning**

74.     FCA US denies the allegations contained in Paragraph 74 of the Complaint.

75.     FCA US states that the 2018 Jeep Wrangler owner's manual speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 75 of the Complaint.

76.     FCA US denies the allegations contained in Paragraph 76 of the Complaint.

**Alleged FCA US Marketing and Advertising**

77.    FCA US states that the referenced statements speak for themselves. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 77 of the Complaint.

78.    FCA US states that the referenced statements on the website speak for themselves.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 78 of the Complaint.

79.    FCA US states that the referenced webpage speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 79 of the Complaint.

**Alleged Warranties**

80.    FCA US states that the referenced warranties and their terms speak for themselves.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 80 of the Complaint.

81.    FCA US admits that customers may bring their vehicles to an authorized independent dealership for repairs.   Except as expressly admitted, FCA US denies the allegations contained in Paragraph 81 of the Complaint.

82.    FCA US denies the allegations contained in Paragraph 82 of the Complaint.

## **CLASS ALLEGATIONS**

83.    FCA US admits that Plaintiff purports to bring this action on behalf of herself, a class of individuals, and a California subclass.  FCA US denies that any class can or should be certified.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 83 of the Complaint.

84.    FCA US admits that Plaintiff excludes certain individuals from her definitions of the classes.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 84 of the Complaint.

85.    FCA US denies the allegations contained in Paragraph 85 of the Complaint.

86.    FCA US denies the allegations contained in Paragraph 86 of the Complaint.

87.    FCA US denies the allegations contained in Paragraph 87 of the Complaint.

88.    FCA US denies the allegations contained in Paragraph 88 of the Complaint including its subparts.

89.    FCA US denies the allegations contained in Paragraph 89 of the Complaint.

90.    FCA US denies the allegations contained in Paragraph 90 of the Complaint.

91.    FCA US denies the allegations contained in Paragraph 91 of the Complaint.

92.    FCA US denies the allegations contained in Paragraph 92 of the Complaint.

## FIRST CAUSE OF ACTION
## MAGNUSON-MOSS WARRANTY ACT

93.    FCA US states that the Court has dismissed Plaintiffs' nationwide Magnuson-Moss Warranty Act ("MMWA") Claim, and any MMWA claim for which a named Plaintiff does not assert a valid state-law warranty claim.  Thus no response to those claims is required.  FCA US incorporates by reference its foregoing responses to the allegations contained in the preceding paragraphs of the Complaint.

94.    FCA US states that the Court has dismissed Plaintiffs' nationwide Magnuson-Moss Warranty Act ("MMWA") Claim, and any MMWA claim for which a named Plaintiff does not assert a valid state-law warranty claim.  Thus no response to those claims is required.  FCA US admits that Plaintiff purports to bring this action on her own behalf and on behalf of a California subclass.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 94 of the Complaint and denies that a subclass can and should be certified.

95.    FCA US states that the Court has dismissed Plaintiffs' nationwide Magnuson-Moss Warranty Act ("MMWA") Claim, and any MMWA claim for which a named Plaintiff does not assert a valid state-law warranty claim.  Thus no

response to those claims is required.  FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 95 of the Complaint.

96.    FCA US states that the Court has dismissed Plaintiffs' nationwide Magnuson-Moss Warranty Act ("MMWA") Claim, and any MMWA claim for which a named Plaintiff does not assert a valid state-law warranty claim.  Thus no response to those claims is required.  FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 96 of the Complaint.

97.    FCA US states that the Court has dismissed Plaintiffs' nationwide Magnuson-Moss Warranty Act ("MMWA") Claim, and any MMWA claim for which a named Plaintiff does not assert a valid state-law warranty claim.  Thus no response to those claims is required.  FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 97 of the Complaint.

98.    FCA US states that the Court has dismissed Plaintiffs' nationwide Magnuson-Moss Warranty Act ("MMWA") Claim, and any MMWA claim for which a named Plaintiff does not assert a valid state-law warranty claim.  Thus no response to those claims is required.  FCA US states that the referenced statute

speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 98 of the Complaint.

99.    FCA US states that the Court has dismissed Plaintiffs' nationwide Magnuson-Moss Warranty Act ("MMWA") Claim, and any MMWA claim for which a named Plaintiff does not assert a valid state-law warranty claim.  Thus no response to those claims is required.  FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 99 of the Complaint.

100.    FCA US states that the Court has dismissed Plaintiffs' nationwide Magnuson-Moss Warranty Act ("MMWA") Claim, and any MMWA claim for which a named Plaintiff does not assert a valid state-law warranty claim.  Thus no response to those claims is required.  FCA US denies the allegations contained in Paragraph 100 of the Complaint.

101.    FCA US states that the Court has dismissed Plaintiffs' nationwide Magnuson-Moss Warranty Act ("MMWA") Claim, and any MMWA claim for which a named Plaintiff does not assert a valid state-law warranty claim.  Thus no response to those claims is required.  FCA US denies the allegations contained in Paragraph 101 of the Complaint.

102.    FCA US states that the Court has dismissed Plaintiffs' nationwide Magnuson-Moss Warranty Act ("MMWA") Claim, and any MMWA claim for

which a named Plaintiff does not assert a valid state-law warranty claim.  Thus no response to those claims is required.  FCA US denies the allegations contained in Paragraph 102 of the Complaint.

103.   FCA US states that the Court has dismissed Plaintiffs' nationwide Magnuson-Moss Warranty Act ("MMWA") Claim, and any MMWA claim for which a named Plaintiff does not assert a valid state-law warranty claim.  Thus no response to those claims is required.  FCA US admits that Plaintiff purports to seek an award of costs and expenses, including attorney fees and witness costs.  FCA US denies the allegations contained in Paragraph 103 of the Complaint.

**SECOND CAUSE OF ACTION**
**ALLEGED VIOLATION OF CALIFORNIA'S**
**CONSUMERS LEGAL REMEDIES ACT**

104.   FCA US incorporates by reference its foregoing responses to the allegations contained in the preceding paragraphs of the Complaint.

105.   FCA US admits that Plaintiff purports to bring this cause of action on her own behalf and on behalf of members of a California subclass.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 105 of the Complaint and denies that a subclass can or should be certified.

106.   FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 106 of the Complaint.

107.   FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 107 of the Complaint.

108.   FCA US denies the allegations contained in Paragraph 108 of the Complaint.

109.   FCA US denies the allegations contained in Paragraph 109 of the Complaint.

110.   FCA US denies the allegations contained in Paragraph 110 of the Complaint.

111.   FCA US denies the allegations contained in Paragraph 111 of the Complaint.

112.   FCA US denies the allegations contained in Paragraph 112 of the Complaint, including its subparts.

113.   FCA US denies the allegations contained in Paragraph 113 of the Complaint.

114.   FCA US denies the allegations contained in Paragraph 114 of the Complaint.

115.   FCA US is without sufficient information to admit or deny the allegations contained in Paragraph 115 of the Complaint and therefore denies them.

116.   FCA US denies the allegations contained in Paragraph 116 of the Complaint.

117.   FCA US denies the allegations contained in Paragraph 117 of the Complaint.

118.   FCA US denies the allegations contained in Paragraph 118 of the Complaint.

**THIRD CAUSE OF ACTION**
**ALLEGED BREACH OF EXPRESS WARRANTY**

119.   FCA US incorporates by reference its foregoing responses to the allegations contained in the preceding paragraphs of the Complaint.

120.   FCA US admits that Plaintiff purports to bring this cause of action on her own behalf and on behalf of members of a California subclass.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 120 of the Complaint and denies that a subclass can or should be certified.

121.   FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 121 of the Complaint.

122.   FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 122 of the Complaint.

123.   FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 123 of the Complaint.

124.   FCA US admits that it provides certain warranties on certain of its vehicles.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 124 of the Complaint.

125.   FCA US states that the referenced warranty speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 125 of the Complaint.

126.   FCA US denies the allegations contained in Paragraph 126 of the Complaint.

127.   FCA US denies the allegations contained in Paragraph 127 of the Complaint.

128.   FCA US denies the allegations contained in Paragraph 128 of the Complaint.

129.   FCA US denies the allegations contained in Paragraph 129 of the Complaint.

130.   FCA US denies the allegations contained in Paragraph 130 of the Complaint.

131.   FCA US denies the allegations contained in Paragraph 131 of the Complaint.

132.   FCA US denies the allegations contained in Paragraph 132 of the Complaint.

133.   FCA US denies the allegations contained in Paragraph 133 of the Complaint.

134.   FCA US denies the allegations contained in Paragraph 134 of the Complaint.

135.   FCA US denies the allegations contained in Paragraph 135 of the Complaint.

## FOURTH CAUSE OF ACTION
## <u>ALLEGED BREAD OF THE IMPLIED WARRANTY</u>

136.   FCA US incorporates by reference its foregoing responses to the allegations contained in the preceding paragraphs of the Complaint.

137.   FCA US admits that Plaintiff purports to bring this cause of action on her own behalf and on behalf of members of a California subclass.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 137 of the Complaint and denies that a subclass can or should be certified.

138.   FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 138 of the Complaint.

139.   FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 139 of the Complaint.

140.   FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 140 of the Complaint.

141.   FCA US states that the referenced statute speaks for itself.  Except as expressly admitted, FCA US denies the allegations contained in Paragraph 141 of the Complaint.

142.   FCA US admits that it sells vehicles to independent authorized dealers. Except as expressly admitted, FCA US denies the allegations contained in Paragraph 142 of the Complaint.

143.   FCA US denies the allegations contained in Paragraph 143 of the Complaint.

144.   FCA US denies the allegations contained in Paragraph 144 of the Complaint.

145.   FCA US denies the allegations contained in Paragraph 145 of the Complaint.

146.   FCA US denies the allegations contained in Paragraph 146 of the Complaint.

## FIFTH CAUSE OF ACTION
## ALLEGED BREACH OF IMPLIED
## <u>WARRANTY OF MERCHANTABILITY</u>

147.   FCA US incorporates by reference its foregoing responses to the allegations contained in the preceding paragraphs of the Complaint.

148.   FCA US admits that Plaintiff purports to bring this cause of action on her own behalf and on behalf of members of a California subclass.   Except as expressly admitted, FCA US denies the allegations contained in Paragraph 148 of the Complaint and denies that a subclass can or should be certified.

149.   FCA US states that the referenced statute speaks for itself.   Except as expressly admitted, FCA US denies the allegations contained in Paragraph 149 of the Complaint.

150.   FCA US states that the referenced statute speaks for itself.   Except as expressly admitted, FCA US denies the allegations contained in Paragraph 150 of the Complaint.

151.   FCA US denies the allegations contained in Paragraph 151 of the Complaint.

152.   FCA US denies the allegations contained in Paragraph 152 of the Complaint.

153.   FCA US denies the allegations contained in Paragraph 153 of the Complaint.

154.   FCA US denies the allegations contained in Paragraph 154 of the Complaint.

## SIXTH CAUSE OF ACTION
## ALLEGED VIOLATION OF CALIFORNIA
## BUSINESS AND PROFESSIONS CODE

155.   FCA US incorporates by reference its foregoing responses to the allegations contained in the preceding paragraphs of the Complaint.

156.   FCA US admits that Plaintiff purports to bring this cause of action on her own behalf and on behalf of members of a California subclass.   Except as expressly admitted, FCA US denies the allegations contained in Paragraph 156 of the Complaint and denies that a subclass can or should be certified.

157.   FCA US denies the allegations contained in Paragraph 157 of the Complaint.

158.   FCA US states that the referenced statute speaks for itself.   Except as expressly admitted, FCA US denies the allegations contained in Paragraph 158 of the Complaint.

159.   FCA US is without sufficient information to admit or deny the allegations contained in Paragraph 159 of the Complaint and denies them.

160.   FCA US denies the allegations contained in Paragraph 160 of the Complaint.

161.  FCA US denies the allegations contained in Paragraph 161 of the Complaint.

162.  FCA US denies the allegations contained in Paragraph 162 of the Complaint, including its subparts.

163.  FCA US denies the allegations contained in Paragraph 163 of the Complaint.

164.  FCA US denies the allegations contained in Paragraph 164 of the Complaint.

165.  FCA US denies the allegations contained in Paragraph 165 of the Complaint.

166.  FCA US denies the allegations contained in Paragraph 166 of the Complaint, including its subparts.

167.  FCA US denies the allegations contained in Paragraph 167 of the Complaint.

168.  FCA US denies the allegations contained in Paragraph 168 of the Complaint.

169.  FCA US denies the allegations contained in Paragraph 169 of the Complaint.

170.  FCA US denies the allegations contained in Paragraph 170 of the Complaint.

## PRAYER FOR RELIEF

FCA US denies that Plaintiff is entitled to any of the relief or damages she seeks.

## JURY DEMAND

FCA US states that Plaintiff has demanded trial by jury.  FCA US likewise demands a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted for the reasons set forth in FCA US's motion to dismiss, which is incorporated herein by reference.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff and the putative class members lack standing because they have suffered no injury-in-fact traceable to any alleged wrongful conduct of FCA US.

### THIRD AFFIRMATIVE DEFENSE

The alleged non-conformities do not substantially impair the use, value, or safety of the vehicle.  Upon information and belief, Plaintiff and the putative class members have not stopped using their vehicles, have driven their vehicles for years and for tens of thousands of miles without incident, and continue to drive their vehicles.

## FOURTH AFFIRMATIVE DEFENSE

Defendant FCA US is entitled to a set off for Plaintiff's and putative class members' use of their vehicles, depreciation, and any amounts received from others.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff and/or certain members of the putative class have misused, abused, altered, or spoliated their vehicles.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff and/or certain putative class members failed to mitigate their damages by failing to present their vehicles in a timely fashion to an authorized dealer for repair of the purported defect.

## SEVENTH AFFIRMATIVE DEFENSE

The claims pleaded are barred due to a lack of privity and/or the lack of any relationship between FCA US and Plaintiff and/or putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff and/or certain persons alleged to be members of the purported class have suffered any injury or damage, the acts or omissions of individuals or entities other than FCA US constituted intervening, superseding acts destroying causation. Upon information and belief, certain third-party dealerships, independent repair shops, or other entities may have performed negligent, incomplete, or otherwise improper repairs of vehicles owned by Plaintiff and/or

putative class members.  The actions of individuals or entities other than FCA US

constitute intervening, superseding acts that destroy causation.

## NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or certain putative class members are barred, in

whole or in part, by the doctrines of contributory negligence and/or comparative

fault.  Upon information and belief, Plaintiff and/or certain putative class members

have misused, abused, altered, and/or substantially modified their vehicles; have

used their vehicles in ways not contemplated by the vehicle manufacturer; have used

their vehicles in ways that are contrary to the terms of the vehicles' express

warranties; have substantially altered or modified the vehicles in a manner

inconsistent with original specifications and recommendations; and/or have failed

to care for, maintain, and service their vehicles in conformance with the

recommendations and requirements of the owner's manual and/or warranty booklet.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members' claims are barred by the failure

to experience a manifestation of any defect within the warranty period.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent any purported defect exists in the vehicles at issue, Plaintiff

and/or certain putative class members purchased their vehicles with full knowledge

of such defect.

- 29 -

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or certain putative class members are barred, in whole or in part, because they spoliated evidence.  Upon information and belief, Plaintiff and/or certain putative class members have lost, destroyed, covered over, misplaced, altered, modified, failed to preserve or otherwise made it impossible for FCA US to gain access to relevant and material evidence.  This includes Plaintiff's and/or putative class members' vehicles in their purported defective condition; parts, components, or equipment of the vehicles owned by Plaintiff and/or the putative class members in their purported defective condition; and documentation regarding the purported defect and repairs and attempted repairs of such purported defects.

## THIRTEENTH AFFIRMATIVE DEFENSE

The vehicles sold to Plaintiff and/or putative class members met the state of the art for such designs at the relevant time.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or certain putative class members may be barred, in whole or in part, because they have made statements or taken actions that estop or preclude them from asserting their claims or constitute waiver of their claims. Upon information and belief, Plaintiff and/or putative class members continued to drive their vehicles after they became aware (or should have become aware) of the purported defects.  Upon information and belief, certain putative class members also

declined or failed to receive recommended repairs for the purported defects in their vehicles.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or certain putative class members may be barred, in whole or in part, because of the res judicata or collateral estoppel effect of prior judgments.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint may not be properly maintained or certified as a class action because Defendant FCA US's rights under the Fifth, Seventh, and Fourteenth Amendments of the United States Constitution would be violated, as well as the comparable provisions of applicable state constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or certain persons alleged to be members of the purported class are barred, in whole or in part, by the doctrine of accord and satisfaction. Upon information and belief, Plaintiff and/or putative class members have received a cost-free repair of the alleged defect, were offered to be reimbursed and/or were reimbursed for repairs of the allege defect, or otherwise voluntarily and knowingly resolved any claim that they may have had against FCA US.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or certain persons alleged to be members of the purported class are barred, in whole or in part, by the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint is construed as seeking punitive damages, the claim is barred and/or limited by the Due Process Clause of the United States Constitution, the excessive fines clause of the Eighth Amendment, the Commerce Clause, and by applicable state law.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or putative class members are barred by the applicable statute of limitations and/or conditions precedent.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims at issue are exempt from applicable consumer fraud statutes per applicable provisions, such as the exemption in the Michigan Consumer Protection Act set forth in MCL 445.904(1)(a).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The National Highway Traffic Safety Administration has primary jurisdiction over motor vehicle safety defects, and this this case should be dismissed or stayed until such time as it has investigated the alleged existence of a safety defect in the vehicles that are subject of Plaintiff's claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred by principles of preemption.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or some putative class members are barred due to their failure to give pre-suit notice as required by consumer fraud and warranty statutes in the various states.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to prosecute claims on behalf of putative class members who purchased or leased vehicle models or model-years that Plaintiff did not purchase or lease.  Plaintiff also lacks standing to prosecute claims under the laws of any state other than where she resides and/or where she purchased her vehicle.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

FCA US has insufficient knowledge and information upon which to determine whether additional affirmative defenses may be available which have not yet been asserted in this Answer and, therefore, reserves the right to assert additional affirmative defenses based on subsequent discovery, investigation and analysis.

**WHEREFORE**, having fully answered, Defendant FCA US LLC respectfully requests that the Court dismiss the Complaint with prejudice, enter judgment in its favor with an award of costs, and grant it such other and further relief as may be just and appropriate.

## JURY TRIAL DEMAND

FCA US hereby demands a trial by jury.

Dated:  July 14, 2021                            Respectfully submitted,

                                  **THOMPSON & COBURN LLP**

                            By: /s/ *Thomas L. Azar, Jr.*
                                  Kathy A. Wisniewski (MO/38716)
                                  Stephen A. D'Aunoy (MO/54961)
                                  Thomas L. Azar, Jr. (MO/56634)
                                  One US Bank Plaza
                                  St. Louis, Missouri  63101
                                  (314) 552-6000
                                  kwisniewski@thompsoncoburn.com
                                  sdaunoy@thompsoncoburn.com
                                  tazar@thompsoncoburn.com

                                  **BUSH SEYFERTH PLLC**
                                  Patrick G. Seyferth (P47575)
                                  100 W. Big Beaver Rd., Suite 400
                                  Troy, Michigan  48084
                                  (248) 822-7800
                                  seyferth@bsplaw.com

                                  *Counsel for Defendant FCA US LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2021, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

<u>*/s/ Thomas L. Azar, Jr.*</u>