## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CLAIR REYNOLDS, *et al.*,

      Plaintiffs,

      v.

FCA US LLC,

      Defendant.

Case No. 2:19-cv-11745

District Judge Mark A. Goldsmith

Magistrate Judge Elizabeth A. Stafford

## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Clair Reynolds, Monica Martirano, William Martin Powers, Trina Hancock, Melinda Martinez, and Brady Laing (collectively, "Plaintiffs" or "Class Representatives"), by and through their attorneys, respectfully move the Court for an Order:

1.      Granting preliminary approval of the proposed class action Settlement;

2.      Preliminarily certifying, for settlement purposes only, and pursuant to the terms of the Settlement Agreement, the proposed Settlement Class for the purposes of providing notice to the Members of the proposed Settlement Class, approving the form and content of, and directing the distribution of the proposed Class Notice, attached to the Settlement Agreement as Exhibits A and B;

3.      Authorizing and directing the Parties to retain CPT Group as the Settlement Administrator;

4.      Appointing Saltz Mongeluzzi & Bendesky, P.C. and The Miller Law Firm, P.C. as Co-Lead Class Counsel; and

5.      Scheduling a date for the Final Approval Hearing not earlier than one hundred and eighty (180) days after Preliminary Approval is granted.

In support of this Motion, Plaintiffs have contemporaneously filed a Memorandum of Law, with exhibits thereto.

The undersigned counsel certifies that counsel communicated in writing with opposing counsel on October 10, 2022, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly stated that FCA does not oppose the relief sought herein.

For the reasons set forth in the Memorandum of Law, Plaintiffs respectfully request that the Court grant their Unopposed Motion.

Dated: October 14, 2022              Respectfully submitted,

                                     /s/ E. Powell Miller
                                     E. Powell Miller (P39487)
                                     Sharon S. Almonrode (P33938)
                                     Dennis A. Lienhardt (P81118)
                                     **THE MILLER LAW FIRM, P.C.**
                                     950 W. University Dr., Suite 300
                                     Rochester, Michigan 48307
                                     Tel: (248) 841-2200
                                     Fax: (248) 652-2852
                                     epm@millerlawpc.com

ssa@millerlawpc.com
dal@millerlawpc.com

Simon B. Paris
Patrick Howard
**SALTZ, MONGELUZZI
& BENDESKY, P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA  19103
Tel: 215-496-8282
Fax: 215-496-0999
sparis@smbb.com
phoward@smbb.com

*Proposed Co-Lead Counsel for Plaintiffs
and the Settlement Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CLAIR REYNOLDS, *et al.*,

      Plaintiffs,

      v.

FCA US LLC,

      Defendant.

Case No. 2:19-cv-11745

District Judge Mark A. Goldsmith

Magistrate Judge Elizabeth A. Stafford

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.   Whether Plaintiffs' settlement with FCA US LLC, embodied in the Settlement Agreement (attached as Exhibit 1), is fair, reasonable, and adequate and should be preliminarily approved?

   Suggested Answer: Yes.

2.   Whether the Court should provisionally certify the Settlement Class as it is defined herein under Federal Rule of Civil Procedure 23(a) and 23(b)(3)?

   Suggested Answer: Yes.

3.   Whether the Court should appoint Saltz Mongeluzzi & Bendesky, P.C. and The Miller Law Firm, P.C. as Co-Lead Class Counsel where they have extensive experience in class action litigation and exhaustive resources to ensure the matter is prosecuted efficiently and effectively?

   Suggested Answer: Yes.

4.   Whether the Court should grant preliminary approval of the Parties' proposed Class Action Settlement Agreement where federal policy favors settlement of class actions; the Parties negotiated the proposed settlement at arm's-length and in good faith; and the settlement reflects a fair, adequate, and reasonable resolution to the dispute?

   Suggested Answer: Yes.

5.     Whether the Court should approve the Parties' proposed notices to Class Members where they fairly and fully apprise the prospective Members of the Class of the terms proposed in the settlement, the reasons for the settlement, the legal effect of the settlement, and provide Class Members with an opportunity to lodge objections and/or opt out?

Suggested Answer: Yes

6.     Whether the Court should set a date for a fairness hearing to consider any objections to the proposed settlement?

 Suggested Answer: Yes.

**TABLE OF CONTENTS**

I.   INTRODUCTION ....................................................................1

II.  PROCEDURAL HISTORY ......................................................3

III. FACTUAL BACKGROUND......................................................4

IV. THE SETTLEMENT AGREEMENT AND TERMS.........................4

   A.  The Proposed Settlement Class ............................................4

   B.  The Relief and Settlement Consideration.............................5

     1.  Warranty Extension ...................................................6

     2.  Product Improvements ................................................6

     3.  Reimbursements for Repairs .......................................6

     4.  Costs of administration and notice ...............................6

   C.  Release of Claims ...............................................................6

   D.  Settlement Notice and Right to Opt Out ...............................7

   E.  Class Counsel Fees and Expenses and Plaintiffs' Service Awards.................8

V.   THE SETTLEMENT CLASS SHOULD BE PRELIMINARILY CERTIFIED9

   A.  The Settlement Class Satisfies the Requirements of Rule 23(a)...................10

   B.  The Settlement Class May be Properly Certified Under Rule 23(b)(3).........11

     1.  This Action may be certified under Rule 23(b)(3).....................11

      i.  Common issues of fact and law predominate ..........................12

      ii. A class action is a superior method of adjudication ................13

VI.  THE PROPOSED SETTLEMENT SATISFIES THE STANDARD FOR PRELIMINARY APPROVAL ...................................................14

   A.  There is No Fraud or Collusion ...........................................15

   B.  The Complexity, Expense, and Likely Duration of the Litigation Favor Approval .......................................................16

   C.  The Amount of Discovery Engaged in by the Parties Favors Approval........17

   D.  The Likelihood of Success on the Merits Favors Approval...........................17

   E.  Experienced Class Counsel's Opinions Favor Approval ...............................18

   F.  The Settlement is Fair to Absent Class Members ..........................................19

   G.  The Settlement is Consistent with the Public Interest....................................20

VII. THE COURT SHOULD APPOINT CLASS COUNSEL ...............................20

VIII.THE FORM AND MANNER OF NOTICE ARE PROPER .........................21

IX. CONCLUSION.................................................................................................24

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)........................... 9, 11, 12, 14

*Bautista v. Twin Lakes Farms, Inc.*, 2007 WL 329162 (W.D. Mich. Jan. 31, 2007)15

*Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160 (E.D. Mich. 2006)................................10

*Beattie v. CenturyTel, Inc.*, 511 F.3d 554 (6th Cir. 2007) .......................................12

*Bobbitt v. Acad. of Court Reporting, Inc.*, 252 F.R.D. 327 (E.D. Mich. 2008).......14

*Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006) ................................... 10, 12

*Daoust v. Maru Rest., LLC*, 2019 WL 1055231 (E.D. Mich. Feb. 2, 2019) .......9, 22

*Franks v. Kroger Co.*, 649 F.2d 1216 (6th Cir. 1981).............................................14

*Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203 (6th Cir. 1992) ................... 14, 20

*Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)14

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003).......... 17, 20

*In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188 (E.D. Mich. Dec. 13, 2011) .....................................................................................................................18

*In re Rio Hair Naturalizer Prods. Liab. Litig.*, 1996 WL 780512 (E.D. Mich. Dec. 20, 1996) ...........................................................................................................19

*In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985 (S.D. Ohio 2001)15, 16, 18

*In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108 (2d Cir. 2013) ...............14

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838 (6th Cir. 2013) ...................................................................................................13

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) ...................................... 9, 10, 14, 15

*IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583 (E.D. Mich. 2006) ....................17

*Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504 (C.D. Cal. 2012) .......................12

*Rankin v. Rots*, 2006 WL 1876538 (E.D. Mich. June 27, 2006)..............................19

*Robinson v. Ford Motor Co.*, 2005 WL 5253339 (S.D. Ohio June 15, 2005) ..........15

*Rutherford v. City of Cleveland*, 137 F.3d 905 (6th Cir. 1998)................................11

*Senter v. Gen. Motors Corp.*, 532 F.2d 511 (6th Cir. 1976)...................................10

*UAW v. Ford Motor Co.*, 2006 WL 1984363 (E.D. Mich. July 13, 2006)..............18

*Vassalle v. Midland Funding, LLC*, 2014 WL 5162380 (N.D. Ohio Oct. 14, 2014) ....................................................................................................................14

*Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983) ........................................ 14, 15

*Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010) ..............12

**Other Authorities**
2 William B. Rubenstein, NEWBERG ON CLASS ACTIONS (5th ed. 2020) .....14
NEWBERG ON CLASS ACTIONS (3d ed. 1992) ................................................16

**Rules**
Fed. R. Civ. P. 23.................................................................................................9
Fed. R. Civ. P. 23(a).................................................................................. 9, 10, 11
Fed. R. Civ. P. 23(a)(1)......................................................................................10
Fed. R. Civ. P. 23(a)(4).................................................................................. 11, 20
Fed. R. Civ. P. 23(b)............................................................................................9
Fed. R. Civ. P. 23(b)(3).......................................................................... 11, 12, 13, 14
Fed. R. Civ. P. 23(c)(2)......................................................................................22
Fed. R. Civ. P. 23(e).................................................................................... 14, 22
Fed. R. Civ. P. 23(e)(1).....................................................................................22
Fed. R. Civ. P. 23(g).................................................................................... 20, 21
Fed. R. Civ. P. 23(g)(1)(A)................................................................................21
Fed. R. Civ. P. 23(h)..........................................................................................23

## <u>TABLE OF MOST CONTROLLING AUTHORITIES</u>

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)

*Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160 (E.D. Mich. 2006)

*Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006)

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

Plaintiffs Clair Reynolds, Monica Martirano, William Martin Powers, Trina Hancock, Melinda Martinez, and Brady Laing (collectively, "Plaintiffs" or "Class Representatives"), on behalf of themselves and the proposed Class, respectfully submit this Memorandum of Law in Support of their Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion") and respectfully move the Court for preliminary approval of the proposed Class Action Settlement ("Settlement" or "Settlement Agreement") entered into with Defendant FCA US LLC ("Defendant" or "FCA US"), as set forth in the Settlement Agreement, attached as Exhibit 1.

## I.    INTRODUCTION

Plaintiffs and FCA US (collectively, the "Parties") have reached a proposed Settlement resolving the allegations that Model Year 2018-2020 Jeep Wranglers and 2020 Jeep Gladiators ("Class Vehicles") were designed, manufactured, marketed, sold, and leased with a latent, undisclosed defect that caused the front suspension steering damper to be ineffective when damping oscillation of the steering system, resulting in the sustained shake or shimmy in the steering wheel and front suspension after contact with a bumpy road surface at highway speeds; that FCA US sold these vehicles knowing of the safety risks posed thereby; and that such information would be material to a reasonable consumer. The Consolidated Amended Class Action Complaint ("CAC") (ECF No. 55) asserts causes of action against FCA US for both

statutory violations and under common law, on behalf of Plaintiffs and Class Members—current and former owners and lessees of the Class Vehicles from various states. On June 30, 2021, the Court granted in part and denied in part FCA US's challenges to these causes of action (ECF No. 46). Since that time, the Parties have been actively engaged in discovery.

On May 2, 2022, the Court appointed Christopher G. Darrow, Esquire as a Facilitator of settlement discussions. On June 17 and August 15, 2022, the Parties participated in full-day mediation sessions with Mr. Darrow. The Parties have also engaged in numerous individual discussions with Mr. Darrow. As a result of those discussions, the Parties negotiated a settlement that will provide substantial relief to the Class. The benefits the Class Members will receive as a result of this Settlement are eminently fair, reasonable, and adequate, especially in light of the significant risks posed by continued litigation.

In particular, pursuant to the Settlement Agreement and discussed in greater detail below, Class Members will receive an extension on their vehicle's existing New Vehicle Warranty to eight (8) years or ninety thousand (90,000) miles, vehicle improvements in the form of the most recent version of the steering damper, and reimbursements for prior steering damper repairs. This is an exceptional result for the Class, which seeks to ensure that the Defect is remedied in Class Members'

vehicles at no additional costs, and that Class Members are reimbursed for out-of-pocket expenses incurred for repairs.

Accordingly, the Settlement satisfies all the prerequisites for preliminary approval. For these reasons stated more fully below, Plaintiffs respectfully request that the Court grant preliminary approval of the Settlement and enter the proposed Preliminary Approval Order.

## II.   PROCEDURAL HISTORY

Plaintiff Reynolds's original Complaint was filed in this Court on June 12, 2019, and amended on January 27, 2020 to add additional Plaintiffs and claims. On March 6, 2020, Plaintiff Martinez filed her action in the Central District of California. FCA US moved to dismiss all cases. While this motion was pending, the Parties agreed to transfer the *Martinez* Action from the Central District of California to the Eastern District of Michigan and consolidate it with this Action. *See* ECF No. 29.

Afterwards, on June 30, 2021, the Court granted in part and denied in part FCA US's Motions to Dismiss the *Reynolds* and *Martinez* actions. ECF No. 46. The CAC was filed on August 6, 2021, and FCA US filed its Answer to the CAC with Affirmative Defenses on August 27, 2021, thereby closing the pleadings. ECF Nos. 55-56. The Parties conducted extensive discovery over the next year, until an agreement in principle to settle the case was reached on August 23, 2022.

3

## III.   FACTUAL BACKGROUND

Plaintiffs have alleged that the Class Vehicles suffer from a defect that causes the steering wheel and front suspension to shake after contact with a bumpy road surface at highway speeds and presents an unsafe driving condition. CAC ¶¶ 3, 155-165. After Plaintiff Reynolds commenced her Action in June 2019, FCA US circulated its CSN V41 to approximately 192,000 2018-2019 Jeep Wrangler owners, stating:

> The front suspension steering damper on about 192,000 of the above [2018-2019 Jeep Wrangler] vehicles may not effectively damp oscillation of the steering system, resulting in a sustained shake or shimmy in the steering wheel. This can be more noticeable when driving at speeds exceeding 55 Miles Per Hour (MPH) 88 Kilometers Per Hour (KPH) after contacting a bumpy road surface and in temperatures below 40° Fahrenheit (5° Celsius).

Plaintiffs contend that FCA US knew about the alleged defect prior to sale and has received thousands of complaints from Class Members about it. *Id.* ¶¶5, 166-206. Prior to this Settlement, no warranty provision in the New Vehicle Warranty after 3 years / 36,000 miles covered the front suspension steering damper in Class Vehicles.

## IV.   THE SETTLEMENT AGREEMENT AND TERMS

### A.    The Proposed Settlement Class

Plaintiffs seek to certify the following Class for Settlement purposes only:

> All individuals who purchased or leased in the United
> States a Model Year 2018-2020 Jeep Wrangler or Model
> Year 2020 Jeep Gladiator.

*See* Ex. 1, Settlement Agreement, § 2.6.

Excluded from the Settlement Class are: FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any successor or assign of FCA US; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opt out of the settlement; consumers or businesses that have purchased Class Vehicles previously deemed a total loss (*i.e.*, salvage or junkyard vehicles) (subject to verification through Carfax or other means); and current or former owners of a Class Vehicles that previously released their claims in an individual settlement with FCA US with respect to the issues raised in the Action. *Id.*

## B.  The Relief and Settlement Consideration

The Settlement provides substantial relief to the Settlement Class. The relief—which is nationwide in scope—includes monetary reimbursement, remedies for the alleged defect, and a warranty extension to cover future costs incurred relating to the alleged defect. The Settlement also includes direct notice, paid for by FCA US, of the Settlement and the rights of Class Members. Specifically, the Settlement provides the following:

### 1. Warranty Extension

Pursuant to the Settlement, FCA US will provide a warranty extension, applicable to the Class Vehicles, to cover the cost of all parts and labor necessary to replace a failed front suspension steering damper for a period of eight (8) years or ninety thousand (90,000) miles (whichever occurs first) from the In-Service Date of the Class Vehicle. *Id.* § 3.1. This Extended Warranty follows the Class Vehicles; thus, it would apply to subsequent purchasers and lessees. *Id.* § 3.2.

### 2. Product Improvements

Any replacement steering damper installed under the Warranty Extension will be the then currently authorized (updated) version of the steering damper. *Id.* § 3.6.

### 3. Reimbursements for Repairs

As with Class Vehicles subject to CSN V41, any Class Member who paid for a steering damper repair is entitled to submit a claim for reimbursement. *Id.* § 3.7.

### 4. Costs of administration and notice

FCA US shall be responsible for all administration expenses, including notice to the Class Members of the proposed Settlement. *Id.* § 3.8.

### C. Release of Claims

As set forth in the Settlement Agreement, including in Section VII, in exchange for the above relief, Plaintiffs and the Settlement Class will release FCA US from liability for all claims arising out of this litigation and the facts or circumstances that were or could have been alleged in the Action. *Id.* § 7.1; §§ 7.2-

7.7. However, the Settlement Agreement does not release claims for death, personal injuries, or other issues unrelated to the defect alleged in this Action. *Id.* § 7.2.

**D.    Settlement Notice and Right to Opt Out**

Following the Court granting preliminary approval of the Settlement, the Settlement Administrator will provide by direct U.S. mail, to all reasonably identifiable Class Members, a notice substantially in the form attached as Exhibit A to the Settlement Agreement (the "Short-Form Notice"). *Id.* § 5.3. The Settlement Administrator will also set up and maintain a settlement website where Class Members can access a "Long-Form Notice," attached as Exhibit B to the Settlement Agreement, a copy of the Settlement Agreement, the operative complaint, and additional information about the Action and Settlement. *Id.* The Short-Form Notice will include the address of the settlement website, as well as a toll-free number for an interactive voice recording service that allows Class Members to leave a request for a paper copy of the Long-Form Notice. *Id.*

Within 21 days of entry of the Preliminary Approval Order, for purposes of mailing Notice, FCA US will provide the Settlement Administrator all available names and mailing address information for original and subsequent purchasers and lessors of each Class Vehicle, along with those Class Vehicles' Vehicle Identification Numbers ("VINs"). *Id.* § 5.4.

Any Class Member may make a request for exclusion by submitting a request in writing as set forth in the Notice. *Id.* § 9.2. The deadline for submitting such request will be specified in the Court's preliminary approval order. *Id.* § 9.3. Any request for exclusion shall:

> (i)    state the Class Member's full name and current address;
> (ii)   provide the model year and VIN of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease; and
> (iii)  specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Class.

*Id.* § 9.4. The Settlement Administrator shall report the names of all Class Members who have submitted a request for exclusion to the Parties on a weekly basis, beginning 30 days after the Notice Date. *Id.* § 9.7.

### E.    Class Counsel Fees and Expenses and Plaintiffs' Service Awards

Plaintiffs intend to file a motion for attorneys' fees and expenses prior to the final approval hearing. The Parties have agreed that Co-Lead Class Counsel may apply to the Court for attorneys' fees and expenses, inclusive of costs, for an amount not to exceed $3,950,000. *Id.* § 6.1.  FCA US shall pay Class Counsel an amount awarded by the Court for attorneys' fees and litigation expenses. *Id.*  FCA US reserves the right to file objections to any application or request for Attorneys' Fees and Expenses filed with the Court. *Id.*  Further, the Parties have agreed that FCA US will not oppose Plaintiffs' request that FCA US separately pay Service Awards of $4,000 to each of the Class Representatives. *Id.* § 6.2.

8

## V.   THE SETTLEMENT CLASS SHOULD BE PRELIMINARILY CERTIFIED

In connection with granting preliminary approval of the Settlement, the Court should preliminarily certify the Settlement Class, comprised of all individuals who purchased or leased in the United States a Model Year 2018-2020 Jeep Wrangler and 2020 Jeep Gladiator. *See id.*, § 2.6.

A proposed settlement class must satisfy the requirements of Rule 23. *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007). To be entitled to class certification, a plaintiff must satisfy each of Rule 23(a)'s four prerequisites to class certification: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation. *See* Fed. R. Civ. P. 23(a). In addition, the proposed class must meet one of the three requirements of Rule 23(b). *See id*. That the Parties have reached a settlement in this matter is a relevant consideration in the class-certification analysis. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619 (1997). Indeed, "courts should give weight to the parties' consensual decision to settle class action cases, because that law favors settlement in class action suits." *Daoust v. Maru Rest., LLC*, 2019 WL 1055231, at *1 (E.D. Mich. Feb. 2, 2019) (granting preliminary approval of class action settlement); *see also Amchem*, 521 U.S. at 620 (when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire

whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

### A.     The Settlement Class Satisfies the Requirements of Rule 23(a)

The proposed Settlement Class meets Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation. *See Senter v. Gen. Motors Corp.*, 532 F.2d 511 (6th Cir. 1976), *cert. denied*, 429 U.S. 870 (1976); *UAW.*, 497 F.3d 615, 626 (6th Cir. 2007). The Class, consisting of the current and former owners and lessees of over 100,000 Class Vehicles in addition to the 192,000 Class Vehicles identified for CSN V41, is "so numerous that joinder of all members is impracticable." *See* Fed. R. Civ. P. 23(a)(1).

Common issues of fact and law are present because the Class's causes of action all flow from the same allegations of a common defect. *See Daffin v. Ford Motor Co*., 458 F.3d 549, 552 (6th Cir. 2006) (affirming finding of commonality based on an alleged uniform design defect in vehicles). These common issues include whether the alleged defect exists in the Class Vehicles, and whether FCA US was aware of it. Typicality is similarly satisfied because the Settlement Class's claims all arise from the same alleged course of conduct and the alleged Defect. *See Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 169 (E.D. Mich. 2006) (finding typicality to be satisfied where the plaintiffs' claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members").

10

Finally, the Plaintiffs "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiffs have common interests with other Class Members and have vigorously prosecuted the interests of the Class through qualified counsel. *Rutherford v. City of Cleveland*, 137 F.3d 905 (6th Cir. 1998). There is no conflict between the Plaintiffs and any member of the Settlement Class.

## B. The Settlement Class May be Properly Certified Under Rule 23(b)(3)

In addition to the requirements of Rule 23(a), a proposed class must satisfy one of the three alternatives of Rule 23(b). Plaintiffs here seek certification under Rule 23(b)(3).

### 1. This Action may be certified under Rule 23(b)(3)

Certification under Rule 23(b)(3) is appropriate here. Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These requirements were added "to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem*, 521 U.S. at 615 (quoting Fed. R. Civ. P. 23(b)(3) advisory committee's notes to 1966 Amendment). Both requirements are satisfied here.

11

### i.      *Common issues of fact and law predominate*

Rule 23 (b)(3)'s predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007) (quoting *Amchem*, 521 U.S. at 632). A plaintiff "must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof.'" *Id*. (citation omitted).

Here, FCA US's alleged common course of conduct gives rise to the basis for the claims at bar and demonstrates that common proof, not dependent on any individual Class Member's circumstances, will predominate in this case.

The common questions applicable to every Class Member include whether the alleged defect exists, whether FCA US was aware of it and when, whether FCA US concealed the existence of the alleged defect from Class Members, and whether Class Members sustained damages. Courts have routinely found that similar common issues predominate in automotive defect cases. *See, e.g.*, *Daffin*, 458 F.3d at 554; *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1173 (9th Cir. 2010) (common issues predominate such as whether Land Rover was aware of and had a duty to disclose the defect); *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 532-34 (C.D. Cal. 2012) (predominance found based on common evidence of the nature of the defect, the

defect's impact on vehicle safety, Honda's knowledge, and what Honda disclosed to consumers). Given the uniformity of the Class Vehicles' design, the nature of the defect alleged, and the allegations concerning FCA US's conduct, resolution of the Settlement Class's claims is particularly susceptible to adjudication on a collective basis pursuant to Rule 23(b)(3).

### ii.     A class action is a superior method of adjudication

Rule 23(b)(3) also requires that Plaintiffs demonstrate that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, class wide resolution of this action is the superior method of adjudication.

First, the value of the claims is too low to incentivize many Class Members to litigate their claims individually and weighs in favor of concentrating the claims in a single forum. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 861 (6th Cir. 2013). This is especially true here, where Settlement Class Members would likely be unable or unwilling to individually shoulder the expense of litigating the claims at issue, given the potential limited monetary awards for those Settlement Class Members.

In addition, because the central issues here are common to all Class Members, resolution on a class-wide basis is the most efficient method of resolving the claims. *See* 2 William B. Rubenstein, NEWBERG ON CLASS ACTIONS, § 4.74 (5th ed.

2020) (noting that "a finding of predominance is typically . . . coupled with a finding that a class is manageable"). Indeed, proceeding as a class action will "achieve significant economies of 'time, effort and expense, and promote uniformity of decision.'" *See In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 130 (2d Cir. 2013) (quoting Fed. R. Civ. P. 23(b)(3) advisory committee's notes to 1946 Amendment); *see also Bobbitt v. Acad. of Court Reporting, Inc.*, 252 F.R.D. 327, 345 (E.D. Mich. 2008).

## VI.   THE PROPOSED SETTLEMENT SATISFIES THE STANDARD FOR PRELIMINARY APPROVAL

Federal Rule of Civil Procedure 23(e) governs the settlement of class actions. *See* Fed. R. Civ. P. 23(e); *Amchem*, 521 U.S. at 617. Under Rule 23(e), a class settlement must be "fair, reasonable, and adequate." *UAW*, 497 F.3d at 631 (citing *Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983). The Sixth Circuit has recognized that "the law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981); *UAW*, 497 F. 3d at 632 ("[W]e must consider—the federal policy favoring settlement of class actions"); *Vassalle v. Midland Funding, LLC*, 2014 WL 5162380, at *6 (N.D. Ohio Oct. 14, 2014), *aff'd sub nom. Pelzer v. Vassalle*, 655 F. App'x 352 (6th Cir. 2016) ("It is axiomatic that the settlement of class-action litigation is favored"); *Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013) ("The Sixth Circuit and

courts in this district have recognized that the law favors the settlement of class action lawsuits.").

The Sixth Circuit utilizes seven factors in evaluating class action settlements: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW*, 497 F.3d at 631; *see also Williams*, 720 F.2d at 922-23. In considering these factors, courts apply a "strong presumption" in favor of finding a settlement to be fair. *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1008 (S.D. Ohio 2001) ("Being a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement"); *see also Bautista v. Twin Lakes Farms, Inc.*, 2007 WL 329162, at *5 (W.D. Mich. Jan. 31, 2007); *Robinson v. Ford Motor Co.*, 2005 WL 5253339, at *4 (S.D. Ohio June 15, 2005).

As set forth below, the seven-factor standard supports approval of the Settlement Agreement.

### A.    There is No Fraud or Collusion

The Parties have at all relevant times been represented by experienced counsel. Co-Lead Class Counsel have significant experience litigating numerous consumer class actions, including automotive defect cases. The Settlement

15

Agreement was achieved only after arm's-length and good faith negotiations between the Parties with the Court-appointed Facilitator, Christopher G. Darrow, Esquire. As such, there is no indication of fraud or collusion. *In re Telectronics Pacing*, 137 F. Supp. 2d at 1016 (citing NEWBERG ON CLASS ACTIONS § 11.51 (3d ed. 1992) ("Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered.").

### B. The Complexity, Expense, and Likely Duration of the Litigation Favor Approval

The Settlement in this action comes at an opportune time given that, if the litigation continues, there will be substantial additional expense to the Parties associated with necessary expert discovery, dispositive motion practice, and pre-trial preparations. The Parties have negotiated at arm's-length early in the litigation preventing the need for a drawn-out multi-year litigation battle and delayed relief to the Class. If litigation continues, for example, the Parties will complete fact discovery, engage in extensive expert discovery, including completing FCA US depositions, expert deposition and future briefing on motions for class certification, and summary judgment. Moreover, a trial in this action would be complex given the relevant factual and legal issues involved.

And, even if Plaintiffs prevailed at trial, it could be years before any Class Members receive any benefit in light of the likely post-trial motions and appeals to

follow. Meanwhile, the Settlement provides substantial relief to the Settlement Class in a prompt and efficient manner. "Whatever the relative merits of the parties' positions, there is no such thing as risk-free, expense-free litigation." *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 596 (E.D. Mich. 2006).

### C. The Amount of Discovery Engaged in by the Parties Favors Approval

The Settlement was reached with less than a month remaining in fact discovery. The Parties had completed their documents productions. FCA US had completed all Plaintiffs' depositions. Plaintiffs completed reviewing over 100,000 pages of documents produced by FCA US and had begun deposing FCA US witnesses. Plaintiffs had also nearly completed their expert analysis on the front suspension steering dampers used by FCA US on Class Vehicles. Further, Plaintiffs had completed a nationwide survey of Jeep owners. This discovery allowed Co-Lead Class Counsel to make informed decisions regarding the terms of the Settlement Agreement and sufficiently assess whether they are fair, reasonable, and adequate.

### D. The Likelihood of Success on the Merits Favors Approval

When evaluating the reasonableness of a class action settlement, courts consider "the risks, expense, and delay Plaintiffs would face if they continued to prosecute this complex litigation through trial and appeal and weighs those factors against the amount of recovery provided to the Class in the Proposed Settlement." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003). A

settlement is generally viewed favorably because it "avoids the costs, delays, and multitudes of other problems associated with them." *See In re Telectronics Pacing*, 137 F. Supp. 2d at 1013 (citation and internal quotation marks omitted).

Here, but for the Settlement, the litigation would continue to be contested, and counsel for all Parties were committed to litigate this case through trial and beyond, if necessary. Accordingly, there are substantial risks and costs if this action were to proceed. While Co-Lead Class Counsel believe that the Plaintiffs and putative Class would ultimately prevail at trial, Co-Lead Class Counsel recognize that ultimate success is not assured and believe that this Settlement, when considering the risks of proving both liability and recoverable damages, is unquestionably fair, adequate, and reasonable. *See, e.g.*, *In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188, at *11 (E.D. Mich. Dec. 13, 2011) (finding that while plaintiffs may "remain optimistic about their ultimate chance of success[,] there is always a risk that Defendants could prevail with respect certain legal or factual issues," which weighs in favor of approval of settlement). As such, avoiding unnecessary expense of time and resources clearly benefits all parties and the Court. *See UAW v. Ford Motor Co.*, 2006 WL 1984363, at *24 (E.D. Mich. July 13, 2006) ("The costs and uncertainty of lengthy and complex litigation weigh in favor of settlement.").

E.    **Experienced Class Counsel's Opinions Favor Approval**

In considering approval of a proposed settlement, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Rankin v. Rots*, 2006 WL 1876538, at *3 (E.D. Mich. June 27, 2006). Co-Lead Class Counsel here have extensive experience in handling class action cases, including automotive defect cases like at issue here (as discussed below). Co-Lead Class Counsel have thoroughly investigated and analyzed the claims alleged in this action, have made informed judgments regarding the Settlement and believe it is fair, reasonable, and adequate. Co-Lead Class Counsel also engaged in extensive, good-faith negotiations overseen by the Court-appointed Facilitator, Mr. Darrow. This further weighs in support of preliminary approval.

## F.    The Settlement is Fair to Absent Class Members

This factor evaluates whether the settlement "appears to be the result of arm's length negotiations between the parties and fairly resolves all claims which were, or could have been asserted." *In re Rio Hair Naturalizer Prods. Liab. Litig.*, 1996 WL 780512, at *14 (E.D. Mich. Dec. 20, 1996) (internal citation omitted). As set forth above, the Settlement Agreement was reached only after multiple arm's-length mediation sessions and extensive settlement discussions over the course of many months. The resulting Settlement Agreement provides fair terms to all Class Members. Moreover, the release in this case extends only to claims that were or could

have been asserted in this case and, thus, there is no risk of unfairness to absent class members.

### G.   The Settlement is Consistent with the Public Interest

Finally, the Court should consider whether the settlement is consistent with the public interest. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD*, 218 F.R.D. at 530 (quoting *Granada Inv., Inc.*, 962 F.2d at 1205). Here, it is clearly in the public interest to approve this Settlement. The Settlement provides extensive benefits; resolves the claims of the Class; eliminates the risk of non-recovery on behalf of the Class; provides certainty to the Parties and the Class; and eases the burden on the Court's resources.

Overall, given the complexity, expense, and risks with continued litigation, the proposed settlement is fair, adequate, and reasonable.

## VII.  THE COURT SHOULD APPOINT CLASS COUNSEL

Pursuant to Fed. R. Civ. P. 23(g), Plaintiffs also move to appoint Saltz Mongeluzzi & Bendesky, P.C. and The Miller Law Firm, P.C. as Co-Lead Class Counsel. Rule 23(g) focuses on the qualifications of class counsel, complementing the requirement of Rule 23(a)(4) that the representative parties adequately represent

the interests of the class members. Rule 23(g)(1)(A) specifically instructs a court to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

*Id.* Here, each of Rule 23(g)(1)(A)'s considerations weigh strongly in favor of finding proposed Class Counsel as adequate. Specifically, proposed Co-Lead Class Counsel did substantial work identifying and investigating potential claims and properly supporting the allegations in the CAC. As part of their investigation and work, proposed Co-Lead Class Counsel retained and consulted with multiple experts, and carefully reviewed public materials along with documents and information produced by FCA US.

As reflected in their firm websites, proposed Co-Lead Class Counsel have substantial experience, individually and collectively, successfully prosecuting class actions and other complex litigation, including claims of the type asserted in this action. *See* www.smbb.com; www.millerlawpc.com. Hence, proposed Class Counsel's extensive efforts in prosecuting this case, combined with their in-depth knowledge of the subject area, satisfy Rule 23(g).

## VIII. THE FORM AND MANNER OF NOTICE ARE PROPER

The manner in which the Class Notice is disseminated, as well as its content, must satisfy Fed. R. Civ. P. 23(c)(2) (governing class certification notice), Rule 23(e)(1) (governing settlement notice), and due process. *See Daoust*, 2019 WL 1055231, at \*2. These requirements are adequately satisfied here. Rule 23(e) requires that notice of a proposed settlement be provided to class members. Notice satisfies the Rule when it adequately puts Class Members on notice of the proposed settlement and "describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *Daoust*, 2019 WL 1055231, at \*2.

Class Counsel recommends, and FCA US agrees, CPT Group be appointed as the Settlement Administrator here. *See* Ex. 2 (Settlement Administrator Resume). Following the Court granting preliminary approval of the Settlement, the Settlement Administrator will provide the Short Form Notice by direct U.S. mail. *Id.* § 5.3, Ex. A to Settlement Agreement. The Settlement Administrator will also set up and maintain a settlement website where Class Members can access a "Long-Form Notice" (*Id.*, Ex. B to Settlement Agreement), a copy of the Settlement Agreement, the operative complaint, and additional information about the Action and Settlement. *Id.* The Short-Form Notice will include the address of the settlement website, as well as a toll-free number for an interactive voice recording service that allows Class Members to leave a request for a paper copy of the Long-Form Notice.

The proposed notice plan satisfies all of Rule 23's requirements. The language of the Class Notice was drafted and agreed to by the Parties and is written in plain, simple terminology, including: (1) a description of the Settlement Class; (2) a description of the claims asserted in the action; (3) a description of the Settlement benefits and release of claims; (4) the deadlines and instructions for requesting exclusion; (5) the identity of Class Counsel for the Settlement Class; (6) the Final Approval Hearing date; (7) an explanation of eligibility for appearing at the Final Approval Hearing; and (8) the deadline and instructions for objecting to the Settlement. *See* Settlement Agreement (Ex. 1) at Exs. A and B. The Class Notice thus allows Settlement Class Members to make an informed and intelligent decision on whether to participate in the Settlement, exclude themselves, or object to the Settlement. In addition, pursuant to Fed. R. Civ. P. 23(h), the proposed Class Notice sets forth the maximum amount of Attorneys' Fees and Expenses and Service Awards that may be sought by Class Counsel and paid by FCA US.

The dissemination of the Class Notice likewise satisfies all requirements. The Settlement Administrator will mail the Short Form Notice to the last known address of each potential member of the Settlement Class, which will be checked and updated via the National Change of Address database after obtaining current addresses for Class Members from R.L. Polk & Company (or other similar third-party). *See* Ex. 1, § 5.4. If any Class Notice is returned as undeliverable, the Settlement Administrator

shall perform a reasonable search for a more current address and re-send the Class Notice. *Id.* § 5.6.

Accordingly, the proposed Class Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court.

## IX.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the Settlement as fair, reasonable, and adequate, and in the best interest of the Class Members; (2) preliminarily certify the proposed Settlement Class for settlement purposes only; (3) preliminarily appoint Saltz Mongeluzzi & Bendesky, P.C. and The Miller Law Firm, P.C. as Co-Lead Class Counsel; (4) approve the form and content of, and direct the distribution of, the proposed Class Notice, and authorize and direct the Parties to retain CPT Group as Settlement Administrator; and (5) schedule a Final Approval Hearing not earlier than one hundred and eighty (180) days after Preliminary Approval is granted.

Dated: October 14, 2022          */s/ E. Powell Miller*
                                 E. Powell Miller (P39487)
                                 Sharon S. Almonrode (P33938)
                                 Dennis A. Lienhardt (P81118)
                                 **THE MILLER LAW FIRM, P.C.**
                                 950 W. University Dr., Suite 300
                                 Rochester, Michigan 48307
                                 Tel: (248) 841-2200

Fax: (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com

Simon B. Paris
Patrick Howard
**SALTZ, MONGELUZZI
& BENDESKY, P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA  19103
Tel: 215-496-8282
Fax: 215-496-0999
sparis@smbb.com
phoward@smbb.com

*Proposed Co-Lead Counsel for Plaintiffs
and the Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 14, 2022, I electronically filed the foregoing

documents using the Court's electronic filing system, which will notify all counsel

of record authorized to receive such filings.

*/s/ E. Powell Miller*
E. Powell Miller (P39487)