# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CLAIR REYNOLDS, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>FCA US LLC,<br><br>   Defendant. | Case No. 2:19-cv-11745<br><br>District Judge Mark A. Goldsmith<br><br>Magistrate Judge Elizabeth A. Stafford |

## SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is made and entered into by and among Plaintiffs Clair Reynolds, Monica Martirano, William Martin Powers, Trina Hancock, Melinda Martinez, and Brady Laing (collectively "Plaintiffs" or "Class Representatives"), and Defendant FCA US LLC ("FCA US" or "Defendant") (Plaintiffs and FCA US are collectively referred to as the "Parties"), subject to the approval of the Court.

## I.  RECITALS

WHEREAS, Plaintiffs filed two class actions alleging that Model Year ("MY") 2018-2020 Jeep Wrangler and 2020 Jeep Gladiator vehicles were designed, manufactured, marketed, sold, and leased with a latent, undisclosed defect that caused the front suspension steering damper to be ineffective when damping oscillation of the steering system after contact with a bumpy road surface at highway speeds, and

that FCA US sold these vehicles knowing of the safety risks posed by the defect and that it would be material to a reasonable consumer;

WHEREAS, the first-filed case was *Reynolds v. FCA US LLC*, Case No. 2:19-cv-11745 (E.D. Mich., filed June 12, 2019 and amended January 27, 2020); and the second-filed case was *Martinez v. FCA US LLC*, Case No. 5:20-cv-00463 (C.D. Cal., filed March 6, 2020);

WHEREAS, on October 27, 2020, pursuant to a stipulation by the Parties, the Court consolidated the *Martinez* case with the *Reynolds* case captioned under *Reynolds v. FCA US LLC*, Case No. 2:19-cv-11745 (E.D. Mich.) for all purposes, including trial (ECF No. 29);

WHEREAS, on June 30, 2021, the Court granted in part and denied in part FCA US's Motions to Dismiss the *Reynolds* and *Martinez* actions (ECF No. 46);

WHEREAS, on August 6, 2021, Plaintiffs filed a Consolidated Amended Class Action Complaint and Demand for Jury Trial (ECF No. 55);

WHEREAS, on August 27, 2021, FCA US filed its Answer to the Consolidated Amended Class Action Complaint with Affirmative Defenses and Jury Demand (ECF No. 56);

WHEREAS, the Parties then engaged in extensive discovery over the course of the next ten months;

WHEREAS, on May 2, 2022, the Court appointed Christopher G. Darrow, Esquire as Facilitator of settlement discussions;

WHEREAS, on June 7, 2022 and August 15, 2022, pursuant to stipulation by the Parties, the Court dismissed the claims of Plaintiffs Ken Schafer and Jared Thomas Pineda, respectively;

WHEREAS, on June 17, 2022 and August 16, 2022, Plaintiffs and FCA US participated in full-day mediation sessions with Mr. Darrow;

WHEREAS, after carefully considering the facts and applicable law and the risks, expense, and uncertainty of continued litigation, and after having engaged in extensive negotiations, the Parties agree that it is in their mutual best interests to resolve the claims in this Action on fair, reasonable, and adequate terms as set forth in this Settlement Agreement;

WHEREAS, the Parties agree that neither this Settlement Agreement nor the underlying settlement shall constitute or be construed as any admission of liability or wrongdoing on the part of FCA US, which FCA US expressly denies;

WHEREAS, the Parties are entering into this Settlement Agreement to avoid the risks, burdens, and expense of continued litigation;

WHEREAS, each Plaintiff and Defendant has independently determined that it is desirable and beneficial for the Action to be fully and finally resolved in the manner and upon the terms and conditions set forth in this Settlement Agreement;

3

WHEREAS, on August 23, 2021, the Parties reached an agreement in principle on terms and conditions of settlement and drafted a term sheet;

WHEREAS, the Parties have continued to negotiate the final portions of this Settlement Agreement including fees and administrative matters; and

WHEREAS, the Parties, by and through their respective undersigned counsel, have agreed to this Settlement Agreement on the terms and conditions set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and the Class Members) and FCA US, that, subject to the approval of the Court, the Action and the Released Claims will be compromised and settled, and have judgment entered, on the terms and conditions set forth below.

## II.    DEFINITIONS

Whenever the following capitalized terms are used in this Settlement Agreement and in the attached Exhibits (in addition to any definitions provided elsewhere in this Settlement Agreement), they shall have the following meanings:

2.1    "Action" means the consolidated lawsuits captioned under *Clair Reynolds, et al. v. FCA US LLC*, No. 2:19-cv-11745 (E.D. Mich.), inclusive of the underlying cases that were consolidated.

4

2.2 "Administration Expenses" means the cost of the notice program relating to this Settlement Agreement and the costs of administering and processing of claims, disbursements of consideration and other necessary and reasonable expenses associated with administering the Settlement.

2.3 "Attorneys' Fees and Expenses" means the amount awarded by the Court to Class Counsel to compensate them, and any other attorneys for Plaintiffs or the Settlement Class, and is inclusive of all attorneys' fees, costs, and expenses of any kind in connection with the Action and the underlying consolidated cases. Class Counsel agrees not to submit a request for Attorneys' Fees and Expenses that exceeds the sum of $3,950,000 ("Three Million Nine Hundred Fifty Thousand Dollars"). Attorneys' Fees and Expenses shall be in addition to the benefits provided directly to the Settlement Class and shall not reduce or otherwise have any effect on the benefits made available to the Settlement Class. Attorneys' Fees and Expenses shall not be meant to include the payment of service awards to settlement class representatives by FCA US, as discussed below.

2.4 "Claim" shall mean a request for reimbursement under this Settlement.

2.5 "Claimant" is a Class Member or other person or entity eligible to make a Claim pursuant to this Settlement Agreement.

5

2.6    "Class" or "Settlement Class" means:

*All individuals who purchased or leased in the United States a Model Year 2018-2020 Jeep Wrangler or Model Year 2020 Jeep Gladiator.*

Each member of the Settlement Class shall be referred to as a "Class Member." Excluded from the Settlement Class are FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any successor or assign of FCA US; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opt-out of the settlement; consumers or businesses that have purchased Class Vehicles previously deemed a total loss (*i.e.*, salvage or junkyard vehicles) (subject to verification through Carfax or other means); and current or former owners of a Class Vehicles who previously released their claims in an individual settlement with FCA US with respect to the issues raised in the Action.

2.7    "Class Vehicle" means Model-Year 2018-2020 Jeep Wrangler and Model-Year 2020 Jeep Gladiator vehicles.

2.8    "Co-Lead Class Counsel" means the law firms of Saltz Mongeluzzi & Bendesky, P.C. and The Miller Law Firm, PC.

2.9    "Court" refers to the United States District Court for the Eastern District of Michigan.

2.10   "Customer Service Notification", or "CSN" means the documents issued by FCA US that provide authorized FCA US dealerships with recommended diagnostic and repair procedures for Class Vehicles, including CSN V41.

2.11   "Effective Date" means ten business days after the later of (a) the date upon which the time for seeking appellate review of the judgment (by appeal or otherwise) shall have expired; or (b) the date upon which the time for seeking appellate review of any appellate decision affirming the judgment (by appeal or otherwise) shall have expired and all appellate challenges to the judgment shall have been dismissed with prejudice without any person having further right to seek appellate review thereof (by appeal or otherwise).

2.12   "Fairness Hearing" means the final hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Settlement in accordance with applicable jurisprudence, to be held after notice has been provided to the Settlement Class in accordance with this Settlement, and where the Court will: (a) determine whether to grant final approval to the certification of the Settlement Class; (b) determine whether to finally designate Plaintiffs as the representatives of the Settlement Class; (c) determine whether to finally designate Co-Lead Class Counsel as counsel for the Settlement Class; (d) determine whether to grant final approval to the Settlement; (e) rule on Co-Lead Class Counsel's Application for a Fee and Expense Award; (f) rule on the Class

Representatives' Application for Class Representative Service Awards; and (g) consider whether to enter the Final Approval Order.

2.13 "FCA US's Counsel" means Thompson Coburn LLP, who are the attorneys of record representing FCA US.

2.14 "In-Service Date" shall mean the date on which a Class Vehicle was delivered to either the original purchaser or the original lessee; or if the vehicle was first placed in service as a "demonstrator" or "company" car, on the date such vehicle was first placed in service.

2.15 "Judgment" means the judgment to be entered by the Court in the Action finally approving this Settlement Agreement and dismissing the Action with prejudice.

2.16 "Notice" means the Short-Form Notice and/or Long-Form Notice, substantially in the same form as Exhibits A and B.

2.17 "Notice Date" means the date by which the Settlement Administrator completes the mailing of a copy of the Short-Form Notice by first class mail, postage prepaid, to each Class Member after first running the addresses of the Class Members through the National Change of Address database. The Notice Date shall be no later than ninety (90) days after the Court enters the Preliminary Approval Order.

2.18   "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement and directing that the Notice be given to the Class, which Preliminary Approval Order shall be without material alteration from Exhibit C attached hereto.

2.19   "Released Claims" means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, actions, rights of action, remedies of any kind and/or causes of action of every nature and description, whether known or unknown, asserted or unasserted, foreseen or unforeseen, regardless of any legal theory, existing now or arising in the future, by Plaintiffs and any and all Class Members relating to the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters alleged in the Action concerning the front suspension steering damper in Class Vehicles, whether arising under statute, rule, regulation, common law or equity, and including, but not limited to, any and all claims, causes of action, rights or entitlements under any federal, state, local or other statute, law, rule and/or regulation relating to violation of California Business and Professions Code Sections 17200-17209, California Business and Professions Code Section 17500, or the California Consumers Legal Remedies Act (California Civil Code Sections 1750-1784), any consumer protection, consumer fraud, unfair business practices or deceptive trade practices laws, any legal or equitable theories, any claims or causes of action in tort, contract, products

liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi contract, unjust enrichment, express warranty, implied warranty, secret warranty and/or any injuries, losses, damages or remedies of any kind, in law or in equity, under common law, statute, rule or regulation, including, but not limited to, compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, restitution, recovery of attorneys' fees or litigation costs, or any other legal or equitable relief. The Released Claims do not include claims for death, personal injuries, damage to tangible property other than a Class Vehicle, or subrogation. Nothing in this Settlement shall be construed as a waiver, release and/or compromise of any pending automobile lemon law claim.

2.20 "Releasees" shall mean the entities that marketed the Class Vehicles, entities that designed, developed, and/or disseminated advertisements for the Class Vehicles, FCA US and each of their respective future, present, and former direct and indirect parents, subsidiaries, affiliates, divisions, predecessors, successors, assigns, dealers, distributors, agents, principals, suppliers, vendors, issuers, licensees, and joint ventures, and their respective future, present, and former officers, directors, employees, partners, general partners, limited partners, members, managers, agents, shareholders (in their capacity as shareholders) and legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the

foregoing. As used in this paragraph, "affiliates" means entities controlling, controlled by, or under common control with a Releasee.

2.21   "Service Awards" means the $4,000 ("Four Thousand Dollars") that FCA US has agreed to pay each Plaintiff who serves as a putative class representative in the Action, upon finalization of this Settlement Agreement and approval by the Court.

2.22   "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are as set forth in this Settlement Agreement and attached exhibits.

2.23   "Settlement Administrator" means the third-party entity who has been selected by the Parties, and appointed by the Court, to administer the Settlement and the claims process.

2.24   "Settlement Website" shall mean the website created and maintained by the Settlement Administrator that will contain, among other things, the documents related to the settlement.

2.25   "Warranty Extension" means the terms of extended warranty coverage as described in Section III.A

## III.  SETTLEMENT CONSIDERATION

In consideration for the Settlement, entry of Judgment, and dismissal, and for the Release provided herein, FCA US agrees to provide the following consideration to the Class:

**A.     Warranty Extension.**

3.1    Beginning on the first day after the Effective Date, FCA US will extend its existing warranty obligations applicable to Class Vehicles to cover the costs of all parts and labor to replace a failed front suspension steering damper as described in the operative Complaint for a period of 8 years or 90,000 miles (whichever occurs first) from the date the vehicle was first sold to its original owner or lessee.  Except for the durational limits applicable to the front suspension steering damper, the terms and conditions of the Basic Limited Warranty and Powertrain Limited Warranty shall apply.

3.2    The Warranty Extension follows the Class Vehicles and is not personal to any owner or lessee.

3.3    The Class Members shall not be required to present any Settlement-related document to receive warranty service at an authorized FCA US dealership.

3.4    All rights and conditions otherwise available to owners and lessees under preexisting warranties will continue to remain available to Class Members notwithstanding the implementation of this Settlement. Nothing in this Settlement

12

will be construed as diminishing or otherwise affecting any other express or implied warranties covering the Class Vehicles.

3.5 FCA US may implement or continue to implement any additional customer satisfaction or goodwill policy, program, or procedure at their discretion, and may extend goodwill consideration to individual Class Members on a case-by-case basis, without regard to their entitlement to relief under the Settlement. No such goodwill decision by FCA US, however, shall act to deprive a Class Member or Claimant of the benefits available under the Settlement.

**B.    Product Improvements.**

3.6 Any replacement steering damper installed pursuant to this Warranty Extension shall be the then currently authorized version of the steering damper at the time of the repair.

**C.    Claims Procedure—Repair Reimbursements.**

3.7 Any Class Member who paid for a repair relating to the replacement of a front suspension steering damper is entitled to submit a claim for reimbursement to www.fcarecallreimbursement.com. Prior to the motion for final approval, FCA US will provide to Co-Lead Class Counsel data that shows the number of claims submitted and the number of claims paid.

**D.      Costs of Administration and Notice.**

3.8      FCA US shall be responsible for all Administration Expenses including Notice. In no event shall Plaintiffs' Counsel or the Class be responsible for any Administration Expenses.

## IV.   CLAIMS ADMINISTRATION

4.1      Claims submitted pursuant to this Settlement shall be submitted through FCA US's reimbursement system.   The details for submission through FCA US's reimbursement system shall be posted prominently in each of the following locations: the Short-Form Notice, Long-Form Notice, and a dedicated Settlement Website.

## V.    NOTICE TO THE CLASS

**A.      CAFA Notice.**

5.1      In compliance with the attorney general notification provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, FCA US shall cause notice of this Settlement to be provided to the Attorney General of the United States and the attorneys general of each state or territory in which a Class Member resides ("CAFA Notice"). FCA US shall bear all costs associated with effecting the CAFA Notice.

**B.      Notice Deadline.**

5.2     No later than the Notice Date, the Settlement Administrator shall cause Notice to the Class to be disseminated by U.S. mail and the dedicated Settlement Website.

**C.      Individual Class Notice Methods.**

5.3     Following the Court granting preliminary approval of this Settlement, the Settlement Administrator shall send the Short-Form Notice by direct U.S. mail to all reasonably identifiable Class Members.  The Settlement Administrator shall further set up and maintain a Settlement Website where Class Members can access the Long-Form Notice, a copy of this Settlement Agreement, the operative complaint, and additional information about the Action and Settlement. The Short-Form Notice will include the address of the Settlement Website, as well as a toll-free number for an interactive voice recording service that allows Class Members to leave a request for a paper copy of the Long-Form Notice.

5.4     For purposes of mailing Notice, FCA US agrees to provide to the Settlement Administrator within 21 days of entry of the Preliminary Approval Order all available names and mailing address information for original and subsequent purchasers and lessors of each Class Vehicle, along with the Vehicle Identification Number ("VIN") for those Class Vehicles. The Settlement Administrator shall provide all available contact information, including all Class Vehicles' VINs, to R.L.

Polk & Company, or a similar third-party entity, which shall be authorized to use that information to obtain the names and most current addresses of Class Vehicle owners through state agencies. Prior to mailing the individual Short-Form Notice, the Settlement Administrator shall conduct an address search through the United States Postal Service's National Change of Address database to update the address information for Class Members.

5.5    The Parties agree that the names and addresses provided to the Settlement Administrator shall not be used for any purpose other than for providing the written notice identified herein and that such names and addresses shall be treated as private and confidential information and not disseminated, in any manner, to anyone other than the Settlement Administrator. The Parties agree to seek entry of an Order by the Court mandating that FCA US provide the names and addresses to the Settlement Administrator and that such information be treated as private, confidential, and proprietary.

5.6    For all Class Members for whom the Notice is returned with forwarding address information, the Settlement Administrator shall re-mail the Notice to the new address indicated. For all Class Members for whom the Notice is returned without forwarding address information, the Settlement Administrator shall perform an advanced address search and re-mail the Notice to the best-known address resulting from that search.

5.7    For a period ending 90 days after the Notice Date, the Settlement Administrator shall provide Co-Lead Class Counsel and FCA US with reasonable periodic reports of the total number of Notices sent to Class Members by U.S. mail, along with the numbers of Notices returned as undeliverable. The Settlement Administrator shall communicate with Co-Lead Class Counsel and FCA US regarding delivery of Notice and the number of Class Members who have responded to the Notice.

## VI.    ATTORNEYS' FEES AND SERVICE PAYMENTS

6.1    The Parties agree that Co-Lead Class Counsel may apply to the Court for an award of reasonable attorneys' fees and expenses, inclusive of costs up to, but not to exceed, the total combined sum of $3,950,000 (Three Million Nine Hundred Fifty Thousand Dollars).  FCA US shall pay Class Counsel an amount awarded by the Court for attorneys' fees and litigation expenses.  FCA US reserves the right to file objections to any application or request for Attorneys' Fees and Expenses filed with the Court.  Attorneys' Fees and Expenses shall be in addition to the benefits provided directly to the Settlement Class (and shall be in addition to the Service Awards) and shall not reduce or otherwise have any effect on the benefits made available to the Settlement Class.

6.2    Upon finalization of this Settlement Agreement, the Parties have agreed that FCA US will not oppose Plaintiffs' request that FCA US separately pay Service

17

Awards of $4,000 (Four Thousand Dollars) to each of the Class Representatives through Co-Lead Class Counsel.

6.3    FCA US shall pay Co-Lead Class Counsel the Service Awards and any Attorneys' Fees and Expenses awarded by the Court within 30 days following the later of: (i) the Effective Date or (ii) the first date after the Court enters an order awarding Attorneys' Fees and Expenses and Service Awards, and all appellate rights with respect to said order have expired or been exhausted in such a manner as to affirm the order. Within 3 days following (i) the Effective Date or (ii) the first date after the Court enters an order awarding Attorneys' Fees and Expenses and Service Awards, and all appellate rights with respect to said order have expired or been exhausted in such a manner as to affirm the order, Co-Lead Class Counsel shall provide FCA US a W-9 and wire instructions for receipt of the Court awarded Attorneys' Fees and Expenses and Service Awards.

## VII.  RELEASE

7.1    Upon entry of a Court order granting final approval of the Settlement and entering judgment pursuant to section VIII.C below, Plaintiffs and the Settlement Class irrevocably release, waive, and discharge any and all past, present, and future Released Claims against Releasees.  These include, by way of example, claims and/or demands for damages, costs, attorneys' fees, losses, that have been brought or could have been brought, whether known or unknown, existing or potential, or suspected

18

or unsuspected, whether or not specifically named herein, asserted or unasserted, under or pursuant to any statute, regulation, common law, or equitable principle, and all legal claims of whatever type or description arising out of, that may have arisen as a result of, or which could have been brought based on, any of the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters pleaded in any complaint filed in the Action concerning the front suspension steering damper in Class Vehicles.

7.2   The Settlement Agreement and Release in Section 7.1 do not release claims for death, personal injuries, or other claims unrelated to the front suspension steering damper. The release effected by this Settlement Agreement is intended to be a specific release and not a general release. If, despite and contrary to the Parties' intention, a court construes the release as a general release under California law and determines that Section 1542 of the California Civil Code is applicable to the release, the Class Representatives, on behalf of themselves and all Class Members, hereby expressly waive and relinquish to the fullest extent permitted by law, the rights provided by Section 1542 of the California Civil Code, which provides:

> _Certain Claims Not Affected By General Release:_ _A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party._

Each of the Class Representatives expressly acknowledges that the Class Representative has been advised by Co-Lead Class Counsel, or their designee, of the contents and effects of Section 1542, and with knowledge, each of the Class Representatives hereby expressly waives, on behalf of the Class Representative and all Class Members, whatever benefits the Class Representatives and the Class Members may have had pursuant to such section. Each of the Class Representatives hereby expressly waives, on behalf of the Class Representative and all Class Members, the benefit of any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

7.3    Plaintiffs and Class Members recognize that, even if they later discover facts in addition to or different from those that they now know or believe to be true, they nevertheless agree that, upon entry of the Final Approval Order and Judgment, Releasors fully, finally, and forever settle and release any and all Released Claims against Releasees. The Parties acknowledge that this waiver and release were bargained for and are material elements of the Settlement.

7.4    By this Settlement Agreement, FCA US releases the Plaintiffs and Plaintiffs' Counsel from all claims or causes of action that were, or could have been, asserted by FCA US pertaining to this Action or Settlement. FCA US recognizes that, even if it later discovers facts in addition to or different from those that it now

knows or believes to be true, it nevertheless agrees that, upon entry of an order granting final approval of this Settlement and entering judgment, FCA US, fully, finally, and forever settles and releases any and all such claims. The Parties acknowledge that this waiver and release were bargained for and are material elements of the Settlement.

7.5     This Settlement and the release in the preceding paragraph do not affect the rights of Class Members who timely and properly request exclusion from the Class, or anyone encompassed within the class definitions set forth in the complaints in this Action who is not a member of the Class defined in this Settlement Agreement. The Parties do not intend this Settlement Agreement and release to affect any legal claims that arise out of a consumer's purchase or use of any vehicle other than a Class Vehicle.

7.6     The administration and consummation of the Settlement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement.  The Court retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement, including, but not limited to, orders enjoining Class Members from prosecuting claims that are released pursuant to the Settlement and allowing for discovery related to objectors.

7.7     Upon issuance of the Final Approval Order and Judgment: (i) the Settlement shall be the exclusive remedy for Class Members; (ii) Releasees shall not be subject to liability or expense of any kind to any Class Member(s) for reasons related to the Action except as set forth herein; and (iii) Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against the Releasees.

## VIII. SETTLEMENT APPROVAL PROCESS

**A.     Intention to Complete Settlement.**

8.1     The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement and the transactions contemplated hereby. Plaintiffs shall prepare all preliminary approval and final approval papers.

8.2     If the Preliminary Approval Order or the Final Approval Order and Judgment is not obtained from the Court in the form contemplated by this Settlement or Final Approval Order and Judgment is reversed or materially modified on appeal, this Settlement shall be null and void ab initio upon election of any of the Parties and have no further force and effect with respect to any of the Parties in this Action.

22

Nothing in this provision shall affect FCA US's obligation to pay all costs reasonably incurred by the settlement administration process.

**B.      Preliminary Court Approval.**

8.3      Promptly after execution of this Settlement by the Parties, counsel for the Parties shall present this Settlement to the Court for review and jointly seek entry of an order that certifies the Class as a settlement class, grants preliminary approval of this Settlement, and directs the Settlement Administrator to provide notice of the Settlement in the manner detailed herein.

8.4      No later than 20 days before the Court hearing on final approval of the Settlement, the Settlement Administrator shall provide affidavits for the Court, with a copy to Co-Lead Class Counsel and FCA US, attesting that Notice was disseminated in a manner consistent with the terms of this Settlement Agreement, or as otherwise required by the Court.

**C.      Final Court Approval.**

8.5      Once the Court enters a Preliminary Approval Order, counsel for the Parties shall use their best efforts to promptly obtain entry of a Final Approval Order and Judgment that:

(a)      Finds the Settlement to be fair, reasonable, and adequate;

(b)      Finds that the Notice given constitutes the best notice practicable;

(c)     Approves the Release specified in Section VII as binding and effective as to all Class Members who have not properly excluded themselves from the Class;

(d)     Directs that Judgment be entered on the terms stated herein; and

(e)     Provides that the Court will retain jurisdiction over the Parties and Class Members to enforce the terms of the Final Approval Order and Judgment.

8.6     Upon entry of the Final Approval Order and Judgment, this Action shall be dismissed, on its merits and with prejudice, with respect to all Plaintiffs and all Class Members who have not properly excluded themselves from the Class, and without prejudice as to anyone else, subject to the continuing jurisdiction of the Court.

## IX.   REQUESTS FOR EXCLUSION

9.1     The provisions of this section shall apply to any request by a Class Member for exclusion from the Class.

9.2     Any Class Member may make a request for exclusion by submitting such request in writing as set forth in the Notice.

9.3     Any request for exclusion must be submitted no later than the date specified in the Court's Preliminary Approval Order.

9.4     Any request for exclusion shall (i) state the Class Member's full name and current address, (ii) provide the model year and VIN of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Class.

24

9.5 Failure to comply with these requirements and to timely submit the request for exclusion will result in the Class Member being bound by the terms of the Settlement Agreement.

9.6 Any Class Member who submits a timely request for exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

9.7 The Settlement Administrator shall report the names of all Class Members who have submitted a request for exclusion to the Parties on a weekly basis, beginning 30 days after the Notice Date.

9.8 Co-Lead Class Counsel represent and warrant that they have no other agreements with other counsel respecting Class Members, including any agreements with respect to referring, soliciting, or encouraging any Class Members to request to be excluded (or "opt out") from this Settlement Agreement.

9.9 Upon certification of the Class in connection with the Preliminary Approval of this Settlement Agreement, Co-Lead Class Counsel agree to seek in the Preliminary Approval Order from the Court a provision encouraging all written communications to multiple Class Members with respect to this Settlement Agreement to be reviewed and approved by Co-Lead Class Counsel and the Court, and Co-Lead Class Counsel agree to abide by that provision as may be required by the Court.

# X.   OBJECTIONS

10.1   The Parties will request that the Court enter an order requiring any Class Member who wishes to enter an objection to be considered, to submit a written notice of objection to the Settlement Administrator by the deadline set in the Court's Preliminary Approval Order.

10.2   To state a valid objection to the Settlement, an objecting Class Member must provide the following information in his, her, or its written objection: (i) the case name and number, *Clair Reynolds, et al. v. FCA US LLC*, No. 19-cv-11745 (E.D. Mich.); (ii) his/her/its full name, current address, and current telephone number; (iii) the model year and VIN of his/her/its Class Vehicle(s); (iv) a statement of the objection(s), including all factual and legal grounds for the position; (v) copies of any documents the objector wishes to submit in support; (vi) the name and address of the attorney(s), if any, who is representing the objecting Class Member in making the objection or who may be entitled to compensation in connection with the objection; (vii) a statement of whether the Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel; (viii) the identity of all counsel (if any) who will appear on behalf of the Class Member objecting at the Final Approval Hearing and all persons (if any) who will be called to testify in support of the objection; (ix) the signature of the Class Member objecting, in addition to the signature of any attorney representing the Class Member objecting in connection with

26

the objection, and (x) date the objection. In addition, any Class Member objecting to the Settlement shall provide a list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. If the Class Member or his or her counsel has not made any such prior objection, the Class Member shall affirmatively so state in the written materials provided with the objection.

10.3   If the objecting Class Member intends to appear, in person or by counsel, at the Final Approval Hearing, the objecting Class Member must so state in the objection. Any Class Member who does not state his or her intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

10.4   The Parties will request that the Court enter an order providing that the filing of an objection allows Co-Lead Class Counsel or FCA US's Counsel to notice such objecting person for, and take his, her, or its, deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself/herself/itself available for a deposition or

comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

10.5    Any objector who seeks a fee for their objection shall do so as prescribed under Federal Rule of Civil Procedure 23(e)(5)(B).

10.6    These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement, in accordance with the due process rights of all Class Members.

10.7    Any Class Member who fails to file and timely serve a written objection containing all of the information listed in paragraphs 10.2 and 10.3 above, including notice of his/her intent to appear at the Final Approval Hearing, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.

10.8    The Parties shall promptly inform the Court of any consideration sought by an objector and the circumstances of such a request.

## XI.   MISCELLANEOUS

**A.        Choice of Law.**

11.1   This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of Michigan without giving effect to any choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

**B.        Not Evidence.**

11.2   The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with this Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever to any other party.

11.3   Neither this Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of it, (a) is, or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any legal claim made by Plaintiffs or Class Members, or of any wrongdoing or liability of FCA US; or (b) is, or may be deemed to be, or may be used as, an admission of, or evidence of, any

fault or omission of Releasees in any proceeding in any court, administrative agency, or other tribunal.

11.4 This provision shall survive the expiration or voiding of the Settlement Agreement.

## C. Headings.

11.5 The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

## D. Effect of Exhibits.

11.6 The exhibits to this Settlement Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

## E. Entire Agreement.

11.7 This Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this agreement has been made or relied on except as expressly set forth in this Settlement Agreement. No modification or waiver of any

30

provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person or Party against whom enforcement of the Settlement Agreement is sought.

**F.      Counterparts.**

11.8    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it, and all of which shall be deemed a single agreement.

**G.      Arm's Length Negotiations.**

11.9    The Parties have negotiated all terms and conditions of this Settlement Agreement at arm's length. The provisions for Attorneys' Fees and Expenses and Service Awards set forth herein were negotiated separately from and after agreement on the provisions for relief to Plaintiffs and the Class.

11.10  All terms, conditions, and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

11.11  The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were

31

represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Agreement.

**H.      Public Statements.**

11.12 The Parties and their Counsel agree to keep the substance of this Settlement Agreement confidential, provided that this Section shall not prevent FCA US from disclosing such information, prior to the date on which the Settlement Agreement is filed, to state and federal agencies, independent accountants, actuaries, advisors, financial analysts, insurers, or attorneys, nor shall it prevent the Parties and their Counsel from disclosing such information to persons or entities (such as experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of the Settlement Agreement; provided further that FCA US may disclose publicly the terms of the Settlement Agreement that it deems necessary to meet its regulatory obligations or fiduciary duties; and provided further that Plaintiffs may disclose the terms to their expert(s). Neither the Parties nor their Counsel shall issue (or cause any other Person to issue) any press release concerning the existence or substance of this Settlement Agreement.

**I.**      **Good Faith.**

11.13 The Parties acknowledge that prompt approval, consummation, and implementation of this Settlement is essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement, shall promptly perform their respective obligations hereunder, and shall attempt to resolve any dispute that may arise under this Settlement in a good faith and expeditious manner.

**J.**      **Continuing Jurisdiction.**

11.14 The Parties agree the Court may retain continuing and exclusive jurisdiction over them, and all Class Members, for the purpose of the administration and enforcement of this Settlement.

**K.**      **Extensions of Time.**

11.15 The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement without further notice (subject to Court approval as to court dates).

**L.**      **Service of Notice.**

11.16 Whenever, under the terms of this Settlement Agreement, written notice is required to FCA US or Co-Lead Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing:

33

<u>As to Plaintiffs:</u>
Simon Paris
Saltz Mongeluzzi & Bendesky, PC
120 Gibraltar Road, Suite 218
Horsham, PA 19044

<u>As to Defendant:</u>
Stephen A. D'Aunoy
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 631010

IN WITNESS HEREOF, each of the Parties hereto has caused this agreement

to be executed, as of the day(s) set forth below.

Dated: October 13, 2022

SALTZ MONGELUZZI & BENDESKY,
PC

_____

THE MILLER LAW FIRM

_____

Co-Lead Class Counsel for Plaintiffs and the
Class

THOMPSON COBURN LLP

_____

Counsel for Defendant FCA US LLC

APPROVED AND AGREED TO BY AND ON BEHALF OF DEFENDANT, FCA US LLC

Dated:          October 13, 2022

By:_____

Title: Vice President and Assistant General Counsel

# Exhibit A

A proposed settlement has been reached in a lawsuit alleging 2018-2020 Jeep Wrangler and 2020 Jeep Gladiator vehicles manufactured by FCA US LLC ("Class Vehicles") have a front suspension steering damper defect that causes the steering wheel and front suspension of the vehicle to shake after contact with a bumpy road surface at highway speed. The case is *Reynolds, et al. v. FCA US LLC*, Case No. 2:19-cv-11745 (E.D. Mich.), currently pending in the Eastern District of Michigan. The proposed Settlement is not an admission of wrongdoing by FCA US, and FCA US denies it violated the law. The Court has not decided who is right or wrong. Rather, to avoid the time, expense, and uncertainty of going forward with the case, the parties have agreed to settle. That Settlement has been preliminarily approved by the Court.

**Settlement Benefits:**

    **(1)**   **Warranty Extension**: If you own or lease a Class Vehicle and do not opt out of the settlement class (see below), FCA US will provide a warranty extension of up to 8 years or 90,000 miles, whichever is earlier, from the date the vehicle was first sold to its original owner or lessee, to cover all parts and labor needed to replace a failed front suspension steering damper.

    **(2)**   **Cash Reimbursement for Repairs**: You may be entitled to reimbursement if you paid out-of-pocket for a replacement of the front suspension steering damper in your Class Vehicle. To submit a claim for reimbursement, go to www.fcarecallreimbursement.com.

**To Opt-Out:** If you do not wish to participate in the proposed Settlement, you must exclude yourself on or before_____ _____ , 2023. Please visit [Settlement Website/opt-out] for more information.

**To Object:** If you wish to object to the proposed Settlement, you must take specific steps on or before _____ , 2023. Please visit [Settlement Website/object] for more information.

The Court will hold a fairness hearing on _____ , 2023 to consider whether to approve the proposed Settlement as well as Class Counsel's application for fees and costs in an amount up to $3,950,000 for their work in the case, which would be paid by FCA US. The Court will also consider a Service Award payment of up to $4,000.00 for each Class Representative. You can appear at the hearing, but you do not have to. If you want to, you can hire your own attorney, at your own expense, to appear or speak for you at the hearing. If the Court approves the proposed Settlement, which excludes claims for personal injury and property damage, you will not be able to sue for similar claims if you remain in the class.

*For more information, visit www.xxxxxxxx.com or call toll-free 1-xxx-xxx-xxxx*
*Para una notificación en Español, visitar www.xxxxxxxx.com.*

---

*Reynolds v. FCA US, LLC*
**Settlement Administrator**
**P.O. Box _____**
**City/State/Zip**

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

NOTICE OF PROPOSED CLASS
SETTLEMENT

CLASS MEMBER NAME
CLASS MEMBER ADDRESS
CITY, STATE   ZIP CODE

**If you purchased or leased a 2018-2020 Jeep Wrangler or 2020 Jeep Gladiator, a proposed class action settlement may affect your rights and entitle you to cash compensation. This is not a lawyer solicitation.**

# Exhibit B

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

## NOTICE OF PROPOSED CLASS SETTLEMENT

**A proposed class action settlement may affect your rights and entitle you to certain benefits if you purchased or leased in the United States a Model Year 2018-2020 Jeep Wrangler or 2020 Jeep Gladiator.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*Your rights are affected regardless of whether you act or do nothing. Read this notice carefully.*

- The purpose of this notice is to inform you of a proposed settlement of a class action lawsuit known as *Reynolds, et al. v. FCA US, LLC*, No. 2:19-cv-11745 (E.D. Mich.). You are freceiving this notice because records available to the parties indicate that you may be entitled to claim certain benefits offered by this Settlement.

- This Action alleges that model-year 2018-2020 Jeep Wranglers and 2020 Jeep Gladiators ("Class Vehicles") suffer from a defect in the front suspension steering damper that causes the steering wheel and front suspension to shake after the Class Vehicle contacts a bumpy road surface at normal highway speeds.

- FCA US has not been found liable for any of the claims alleged in this Action, and FCA US denies the Class Vehicles are defective. The Court has not decided who is right. The Parties have instead reached a voluntary settlement to avoid lengthy litigation and expedite relief to consumers. The consumers who own or lease the Class Vehicles are known as "Class Members."

- FCA US has voluntarily implemented a Customer Service Notification ("CSN") applicable to certain Class Vehicles to remedy the alleged condition.

- The proposed Settlement provides a warranty extension of up to 8 years or 90,000 miles from the date the vehicle was first sold to its original owner or lessee (whichever occurs first) that covers the cost of all parts and labor to replace a failed front suspension steering damper ("Warranty Extension").

- Under the proposed Settlement, FCA US will also reimburse Class Members who paid out-of-pocket for the costs of a repair relating to the replacement of the front suspension steering damper.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

1

| SUBMIT A CLAIM ONLINE FOR REPAIRS YOU PAID FOR | If you paid to have the front suspension steering damper replaced in your Class Vehicle, you can submit a claim for reimbursement at www.fcarecallreimbursement.com. The claim process is simple and should only take a few minutes to complete. |
|---|---|
| DO NOTHING | If you do nothing, you will be included in the Settlement and will automatically receive the benefits of the Warranty Extension. |
| EXCLUDE YOURSELF | If you exclude yourself from the Settlement, you will not be eligible for the Warranty Extension or for the reimbursement of any payment you may have made to replace the front suspension steering damper.  This is the only option that allows you to file your own lawsuit against FCA US related to the front suspension steering damper. The deadline to submit a request for exclusion is _____, 2023. |
| OBJECT | To object to the Settlement, you must remain a Class Member in this lawsuit.  You cannot ask to be excluded. You may object to the Settlement by writing to Class Counsel (identified on page 9) and indicating why you do not like the Settlement. The deadline to object is _____, 2023. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options--**and the deadlines to exercise them**--are explained in this notice.

- The Court in charge of this case must still decide whether to approve the Settlement.  The Warranty Extension will be provided and reimbursements issued *if* the Court approves the Settlement and *after* appeals are resolved. The Court approval process may take some time, so please be patient.

  - *Visite www.xxxxxxxxx.com para obtener una copia de este aviso en español.*

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ................................................................................................4
1.   Why did I get this notice package? ......................................................................4
2.   What is this lawsuit about? ...................................................................................4
3.   Why is this a class action? ...................................................................................4
4.   Why is there a settlement? ...................................................................................4
WHO IS IN THE SETTLEMENT? ...............................................................................5
5.   How do I know if I am part of the Settlement?....................................................5
6.   Which vehicles are included? ...............................................................................5
7.   Am I included if I bought or leased a Class Vehicle that has not had problems? ...................5
8.   I am still not sure if I'm included. ........................................................................ 5
SETTLEMENT BENEFITS – WHAT YOU GET ........................................................5
9.   What does the Settlement provide?......................................................................5
HOW YOU GET A REIMBURSEMENT ......................................................................6
10. How do I make a Claim? .....................................................................................6
11. What am I giving up by staying in the Class? ......................................................6
EXCLUDING YOURSELF FROM THE SETTLEMENT............................................7
12. How do I get out of the Settlement? ...................................................................7
13. If I don't exclude myself, can I sue for the same thing later?...............................7
14. If I exclude myself, can I get the benefits of this Settlement?.............................8
THE LAWYERS REPRESENTING YOU .....................................................................8
15. Do I have a lawyer in this case?...........................................................................8
16. How will the lawyers be paid, and will the Class Representatives receive service payments? .. 8
OBJECTING TO THE SETTLEMENT.........................................................................9
17. How do I object to the Settlement?......................................................................9
18. What is the difference between objecting and excluding?....................................9
THE COURT'S FAIRNESS HEARING.......................................................................10
19. When and where will the Court decide whether to approve the Settlement? ..........10
20. Do I have to come to the Fairness Hearing? .......................................................10
21. May I speak at the Fairness Hearing? .................................................................10
IF YOU DO NOTHING ...............................................................................................10
22. What happens if I do nothing at all? ...................................................................10
GETTING MORE INFORMATION.............................................................................11
23. Are there more details about the Settlement? .....................................................11
24. How do I get more information?..........................................................................11
ADDRESSES YOU MAY NEED .................................................................................12

For more information, visit www.xxxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

**BASIC INFORMATION**

**1.    Why did I get this notice package?**

According to vehicle records available to the parties, you bought or leased a Class Vehicle in the United States. The Court has ordered this notice be sent to you because you have a right to know about the proposed settlement of this class action lawsuit and about your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, FCA US will provide the Extended Warranty and other benefits agreed to in the Settlement. This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. *You should read this entire notice*.

**2.    What is this lawsuit about?**

The people who filed this lawsuit are called Plaintiffs. The company they sued, FCA US, is called the Defendant. The Plaintiffs allege that the Class Vehicles suffer from a defect that causes the steering wheel and front suspension to shake after contact with a bumpy road surface at highway speeds. FCA US has not been found liable for any of the claims alleged in this action, and FCA US denies the Class Vehicles are defective. The Court has not decided who is right.

**3.    Why is this a class action?**

In a class action lawsuit, one or more persons, called "Class Representatives" (in this case Clair Reynolds, Monica Martirano, William Martin Powers, Trina Hancock, Melinda Martinez, and Brady Laing) sue on behalf of people who may have similar claims. These individuals, and those who are similarly situated, are collectively known as the "Class" or "Class Members." One court resolves the issues for all Class Members, except those who exclude themselves from the Class. The Court in charge of this case is the United States District Court for the Eastern District of Michigan, and the case is known as *Reynolds, et al. v. FCA US, LLC*, No. 2:19-cv-11745 (E.D. Mich.). District Court Judge Mark A. Goldsmith is presiding over this class action.

**4.    Why is there a settlement?**

The Class Representatives and FCA US agreed to a Settlement to avoid the costs and risks of further litigation, including a potential trial. The Settlement does not mean that FCA US broke any laws or did anything wrong.  The Court has not decided which side is right.

The Class Representatives and FCA US entered into an agreement ("Settlement Agreement") that was preliminarily approved by the Court that authorized the issuance of this notice. The Class Representatives, and the lawyers representing them (called "Class Counsel"), believe that the Settlement is in the best interest of the Class Members.

This notice summarizes the essential terms of the Settlement. The Settlement Agreement along with all exhibits and addenda set forth the rights and obligations of all the Parties in greater detail. These documents are all available for review at www.xxxxxxxxx.com. *If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement governs*.

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

4

**WHO IS IN THE SETTLEMENT?**

**5.      How do I know if I am part of the Settlement?**
Judge Goldsmith certified a Class comprised of:

> All individuals who purchased or leased in the United States a Model Year
> 2018-2020 Jeep Wrangler or 2020 Jeep Gladiator.

The Class excludes FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in
which FCA US has a controlling interest; any officer, director, or employee of FCA US;
any successor or assign of FCA US; any judge to whom this Action is assigned, his or her
spouse, and all persons within the third degree of relationship to either of them, as well as
the spouses of such persons; individuals and/or entities who validly and timely opt-out of
the Settlement; consumers or businesses that have purchased Class Vehicles previously
deemed a total loss (i.e., salvage) (subject to verification through Carfax or other means);
and current or former owners of a Class Vehicle that previously released their claims
against FCA US with respect to the same issues raised in this class action.

The Class excludes all claims for death, personal injury, property damage, and subrogation.

**6.      Which vehicles are included?**
The "Class Vehicles," for the purposes of the description in question 5 above, are the
following vehicles: model-year 2018-2020 Jeep Wranglers and 2020 Jeep Gladiators
purchased or leased in the United States.

**7.      Am I included if I bought or leased a Class Vehicle that has not had problems?**
Yes. You are still a Class Member even if your vehicle has not experienced any problem
with its front suspension steering damper. If you still own or lease a Class Vehicle, you will
be eligible to take advantage of a Warranty Extension covering the front suspension steering
damper for a period of up to 8 years or 90,000 miles (whichever occurs first) from the date
the vehicle was first sold to its original owner or lessee, as well as certain other benefits of
the Settlement.

**8.      I am still not sure if I'm included.**
If you are still not sure whether you are included, you can ask for free help. You can visit
the settlement website at www.xxxxxxxxx.com. You can also call 1-xxx-xxx-xxxx and ask
whether your vehicle is included in the Settlement. Whether you visit the website or call
the toll-free number, you will need to have your Vehicle Identification Number ("VIN")
ready. The VIN is located on a placard on the top of the dashboard and is visible through
the driver's side corner of the windshield. It also appears on your vehicle registration card
and probably appears on your vehicle insurance card. Your VIN should have 17 characters,
comprised of a combination of letters and numbers.

**SETTLEMENT BENEFITS – WHAT YOU GET**

**9.      What does the Settlement provide?**
The Settlement provides the following benefits:

1.    Warranty Extension
      FCA US will provide a Warranty Extension for the Class Vehicles covering a period
      of up to 8 years or 90,000 miles (whichever occurs first) from the date the vehicle

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

5

was first sold to its original owner or lessee. The Warranty Extension will cover the cost of all parts and labor needed to replace a failed front suspension steering damper. Except for the durational limits applicable to the front suspension steering damper, the terms, conditions, and exclusions of the Basic Limited Warranty and the Powertrain Limited Warranty applicable to the Class Vehicles shall apply.

You do <u>NOT</u> need to do anything to receive the benefits of this Warranty Extension.

2. <u>Product Improvements</u>
If there is a problem with the front suspension steering damper that the Warranty Extension covers, FCA US shall install the version of the steering damper currently authorized at the time of repair.

3. <u>Reimbursement for Repairs</u>
In connection with the Settlement, any Class Member who paid to have the front suspension steering damper replaced in their Class Vehicle will be entitled to submit a claim for reimbursement. To submit a claim for reimbursement, please visit www.fcarecallreimbursement.com. Please have records of the repair(s) performed and amount(s) paid available when submitting your claim.

## HOW YOU GET A REIMBURSEMENT

**10. How do I make a Claim?**

1. <u>Reimbursement for Repairs</u>
Please visit www.fcarecallreimbursement.com to submit a claim for reimbursement of the amount paid for a repair relating to the front suspension steering damper in your Class Vehicle. The claim process is simple and should take most Class Members no longer than a few minutes to complete.

Please keep a copy of all documentation you submit for your own records.

Claimants previously reimbursed in full or in part for a qualifying expense (e.g., through an FCA US or dealership goodwill payment) are not entitled to reimbursement under this Settlement for that portion of the expense for which they have already been reimbursed.

**11. What am I giving up by staying in the Class?**
Unless you exclude yourself in writing as described in the answer to Question 14, you will be treated as part of the Class. That means that if the Settlement is approved, you cannot sue, continue to sue, or be part of any other lawsuit against FCA US or other related entities or individuals (listed in the Settlement Agreement, which you can view at www.xxxxxxxxx.com) about the legal issues in *this* case. This includes but is not limited to claims of false advertising, deceptive practices, fraud, breach of implied or express warranties, lemon laws, unjust enrichment, strict product liability, and negligence. It also means that all of the Court's orders will apply to you and legally bind you.

However, nothing in this Settlement will prohibit you from pursuing claims for: (i) death, (ii) personal injury, (iii) damage to property other than to a Class Vehicle, (iv) subrogation, or (v) any and all claims that relate to something other than a Class Vehicle and the front

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

suspension steering damper at issue in this case. If you have any questions about the scope of the legal claims you give up by staying in the Class, you may view Section VII of the Settlement Agreement (available at www.xxxxxxxxx.com) or you can contact Class Counsel identified in Section 17 below for free or speak with your own lawyer at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**12. How do I get out of the Settlement?**

If you do not want the benefits or reimbursements provided in this Settlement, and you want to keep the right to sue or continue to sue FCA US or other related entities or individuals on your own about the legal issues in this case, including for any existing claims you may currently have, then you must take steps to get out of the Class. This is called excluding yourself and is sometimes referred to as opting out of the Class.

To exclude yourself from the Settlement, you must send a letter by U.S. Mail (or an express mail carrier) saying that you want to "opt-out of" or "be excluded from" the Class Settlement in *Reynolds, et al. v. FCA US, LLC*, No. 2:19-cv-11745 (E.D. Mich.). Be sure to: (i) include your full name and current address, (ii) identify the model year, approximate date(s) of purchase or lease, and Vehicle Identification Number ("VIN") of your vehicle (which is located on a placard on the top of the dashboard visible through the driver's side corner of the windshield), and (iii) clearly state your desire to be excluded from the Settlement and from the Class. You must mail your exclusion request postmarked no later than _____ _____, 2023, to: _____.

You can't exclude yourself on the phone, through any website, or by email. Please keep a copy of any exclusion (or opting out) letter for your records.

If you ask to be excluded, you cannot receive any benefits under this Settlement, and you cannot object to the Settlement. If you choose to be excluded or opt out, you will be excluded for all claims you have that are included in the Settlement. You will not be legally bound by anything that happens in this lawsuit. Depending on the laws in your state, you may be able to sue (or continue to sue) FCA US or other related entities or individuals in the future about the legal issues in this case.

**13. If I don't exclude myself, can I sue for the same thing later?**

No. Unless you exclude yourself (opting out), you give up the right to sue FCA US and other related entities or individuals for the claims that this Settlement resolves. For a complete description of the claims that this Settlement resolves, please see Section VII of the Settlement Agreement, available at www.xxxxxxxx.com.

If you have a pending lawsuit against FCA US or related entities, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit if it concerns the same legal issues related to the Class Vehicles and the alleged defect in this case, even if it involves other causes of action, including but not limited to false advertising, deceptive practices, fraud, breach of implied or express warranties, lemon laws, unjust enrichment, strict product liability, and negligence. Remember, the exclusion deadline is _____, 2023.

For more information, visit www.xxxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

7

If you are a Class Member and you do nothing, you will remain a Class Member and all of the Court's orders will apply to you, you will be eligible for the Settlement benefits described above as long as you satisfy the conditions for receiving them, and you will not be able to sue FCA US over the issues in this lawsuit.

**14.    If I exclude myself, can I get the benefits of this Settlement?**

No. If you exclude yourself, you cannot ask for any reimbursement, and you will not receive an extended warranty for your vehicle. But you may sue, continue to sue, or be part of a different lawsuit against FCA US and other related entities or individuals for the claims that this Settlement resolves.

**THE LAWYERS REPRESENTING YOU**

**15.    Do I have a lawyer in this case?**

The Court has appointed Simon Paris of Saltz Mongeluzzi & Bendesky, P.C. and E. Powell Miller of the Miller Law Firm P.C. to represent you and other Class Members. Together these lawyers are called Co-Lead Class Counsel.

E. Powell Miller
MILLER LAW FIRM, P.C.
Rochester, MI 48307
JeepSteeringShimmy@miller.law

Simon Paris
SALTZ MONGELUZZI &
BENDESKY P.C.
120 Gibraltar Road, Suite 218
Horsham, PA 19044
JeepSteeringShimmy@smbb.com

**PLEASE DO NOT SEND CLAIMS FOR REIMBURSEMENT TO THE ABOVE ATTORNEYS.**

**16.    How will the lawyers be paid, and will the Class Representatives receive service payments?**

At a later date, Class Counsel will ask the Court for attorneys' fees, expenses, and service payments to each of the named Class Representatives. It will be up to the Court to decide whether to award any of the requested fees, expenses, and service payments. The Court may award less than the amounts requested by Class Counsel. FCA US will separately pay the fees and expenses and service payments that the Court awards. These amounts will not come out of the funds for payments to Class Members. Class Counsel will not seek more than $3,950,000 in fees and expenses or a service award of more than $4,000 for each named Class Representative. Class Counsel will file their motion for attorneys' fees and expenses by _____, 2023. You may continue to check on the progress of Class Counsel's request for attorneys' fees, expense reimbursement, and service awards by visiting the settlement website www.xxxxxxxxx.com.

FCA US will also separately pay the costs to administer the Settlement.

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

8

**OBJECTING TO THE SETTLEMENT**

**17.   How do I object to the Settlement?**

Any Class Member who has not successfully excluded themselves from the Class may object to the approval of the Settlement, to any aspect of the Settlement or the Settlement Agreement, to the application for attorneys' fees and costs, and/or to the application for a Class Representative Award to Plaintiffs. To object, you must properly file any objection in the Action with the Clerk of Court of the United States District Court for the Eastern District of Michigan on or before [DATE] and must mail or hand-deliver a copy of the objection to Class Counsel and Counsel for FCA US at the addresses set forth below by that same date. To be timely, objections that are mailed must be postmarked by [DATE], and objections that are hand-delivered must be received by the Court, Class Counsel, and Counsel for FCA US by [DATE].

Your objection letter must include:

1. the name and title of the lawsuit, *Clair Reynolds, et al. v. FCA US, LLC*, No. 2:19-cv-11745 (E.D. Mich.);
2. a detailed written statement of each objection being made, including the specific reasons for each objection, and any evidence or legal authority to support each objection;
3. your full name, address, and telephone number;
4. the model year and VIN of your Class Vehicle;
5. a statement of whether you or your lawyer will ask to appear at the Fairness Hearing to talk about your objection;
6. any supporting papers, materials, exhibits, or briefs that you want the Court to consider when reviewing the objection;
7. the identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to your objection;
8. a list of any other objections submitted by you or any of your counsel, to any class action settlements submitted in any court in the United States in the previous five years; and
9. your signature and that of your attorney, if you have one, and the date of the objection.

Submitting an objection allows Class Counsel or Counsel for FCA US to notice your deposition and to seek any documentary evidence or other tangible things that are relevant to your objection. Failure to make yourself available for such a deposition or to comply with expedited discovery requests may result in the Court striking your objection or denying you the opportunity to be heard. The Court may require you or your counsel to pay the costs of any such discovery should the Court determine the objection is frivolous or made for an improper purpose.

If you do not state your intention to appear in accordance with the applicable deadlines and specifications, or you do not submit an objection in accordance with the applicable deadlines and specifications, you will waive all objections and can be barred from speaking at the Final Approval Hearing.

**18.   What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class and the Settlement. You cannot both exclude

For more information, visit www.xxxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

yourself and object. If you choose to both exclude yourself and object, it will be treated as if you excluded yourself only. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, subject to the requirements above, but you don't have to.

19.   **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at ___ a.m. on _____, 2023, at the U.S. District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide whether and/or how much to pay Class Counsel and whether to approve the Class Representatives' service awards. After the hearing, the Court will decide whether to finally approve the Settlement. We do not know how long these decisions will take.

The hearing may be rescheduled without further notice to you, and may be conducted remotely, so it is recommended you periodically check www.xxxxxxxxx.com for updated information.

20.   **Do I have to come to the Fairness Hearing?**

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed a valid written objection on time, the Court will consider it. You may also attend or pay your own lawyer to attend, but it's not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

21.   **May I speak at the Fairness Hearing?**

You may ask the Court's permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Clair Reynolds, et al. v. FCA US, LLC*, No. 2:19-cv-11745 (E.D. Mich.)" or state in your objections that you intend to appear at the hearing. Be sure to include your name, address, telephone number, the model year and VIN for your Class Vehicle(s), and signature, as well as the identities of any attorneys who will represent you. Your Notice of Intention to Appear must be postmarked no later than __, 2023, and be sent to Class Counsel and Counsel for FCA US, whose addresses are provided below.

## IF YOU DO NOTHING

22.   **What happens if I do nothing at all?**

If you do nothing, you will remain a Class Member and be entitled to the benefits of the Warranty Extension (if you continue to own or lease your Class Vehicle), and you will be entitled to file claims for the reimbursement of any payment you made to replace the front suspension steering damper. But you will never be able to file a lawsuit, continue a lawsuit, or be part of any other lawsuit against FCA US or other related entities or individuals concerning the legal issues in this case.

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

**GETTING MORE INFORMATION**

**23.  Are there more details about the Settlement?**

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which you can view at www.xxxxxxxxx.com.

Neither FCA US, Class Counsel, or the Class Representatives make any representation regarding the tax effects, if any, of receiving any benefits under this Settlement. Consult your tax adviser for any tax questions you may have.

**24.  How do I get more information?**

You can call the Settlement Administrator at 1-xxx-xxx-xxxx or write to them at or visit www.xxxxxxxxx.com, where you will find information and documents about the Settlement and other information. You may also contact Class Counsel listed in response to Question 15.

All papers filed in this Action are also available for review via the Public Access to Court Electronic Resources System (PACER), available online at http://www.pacer.gov.

**DO NOT WRITE OR TELEPHONE THE COURT, THE CLERK'S OFFICE, OR FCA US WITH ANY QUESTIONS ABOUT THIS NOTICE, THE SETTLEMENT, OR THE SETTLEMENT AGREEMENT.**

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

**ADDRESSES YOU MAY NEED**

**Class Counsel**

E. Powell Miller
Dennis A. Lienhardt
MILLER LAW FIRM, P.C.
Rochester, MI  48307

Simon Paris
SALTZ MONGELUZZI & BENDESKY P.C.
120 Gibraltar Road,
Suite 218
Horsham, PA 19044

**Defense Counsel:**

Stephen D'Aunoy
THOMPSON COBURN LLP
One U.S. Bank Plaza, 26th Floor
St. Louis, Missouri 63101

**Settlement Administrator:**

**XXX**
**XXX**
**XXX**

For more information, visit www.xxxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.