43

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CLAIR REYNOLDS, et al, | ) |
| Plaintiffs, | ) |
| | Case No. 2:19-cv-11745 |
| v. | District Judge Mark A. Goldsmith |
| FCA US LLC, | Magistrate Judge Elizabeth A. Stafford |
| Defendant | |

F I L E D
FEB - 8 2023
CLERK'S OFFICE
DETROIT

**AMICUS CURAIE MEMORANDUM**
**OF PROPOSED ATTORNEY FEE AND EXPENSE APPLICATION**
**AND REQUEST FOR REASONED REASONABLENESS TEST ASSESSMENT**

Applicant, Larry D. Killion (pro se), a Settlement Class Member, owner of a 2018 Jeep Wrangler, VIN 1C4HJXEG6JW192098, in receipt of a postcard Notice of Proposed Class Settlement for the captioned cause submits the attached **AMICUS CURAIE MEMORANDUM  OF PROPOSED ATTORNEY FEE AND EXPENSE APPLICATION AND REQUEST FOR REASONED REASONABLENESS TEST ASSESSMENT,**

1.   **to apply to the entire class (and not just to me personally),** the Applicant does not plan to attend the Final Approval Hearing, and request that the Court take into account the attached Class Action attorney fee memorandum when deliberating the reasonableness of requested fee and expenses.

2.   **This submission is based on those document of record in https://**

   2.   *Option (2) This Objection is based on those documents of record in https://www https://www.cptgroupcaseinfo.com/FCAUSSettlement/, as of the date of this Submission.*

**RATIONALE OF THE MEMORANDUM**

1.   Rationale behind  this memorandum, includes...

1.1 Although Representative Plaintiff's in this Class Action Lawsuit have ostensibly approved the the Application, the Application must still pass the Court's reasonableness test.

1.2 Is the Application in the best interest of Settlement Class Members and is it reasonable.

1.3 The Application must be thoroughly tested for its reasonableness, including taking into account:

1.3.1   American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees
- A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.
- Traditional fee analysis to determine reasonableness takes into account...
  - the time and labor required,
  - the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
  - the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
  - the fee customarily charged in the locality for similar legal services;
  - the amount involved and the results obtained;
  - the time limitations imposed by the client or by the circumstances;
  - the nature and length of the professional relationship with the client;
  - the experience, reputation, and ability of the lawyer or lawyers performing the services; and
  - whether the fee is fixed or contingent

1.3.2   Federal Rules of Civil Procedure, Class Action Rule 23;
- The Court '*may*' [*emphasis added, a discretionary power*] award reasonable attorney's fees that are authorized by law or by the parties' agreement.

1.3.3   Class Action Fairness Act of 2005;
- Class Action settlements [damages and attorney's fees] are subject to Court approval, taking into account...
  - Reports filed with the House of representatives and the Senate containing recommendations on the best practices that courts can use to ensure that proposed class action settlements are fair to the class members that the settlements are supposed to benefit and recommendations on the best practices that courts can use to ensure that— the fees and expenses awarded to counsel in connection with a class action settlement appropriately reflect the extent to which counsel succeeded in obtaining full redress for the injuries alleged and the time, expense, and risk that counsel devoted to the litigation; recommendations on the class members on whose behalf the settlement is proposed are the primary beneficiaries of the settlement

1.3.4   Court rulings, in particular attorney fee reasonableness test criteria described in
- Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.
  - Determining reasonable fees under the **lodestar method** is a two-step process.
    - First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. By multiplying the number of reasonable hours by the reasonable hourly rate, the court determines the base fee or 'lodestar'.

- The court then may adjust the base fee or lodestar up or down (by applying a multiplier), if relevant factors indicate an adjustment is necessary to reach a *reasonable* fee in the case.
- Under the lodestar method, the most heavily weighted multipliers are the time and labor required.
- Reasonableness takes into account the factors used by the traditional fee *determination*.

4. The Court is requested to consider the attached Amicus Curaie Memorandum in its deliberations.

Respectfully submitted

This _____ 30 _____ day of January, 2023.

_[Larry D. Killion]_
Settlement Class Member

713 90-9135, (mobil)
832 203-7695 (fax)
1123 5ldk@comcast.net  email
2114 Oxford Street
Houston, Texas 77008

## CERTIFICATE OF SERVICE

I, Larry D. Killion, hereby certify that on the _____ 30 _____ day of January, 2023, copies of the **AMICUS CURAIE MEMORANDUM  OF PROPOSED ATTORNEY FEE AND EXPENSE APPLICATION AND REQUEST FOR REASONED REASONABLENESS TEST ASSESSMENT,** WERE mailed by first class prepaid postage or by email, to the following recipients:

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
Clerk's Office
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 599
Detroit, MI 48226

CLASS COUNSEL
Simon Paris
SALTZ MONGELUZZI & BENDESKY P.C.
120 Gibraltar Road, Suite 218
Horsham, PA 19044

Defendant
Stephen D'Aunoy
THOMPSON COBURN LLP
One U.S. Bank Plaza, 26th Floor
St. Louis, Missouri 63101

Settlement Administrator:
Reynolds, et al. v. FCA US LLC
c/o CPT Group Inc.
50 Corporate Park
Irvine, CA 92606
Toll Free: 1-888-318-0175
Website: www.cptgroupcaseinfo.com/FCAUSSettlement


I, Larry D Killion , further certify I am a Settlement Class Member.

Larry D. Killion

It is presumed Lead Counsel will post this filiing as a relevant document in this case online internet posting cite.

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CLAIR REYNOLDS, et al, <br><br>       Plaintiffs, <br><br> v. <br><br> FCA US LLC, <br><br>       Defendant | )          Case No. 2:19-cv-11745 <br> ) <br><br> District Judge Mark A. Goldsmith <br><br> Magistrate Judge Elizabeth A. Stafford |

## AMICUS CURAIE MEMORANDUM  OF PROPOSED ATTORNEY FEE AND EXPENSE APPLICATION AND REQUEST FOR REASONED REASONABLENESS TEST ASSESSMENT

# Table of Contents

| | |
|---|---|
| Class Action Lawsuit Industry | 3 |
| Incentive Factors | 3 |
| How To Control Award Of Huge Attorney Fees | 4 |
| First - Attorney Fee Reduction Action Plans | 4 |
| Why These Plans? | 5 |
| Short Lesson:   Class Action Lawsuit Boot Camp | 8 |
| Advantages of a Class Action Lawsuit, includes: | 8 |
| Disadvantage of a Class Action Lawsuit, includes: | 9 |
| Attorney's Fees | 11 |
| Advantages of Contingency Fee Structure Includes: | 12 |
| Disadvantages of Contingency Fee Structure Includes: | 12 |
| Attorney Fees Reasonableness Test | 13 |
| Use, Misuse and Abuse – Standards of Proof and Other Reforms | 15 |
| Justice and Class Action Lawsuits | 19 |
| Appendix A – | 24 |
| Class Action Lawsuits – Huge Attorney Fee Illustrations | 24 |
| Appendix B | 26 |
| Example Form Objection To Attorney's Fees | 26 |
| Appendix C | 31 |
| Example Op=Out Form | 31 |
| Appendix D | 33 |
| Class Action Lawsuits – Attorney Fee Legislation | 33 |
| Appendix E | 37 |
| Class Action Lawsuit Postcard Claim Form | 37 |

## Class Action Lawsuit Industry

It seems like these days, the Class Action lawsuit industry is alive and well. Receipt of postcard Class Action claim form notices (now managed by non-lawyer specialist administrative businesses – part of the thriving industrial growth), snail mailed to Class Action Victims known as Class Members, arrive about as frequent as Christmas holiday consumer catalogues.

## Incentive Factors

Incentive factors influencing this Class Action industry growth, especially the award of huge attorney fees (leaving the real victims of a case often with only a nominal award), includes:

- **Incentive No. 1: Huge Lawyer Fees**. A review of randomly selected Class Action federal court files[1], illustrates the magnitude of huge attorney fee award incentives, typically accompanied by small nominal claim awards to individual Class Members. The three example cases cited in Appendix A indicate typical individual award to Class Members of less than $20 to perhaps $20,000 (in the optimum extreme case) while awarded attorney's fees represented ~25% of **TOTAL** award claim for an average range of **per attorney** fee of $222,000 to $287,000;

- **Incentive No. 2: 'Deep-Pocket' Defendants**. Many defendants in Class Action lawsuits who honestly try to comply with applicable laws, are well known established (Appendix A example Class Action cases are well respected publicly traded companies: Nielsen-NYSE, T-Mobile-NASDAQ and American Airlines-NASDAQ), Oracle Corporation-NYSE, highly regulated public businesses, financially sound with 'deep-pockets' and capable of paying huge attorney fees, thus 'easy-worth-the-effort' litigation incentive targets. These businesses routinely retain experts to give them advice in regard to compliance with relevant laws and regulations. None of these characteristics are indicative of a company out-to-cheat its customers or investors.

- **Incentive No. 3: Speculative Law Compliance – Use, Misuse, Abuse**. Laws on which many Class Action lawsuits are based, are not 'black-and-white' and easily interpreted as to what is right and what is wrong, are complex and subject to wide interpretations – for example security fraud and consumer protection laws – making compliance with these laws challenging – especially for honest defendants. Because of the speculative nature of these laws, litigation minded lawyers have the incentive to craft a case, whether real or illusionary, that places doubt in jury's and Judges's minds whether or not such speculative laws have been violated. As in all things in life, laws can be **used** for their intended public protection purpose, **misused** or **abused**.

Awareness of these incentives is nothing new, as there are a multitude of studies, reports and papers (see the Bibliography of examples of such papers), discussing the pros and cons of Class Action

---

[1] Appendix A is a summary of recent Class Action lawsuits illustrating applications for huge attorney's fees coupled with nominal awards to Class Member victims.

lawsuits, many focusing on and criticizing what justice is all about and the disparity between huge plaintiff's attorney's fees paid by defendants coupled with nominal award claims paid to the real victims. While many of these reports are scholarly and well researched, they have had little impact on reducing, or at least shifting, huge attorney fee awards and putting more justified compensation into the pockets of the real victims.

*Many of these papers ask the question:*

## *Have Class Action lawsuits merely been used as a vehicle for attorney's to secure huge fees with justice a secondary objective[2]?*

## How To Control Award Of Huge Attorney Fees

This paper does not repeat the arguments cited in historical writings...***BUT SUPPLEMENTS*** a new dimension to the topic.
- **First**: By suggesting **self-help** and **law-help** action plans the public can easily adopt to influence the reduction of huge attorney fee paychecks in Class Action lawsuits.
- **Second**: By providing a summary discussion of why such plans make sense.

### First - Attorney Fee Reduction Action Plans
- **Self-Help**
    - **If attorney fees are viewed as being unreasonably huge (does not pass the small test[3]), Class Action members should file written Objections with the Court, challenging the unreasonableness of such fees. (Example objection form provided in Appendix B).**
    - **Class members electing *NOT TO PARTICIPATE* ("Opt Out") in the Class Action lawsuit. (Example opt-out form provided in Appendix C).**
- **Law-Help**
    - **The public contact their elected government Representatives and Senators requesting they pass new laws...**
        - **Laws designed to promote reasonableness tests of the award of attorney's fees in Class Action lawsuits such as a realistic fee formula or caps on awards. (Example contact form provided in Appendix D).**
        - **Laws or rules governing the standard of proof to Clear and Convincing Evidence.**
        - **Laws designed to simplify, easy to understand, postcard Class Action lawsuit notices, clearly and conspicuously describing (1) what potential claim is being sought, (2) how much (cash and non-cash) in total and how much each individual Class Member may be entitled, (3) how the**

---

[2] A huge number of documents filed in Class Action lawsuits are dedicated to defending huge attorney fee applications compared to defending the merits of the actual Claim.

[3] Like pornography, you know it when you see it.

size of the Class Action Claim and attorney's fees are effected if Class Members op-out of participating in the lawsuit, and (4) how attorney fees are calculated, estimated total amount to be requested and indicative average attorney fee per lawyer. (Example notice form provided in Appendix E).

## Why These Plans?

- **Objection:** The law requires prior to Court's approving a Class Action Claim and requested attorney's fees, such fees be tested for 'reasonableness'. Each test is on a case-by-case basis, no one-size-fits-all.
  - o Attorney's regularly cite as a part of their reasoning why their [huge] fee request is reasonable is because it is consistent with other Class Action lawsuits (25%-35% contingency fee?) which is contrary to the one-size-does-not-fit all reasoning.
  - o Counsel argues why they should be certified as Class Action lawsuit Class Counsel based on their skills and experience, then argue why a [huge] fee is required because of the complexity (speculative?) of a case. Seems odd that on one hand Counsel will argue it is skilled requiring less time/effort to handle a case, yet when it comes to their fee, such fee should be [huge] regardless of the skill factor. *Rare is the worker who argues for a cut in pay.*
  - o Court's seem to 'rubber-stamp approval' of attorney fee requests. Judges are normally attorneys, and while justice is blind to prejudice – natural human instincts still influence behaviour.
  - o Class Action Member attorney fee Objections helps remind the Court of its reasonableness test obligations – especially since the Class Member is the victim and for every dollar paid attorney's is one less dollar paid to the real victim. If the victim's don't complain, it would be natural for a Court to assume victim's are ok with the requested fee, which naturally dampens the enthusiasm, with a busy Court docket, to pursue a deep dive test of reasonableness.
- **Opt-Out:** If many/most Class Action Members collectively elected not to participate in a Class Action lawsuit (*opt-out*), then the Claim amount would be automatically reduced (since there are less 'victims'), and if there is a request for [huge] attorney's fees, typically based on a contingency fee (attorney's being paid a percentage of the Claim awarded to the real victims), then the fee would be less.
  - o For example, 30% fee of $100 million Claim for 100,000 Class Members means $30 million to lawyers and $700.00 to each Class Member, is a lot less than 30% of $500,000 Claim for 500 Class Members means $150,000 to lawyers and $700.00 to each Class Member. Still a disparity between attorney fee and Class Member award, but tempers lawyer's appetite to promote a questionable suit given their fee is much reduced (tension between values associated with earned fee and justice incentives).

- In many Class Action lawsuits, the amount awarded to victims is small and nominal in amount (a few 100 dollars, or a discount coupon), while attorney's fee paychecks can potentially exceed $200,000 per lawyer.
- Class Action members 'giving up' a small nominal award in exchange for stopping, over the top [huge] lawyer fees, is a powerful consumer weapon.
- While Class Action lawsuits are designed to punish illegal business practices that harms the public, always be mindful that payment of Class Action nominal claims and [huge] attorney's fees, can result in the business adding that cost back into the price of the business goods or services which means consumers and investors will in the future end up paying for the illusion of a victorious award.
- While a business reputation may suffer a little at first, if at all, generally after the lawsuit combat is over, all is forgiven and the dust settles, it's back to business as usual – except lawyer's fat paychecks have been cashed and deposited.

- **Attorney Fee Law:** Request for attorney's fees in a Class Action lawsuit, is often based on a business alleged to have violated some law adversely affecting many parties (such as a consumer protection or securities fraud law), and that law including the statutory right to plaintiff's attorney's fees to be paid as part of the claim by a losing defendant.
    - Laws are not written for Class Action lawsuits, but to seek justice for individual victims for a particular cause of action including compensating the victim for its incurred attorney's fees as part of the award against bad business practices.
    - Lawyers favor taking cases and bringing lawsuits based on a law that includes award of attorney's fees, especially where the defendant has 'deep pockets' (financially strong) and can afford to pay [huge] fees.
    - There needs to be a Class Action attorney fee law designed to promote any award of attorney's fee to a 'reasonableness standard', that comes into play any time there is a Class Action lawsuit. Ideally, award of attorney fee would be influenced by the amount EACH victim is awarded – low victim award, low attorney fee – especially since justice is blind to the magnitude of awarded attorney fee.
    - In most Class Action Lawsuits, attorney's fees are determined as a percentage of the victim's Claim amount (so called contingency fee). Consequently, the 'losing' defendant in a case, either as a result of a trial judgment or settlement, is indifferent about the size of the attorney fee since it is deducted from the Claim amount. Even-so, such deduction may not in the best interest of the attorney's Class Member clients for not receiving a fair, reasonable and adequate compensation for such victim's losses due to such deduction.
    - It might be more prudent for Class Action lawsuits, to prohibit contingency attorney fees (similar to criminal or domestic relation cases), leaving the attorney to honestly defend its time spent on the case and hourly rate, separate and apart to any Claim award paid to Class victims. Such attorney fee defense

will attract a more systematic and objective assessment of the fee, since (1) if the fee is paid by the victims, the Court will have a much clearer understanding of the details and basis of the fee request, and (2) if the fee is paid by the defendant, the defendant will be in a more realistic and efficient tester of the reasonableness of a fee claim, since the defendant is the one paying the fee.

- **Standard of Proof:** Because of the unique nature of Class Action lawsuit, that in the context of Justice for ALL, places excessive defense burdens on a defendant, justice should entail a Clear and Convincing Evidence standard of proof (and not Preponderance of the Evidence standard) associated with certifying a case as a Class Action lawsuit or the standard of proof used in the trial of the matter.  This higher burden of proof properly places an incentive on plaintiff's, Class Members and Class Counsel to honestly pursue a case that has merit and one suited for Class Action and based on the objective of seeking justice for ALL, and not merely a case brought for revenge or a vehicle to secure huge attorney's fees.

- **Class Action Notice:**  Postcard claim notices alerting Class Members to a Class Action lawsuit, are difficult to understand and often require the reader to go online through the internet, to obtain more detail information (if they know how to request online information as well as where to locate information of interest).
    - The postcard claim notice needs to be user-friendly, easy to read and understand, and clearly advise the reader what the Class Action lawsuit is all about, how much is being demanded from the defendant, how much each Class Member will be entitled and full disclosure of how attorney fees are being determined, what the total attorney fee could be and the average paycheck of how much each lawyer working on the case will receive.

**Short Lesson:   Class Action Lawsuit Boot Camp**

Class Actions (also known as a Class-Action Lawsuit, Class Suit, or Representative Action) are most common where the allegations usually involve at least 40 people who the same defendant has allegedly injured in the same way. Instead of each damaged person bringing one's own lawsuit, the Class Action allows all the claims of all Class Members—whether they know they have been damaged or not—to be resolved in a single proceeding through the efforts of Representative Plaintiff(s) and Representative Plaintiff's lawyers appointed as Class Counsel. The  Class Action binds (by default) all Class Members (victims) of the Class, unless a Class Member had given timely notice to opt-out and not be represented by such Class Action.   Depending on the Class Action details, any victim that opts-out, may or may not preserve its right to bring its own separate lawsuit.

There is a familiar saying about "strength in numbers." For example, a single person who was misled into paying 50 cents too much for an illegally overpriced tube of toothpaste doesn't have enough incentive to go to the trouble and expense of litigation just to recover that small amount of money.

It's when many people—often tens of thousands, or more—are harmed a similar way by the same problem that a Class Action lawsuit may be worth bringing. Uniting all these affected parties into a plaintiff's Class (Class Members) raises the stakes significantly for [corporate] defendants. It's more likely that the Class payoff will be worth fighting for, and companies that face the prospect of Class Action liability, have a strong incentive to settle a claim and correct their behavior and implement business practices, designed to prevent bad practices.

But small claim litigation revenge tactics must always be tempered with what justice is all about. All small claim infractions do not justify seeking combat lawsuit justice, more times than not premised on seeking revenge – where in many cases, attorney's stir the emotions pot of the 'victims' to use the litigation hammer and beat up the alleged wrongdoing defendant.  In whose best interest are Class Action lawsuits brought?  For alleged victims?  Huge fee greedy attorneys?

**Advantages of a Class Action Lawsuit, includes**:
- **Efficiency**.  Combining cases in a Class Action can increase the efficiency of the legal process, and lower the costs of litigation.  In cases with common questions of law and fact, aggregation of claims into a Class Action may avoid the necessity of repeating days of the same witnesses, exhibits and issues from trial to trial.
- **Meaningful**. A Class Action may overcome the problem that meaningful small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.  A Class Action ensures that a defendant who engages in widespread harm (whether intentional or not) – but does so minimally against each individual plaintiff – must compensate all affected individuals for their injuries.
- **Behaviour Incentive**. Class-Action cases may be brought to purposely change behavior of a class of which the defendant is a member.

- **Race To The Bank**. In "limited fund" cases (which means the defendant(s) do not have 'deep pockets' and not financially strong), a Class Action ensures that all plaintiffs (victims) receive some relief and that early filing plaintiffs (they win the race to the bank) do not raid the common fund (owned by the defendant) of all its assets before other plaintiffs may be compensated.
- **Confusion**. A Class Action avoids the situation where different court rulings could create incompatible standards of conduct for the defendant to follow.

**Disadvantage of a Class Action Lawsuit, includes:**
- **Caveat Emptor (Buyer Beware – Victim Liable For Certain Consequences)**. Class Action procedures are arguably inconsistent with due process mandates and unnecessarily promotes litigation of otherwise small, trivial claims, and challenges what Justice is all about. A certain amount of risk is expected to be assumed by the public without recourse for someone else to pay. There needs to be a balance between seeking justice and seeking revenge.
- **Abuse**. The preamble to the (Federal) Class Action Fairness Act of 2005, implies that some Class Actions are abusive, harm Class Members with legitimate claims, especially where defendants have tried to honestly act responsibly, and such abuse, adversely affecting interstate commerce (legitimate businesses stops providing useful consumer goods or services in fear of defending costly abusive Class Actions), and undermined public respect for the country's judicial system (the Court's permitting abusive Class Actions to be pursued – sometimes as a vehicle for Class Counsel to secure huge fees while the real victim's receive nominal value).
  - More times than not, Class Action lawsuit defendant's are reputable companies. These companies utilize their own legal and business experts who give advice and counseling and what to do to comply with relevant State and Federal laws. Rare is the reputable company that intentionally violates a law but in contrast, acts responsibly for law compliance. Even-so, many laws are written broadly, and because of business complexity and broad interpretations of the law, stealthy litigation counsel can craft an argument that often creates an environment of uncertainty (the 'fog index') whether or not a reputable company violated a law. That's the attorney's job, representing the best interest of their client, and earn a fee. Because of this law interpretation uncertainty and speculation, reputable companies will, without any admission of liability, often settle a case, to avoid unnecessary defense expenses, wasted time, and unwanted bad publicity – since rare is the opportunity for the defendant to honestly present the more honest facts as the consuming public do not have the time to listen to such. (Not unlike the quick message broadcast in roadside billboard lawyer advertisements, advising that the 'hammer' goes after truck drivers involved in accidents – automatic guilt and remedy – so much for due process. The ugly side of justice).
- **Victims Are Secondary**. Class Members often receive little or nominal benefit from Class Actions.
  - Examples

- Huge fees for the attorneys, while leaving Class Members with coupons or other awards of little or nominal value;
- Unjustified awards are made to certain plaintiffs at the expense of other Class Members (such as Representative Plaintiff's requesting priority payments for them having started the lawsuit or acting as Representative Plaintiffs);
- Confusing published and mailed Class Action postcard claim notices, that interfere with Class Members being able to fully understand and effectively exercise their rights;
- Laws require the Court's approval of all Class-Action settlements, and in most cases, Class Members given a chance to opt-out (not participate) in Class Action settlements. Even-so, though Class Members, despite being given opt-out post card claim notices, may be unaware of their right to opt-out because they did not receive the notice, did not read it or did not understand it.
    - The Class Action Fairness Act of 2005 attempts to address some of these concerns…
        - An independent expert may scrutinize 'coupon settlements' (where a business is willing to issue 'coupons' that provide for a discount or payment for future goods or services) before the Court's approval of the settlement, in order to ensure that the settlement will be of [some?] value to the Class Members.
        - Since many Class Members do not use or spend their coupons (many are trashed or forgotten), award of contingency attorney's fees will take into account the value of unused coupons which means such fees are to be lowered. Even-so, coupons are not customarily part of Class Action lawsuit settlements.
- **Who Is The Victim?** Various studies of Class Actions in federal court found that many plaintiffs (victims) received only a tiny fraction of the money awarded while plaintiff lawyers frequently secured a huge, highly disparate share of the settlement than their clients – the real victims in the lawsuit. Many Class Action Lawsuits can be viewed as merely a vehicle or conduit through which attorney's can secure huge fees and not an honest mechanism of seeking justice for real victims.

State and Federal laws provide for the bringing of Class Action lawsuits. Most of the time a Class Action lawsuit is brought in federal court and not a State court, because:

- The victims (plaintiffs) in the lawsuit are resident in many States (diversity of citizenship), consequently, federal court is viewed as being more fair to all plaintiff's instead of those residing in any one particular State;
- Federal Courts are more experienced with hearing Class Action Lawsuits;
- Class Action Fairness Act of 2005, is a federal law that makes it easier for Class Action lawsuits to be heard in federal courts.

An individual lawsuit often starts out with one or more initial plaintiffs (victims), claiming some business or entity violated a Federal (or State) law. Coincident with that case, the underlying complaint indicates there are many more similarly and adversely affected victims.

Attorney's who accept such a case, recognizes there are many victims with similar claims, and petition a [federal] court to *certify* the case as a Class Action lawsuit, naming the initial plaintiff's as 'Representative Plaintiff's' (or lead plaintiff's) in the Class Action claim and the attorneys requesting the Court to also name (certify) them as Class Counsel, thereby representing all victims.

After the Class Action Lawsuit is well advanced – sometimes many months or years (where Class Counsel has reached a tentative settlement agreement with defendants for both victim's damages and attorney's fees), Class Member's for the first time become aware of the Class Action Lawsuit, by receiving a postcard claim notice in the mail:

- Advising them of the lawsuit,
- Awareness that they are an identified victim,
- Guidance on where to obtain information (usually on-line through the internet), that includes guidance on what the suit is about and what remedy Class Members may be entitled and how to file a claim.
- The notice will also cite unless the Class Member timely opts-out (elects not to participate in the Class Action lawsuit) of the suit, they will automatically be included, generally at no cost, and will be bound by any outcome of the suit.


When plaintiff's (Class Members or victims) Class Counsel win a Class Action lawsuit, or when they secure a pre-trial settlement with the defendant, legal fees and court costs are typically included in the award or Claim. This award or Claim is often referred to as the "Common Fund," from which legal fees, as well as recovery for Class Members damages, are paid.

**<u>Attorney's Fees</u>**
While the practice of law seeks justice, it's still a business, and unless an attorney has agreed to work pro bono (free of charge), an attorney can expect [reasonable] compensation in exchange for their legal services.

Federal and State Courts in the United States in regard to attorney's fees, follow what is called the 'American Rule'. What this rule means is that each party (both plaintiffs and defendants) in a lawsuit are responsible for funding and paying their own attorney's fees, no matter who wins the case.

However, this Rule can be modified by either…

- **Contract**: Parties to a contract can agree under certain circumstances, one of the parties will pay the legal fees of the other in regard to a particular dispute, or
- **Statute**: If there is a law (a statute) that specifically provides as part of its remedies, award of attorney's fees to a successful party – normally the plaintiff (i.e. a defendant is ordered to pay plaintiff's attorney fees). Many times, such statute based award of attorney's fees

can be many times greater than the value of actual damages suffered by a successful plaintiff, or

- **Settlement**: Plaintiff's attorney fees could also be paid by defendant, as a result of the defendant setting a case and volunteers to include payment of plaintiff's attorney fees as part of the settlement.

The details of how attorney fees are determined and calculated is a matter of negotiated contract between an attorney and their client, and can be:

- An agreed hourly rate billed by the attorney and paid by the client (a 'fixed fee' arrangement), or
- A contingency fee, where the attorney does not charge a separate fee, but will take a percentage (25% to 40% as examples) out of a successful award (hence the attorney fee is contingent on winning a case). If the attorney is not successful in winning a case (either by going to trial or securing a pre-trial settlement), then it will not receive a fee, or
- A combination of fixed fee and contingency fee.

In a Class Action lawsuit, the Representative Plaintiff is the _**only**_ plaintiff who negotiates attorney fee arrangements for the Class Action. All other Class Members do not participate in such negotiations, and as a consequence, if they participate in the Class Action (and not opting out), then those Class Members have impliedly and automatically agreed with the attorney fee arrangement established between Class Counsel and Representative Plaintiffs. Typically, Representative Plaintiffs will agree with Class Counsel to a contingency fee (and not a separate out-of-pocket 'fixed fee' hourly rate), which means Class Counsel will deduct its contingency fee from any Class Action successful award (either determined by trial or pre-trial settlement).

*Even-so, any attorney fee arrangement must still be tested by the Court for reasonableness. This reasonableness test applies even with "clear sailing" agreements which are cases in which the defendant agrees to a noticeably large award of attorney fees and agrees not to object to that amount (perhaps a defendant quick dispute resolution tactic whereby Class Counsel are incentivized with a quick paycheck while the victims award may be lacking).*

### Advantages of Contingency Fee Structure Includes:

- No Up-front Fees. Helps give those lower income clients better access to legal assistance and the court system.
- Incentive. If attorneys don't get paid unless client gets paid (win's its case), the attorney will be highly motivated to do everything in their power in order to get their client the best possible result. A performance based agreement.
- No Costs for Losses. Lawyer is willing to risk not collecting a fee for the work they put into things.
- Contingency fees are helpful in cases where a client is short on funds, and has an otherwise costly or complicated case.

### Disadvantages of Contingency Fee Structure Includes:

- Encourages attorney to pursue non-merit case as nothing to lose but their time and foregoing other clients, and in a slow work environment, not much may be given up, or the pot of gold huge attorney fee incentive is worth the gamble to pursue a case[4].
- A contingency fee arrangement can and often does cost a client more than a regular hourly fee.
- Once the parties agree on the contingency fee, the client owes the agreed upon percentage no matter how long the case will take–whether it takes a year or a week or two hours. This is especially true in the rare 'clear-cut' cases that may only require a few phone calls and a couple of hours of work in order to settle.
- Incentivized contingent fee lawyers may settle too soon and for too little to acquire a quick paycheck, and the client suffers.
- Contingent fees are usually too high relative to the risks that attorneys bear in a particular case, especially where they control whether or not to take a case and have already run their own risk of winning assessment analysis not shared with the client.  (Is this insider knowledge and not in the best interest of the client?)

Since Class Counsel represents all Class Members and not just the Representative Plaintiffs, the Court must approve any settlement award for all Class Members including attorney fees.

Approval is conditioned on the ***settlement*** amount being ***fair, reasonable and adequate***, and ***attorney's fees*** are ***reasonable***.

Whether a Class Action settlement agreement is fair, reasonable and adequate, has been a bone of contention for companies who have pushed for **tort reform**, particularly as it concerns awards of huge attorney fees in Class Action litigation. These companies often complain about the huge awards of attorney fees that often change hands in Class Action settlements the amount of which are often extremely greater than actual damages claimed by plaintiffs, and they argue that **damage caps** and limits on attorney fees are necessary for the sake of justice, reasonableness and fairness.

## Attorney Fees Reasonableness Test
Court's look to a variety of resources to assist them in determining if requested attorney's fees in a Class Action lawsuit are reasonable.  If the court finds that the attorney fee agreement is unreasonable or unfair, the court may step in using its discretionary powers and either invalidate the agreement or amend it to make it reasonable.

Four significant resources used by the Court to test for reasonableness include:

1. American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees (many State Bar Association Rules of Professional Conduct are patterned after the ABA Model,

---

[4] While there is a risk in a contingency fee structured case of losing and not receiving a fee, attorney's who accept contingency cases are normally skilled at assessing the risk of recovery, and consequently are comfortable when they take on such cases that they  more than likely will receive a fee.  Not unlike the contingency fee based billboard litigation hammer attorney seeking justice from truck driver accident bad guy defendants (and their insurers). Such sound bit messaging masks over the more honest concepts of justice, due process, unintentional accident, factual circumstances and a few other miscellaneous tid-bits that populist minded ears don't have time to listen to.

and an attorney is duty bound to adhere to the Rules of Conduct else suffer consequences which could include disbarment from practicing law);

- o A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.
- o Traditional fee analysis to determine reasonableness takes into account…
  - the time and labor required,
  - the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
  - the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
  - the fee customarily charged in the locality for similar legal services;
  - the amount involved and the results obtained;
  - the time limitations imposed by the client or by the circumstances;
  - the nature and length of the professional relationship with the client;
  - the experience, reputation, and ability of the lawyer or lawyers performing the services; and
  - whether the fee is fixed or contingent
- o The traditional approach to proving attorneys' fees is for an attorney—sometimes the same attorney representing the party seeking fees—to testify as an expert on what are reasonable fees for the case (a little self-serving but them's the rules).

2. Federal Rules of Civil Procedure, Class Action Rule 23;
   - o The Court '***may***' [*emphasis added, a discretionary power*] award reasonable attorney's fees that are authorized by law or by the parties' agreement.

3. Class Action Fairness Act of 2005;
   - o Class Action settlements [damages and attorney's fees] are subject to Court approval,
   - o Reports are to be filed with the House of representatives and the Senate containing
     - Recommendations on the best practices that courts can use to ensure that proposed class action settlements are fair to the class members that the settlements are supposed to benefit;
     - Recommendations on the best practices that courts can use to ensure that— the fees and expenses awarded to counsel in connection with a class action settlement appropriately reflect the extent to which counsel succeeded in obtaining full redress for the injuries alleged and the time, expense, and risk that counsel devoted to the litigation;
     - Recommendations on the class members on whose behalf the settlement is proposed are the primary beneficiaries of the settlement

4. Court rulings, in particular attorney fee reasonableness test criteria described in
   - o Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.
   - o Determining reasonable fees under the **lodestar method** is a two-step process.
     - First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. By multiplying the number

of reasonable hours by the reasonable hourly rate, the court determines the base fee or 'lodestar'.

- The court then may adjust the base fee or lodestar up or down (by applying a multiplier), if relevant factors indicate an adjustment is necessary to reach a **reasonable** fee in the case.
  - o Under the lodestar method, the most heavily weighted multipliers are the time and labor required.
  - o Reasonableness takes into account the factors used by the traditional fee determination.
  - o Lodestar, presumably refers to a number that provides a guiding point-or lodestar-in the determination of an appropriate attorney fee award.

What is evident from assessing the resources used to determine what is or is not a reasonable attorney fee, is fraught with many subjective elements and not much independent deterministic[5] tests.

Class Counsel submit copious documents defending its request for attorneys fees. The extent of this documentation can be voluminous and taxes the limited resources and busy dockets Courts have to study in detail all documents, consequently a challenged circumstance to fully assess all allegations and supporting documents. At times the shear weight of filed documents can be a substitute for believed validity and justification. Elegant simplicity is more beneficial than intellectual complexity. The observation is that better guidance is needed in resolving what is or is not reasonable in regard to attorney's fees and perhaps time for updated legislation to provide clarity and reduce the fog.

Consequently because of this absence of certainty, or at least a more determined method of attorney fee computation in Class Action lawsuits, astute counsel are free to argue for just about any fee they wish and paint it with broad strokes of reasonableness and justification whether in fact or illusionary. Just how long is a piece of string? Where is justice in all this, other than the rubber stamp embossed with '**APPROVED**'?

## Use, Misuse and Abuse – Standards of Proof and Other Reforms

As in most things in life, us human's can use a tool or seek justice, in the spirit of what was honestly intended – a proper use, or take a less honest path of misusing or abusing the circumstance.

The more honest argument of the extent the Class Action industry and the participants in that syndicate have wandered from the righteous path of intended use to less honest misuse or abuse paths are illustrated in the following examples...

---

[5] As in physics, deterministic refers to a cause and effect result which means if the same input to a situation is used again, then the same result will occur. A consistent and expected result. In contrast, a probabilistic result means if the same input is used again in a situation the outcome can be different. An inconsistent and uncertain result such as a 50% chance of such and such happening.. Chaos is the extreme of the two which refers to a circumstance that is totally unpredictable regardless of the input.

**Certification Reform**.  Original or Representative Plaintiffs seeking to certify a case as a Class Action lawsuit under Federal Rules of Civil Procedure, Rule 23 must plead and prove: (1) an adequate class definition (precise and unambiguous, identity of class members is reasonably determined excluding remote and unlikely victims) (2) ascertainability (fairly easy process to identify class members), (3) numerosity (a showing that joining and naming all Class Members in a common lawsuit is impractical) , (4) commonality (questions of common fact and law), (5) typicality (claims of the Representative Plaintiffs are typical of the claims of Class Members), (6) adequacy (Representative Plaintiffs will fairly and adequately protect the interests of the class – no conflict of interests) and (7) at least one of the requirements in Rule 23(b), namely: (a) separate adjudications will create a risk of decisions that are inconsistent with or dispositive of other class members' claims, (b) declaratory or injunctive relief is appropriate based on the defendant's acts with respect to the class generally, or (c) common questions predominate and a class action is superior to individual actions.

Not unusual, expert testimony (often from compensated academia professors – hired guns, invoking often complex and little understood statistical analyses and arguments of why the ingredients exist for justifying a case as a Class Action lawsuit – who theoretically are also governed by use, misuse and misuse standards of conduct) are used by attorney's as a resource to establish enough 'doubt' in the mind of the judiciary, that the easy course is to certify a case as a Class Action lawsuit.  The adage there are liars, damn liars and statisticians, is still in vogue.  Given enough complex equations, powerpoint slides and laser pointers, an expert can argue just about any side of a case and sound pretty convincing – especially when its paid for testimony and the basis of a decision is foggy, not deterministic and dependent on subjective feelings.  And to think all of this insightful assessment of class certification takes place in a few minutes or a few hours at a court room hearing (the court docket of which is always busy and a court's objective to move things along – justice to is dependent on the sweep of a ticking clock) in which participants in that hearing claim some sort of justified immediate understanding and acceptance of what the truth is and make an on the spot decision – yay or nay to certification.  It takes a university student often many hours if not days just to solve one calculus or differential equation math problem – not including the study and prep time…yet the complexity of class action certification decisions happens in the twinkle or an eye.

The Representative Plaintiffs bear the burden of proving that the prerequisites to class certification have been met by a *preponderance of the evidence*.  Theoretically this standard is supposed to be based on evidence and not speculation.

A certification decision can be challenged and an appeal made to a higher court.  An appeal may be accepted when: (1) the decision is questionable and the certification order represents the death knell for a defendant who will be compelled to settle even if the plaintiff's claims are not meritorious, (2) the decision raises an unsettled, fundamental and generally applicable issue of law that will likely evade end-of-the-case review, or (3) the decision is manifestly erroneous.

Reform is needed in the law or Rules, to cause the courts to be more pragmatic and reflective in a class certification decision.  Some potential reforms might include:
- A separate Commission is relevant, composed of independent experts from many disciplines, who must first hear the class certification arguments and provide their opinion

to the court whether the tests for certification are honestly and factually present, the cost of such Commission paid for by the plaintiff (and if a class is certified as a Class Action, the plaintiff in a successful Class Action lawsuit may include that cost in their recovery)

- o Often times when one is at risk of incurring an out-of-pocket cost, their desire to pursue a certain path is more tempered and reflective and becomes a self-assessing factor to not pursue highly questionable course of conduct;

- A separate and specially trained or class action certification expert judge or magistrate independent from the court a case is filed in, rules on a certification arguments.
- If a class certification request is denied, the plaintiff is responsible for paying the defendant's costs and attorney's fees for defending the matter.

**Standards of Proof Reform**.  The standard of proof in a court, listed in order of the degree of persuasive arguments (highest and most intense listed first) include:

- Beyond a reasonable doubt in criminal law.
- Clear and convincing evidence
  - o Present evidence that leaves the listener with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.
- Preponderance of the evidence in most civil cases.
  - o Prove that something is more likely than not.
- Probable cause in the acquisition of a warrant or arrest proceeding.
- Reasonable belief as part of establishing probable cause.
- Reasonable suspicion in cases involving police stop and searches.
- Some credible evidence in cases necessitating immediate intervention, like child protective services disputes.
- Some evidence in cases involving inmate discipline.
- Substantial evidence in many appellate cases.
  - o Degree of relevant evidence which a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree

Class Action certification and other proofs in a Class Action lawsuit are governed by the preponderance of the evidence standard of proof, as is most civil lawsuits.  Because of the unique nature of a Class Action lawsuit, and the heightened unique exposure to claims of a defendant to many plaintiffs and defendant's expanded defense burdens, the standard of proof in a Class Action lawsuit should be based on Clear and Convincing Evidence.  Such a standard will go a long way towards self-governing promotion of the honesty of a case in regard to hired gun expert complex testimony and Class Action attorney specialists promoting the Class Action industry.  Justice can still prevail even with a Clear and Convincing Evidence standard of proof, but the burden shifts to the plaintiff to present an honest case.

**Self-Serving Reform**.  Class Counsel representing a Class Action lawsuit, is obligated to demonstrate Class Member (victim) remedies are tested to a standard of being **fair, reasonable and adequate** and any claim for attorney's fees be tested to a standard of **reasonableness**.

In many cases Class Counsel unnecessarily strain the honesty standard of argument, that the case is shoe-horned to fit within the standards of reasonableness, fairness or adequacy.   The more honest arguments include:

- Argument:  Class Members have not objected to the size of the remedy or attorney's fees so therefore they must by default be reasonable.
    - o  Reform:  Most Class Members only became aware they were entitled to a  claim when they received notice from Class Counsel the claim exists, and typically the claim amount is so small, the Class Member may or may not file a claim (assuming they spend time to study the notice), and spend no time challenging the suit given the small nature of the event.  Hence arguing the absence of objection as part of the rationale of a claim and attorney fee being reasonable is a rather salty circular self-serving argument, and one hopefully a court will disregard.
- Argument:  Attorney's fee claims are comparable to other Class Action lawsuit awards, citing common percentage take regarding contingency fee awarded attorney's fee in other cases.
    - o  Reform:  This one-size-fits-all attorney fee reasonableness standard is contrary to the obligation of attorney's to determine their fee on the merits and effort involved in each individual case.  Reasonable attorney's fee justification is not like earning a fixed real estate agent sales commission (the 6% 'standard' shared between buyer and seller agents).  Then again, justifying a fee based on other case 'standards', is another admission of the observation that Class Action lawsuits have become a commoditized industry and vehicle to rack up huge attorney's fees and not a forum for justice.
- Argument:  Expert testimony (often university professor experts – hired guns) demonstrate with subjective little understood complex statistical stealth, that the basis of a case is sounded as evidence and proof of the bad conduct of a defendant.
    - o  Reform:  An expert arguing in a security fraud case for example, that defendant's alleged bad conduct caused an inappropriate one penny swing in a defendant's stock price…is a pretty far-fetched argument to make, given stock price swings happen on a daily basis and to pin-point specific conduct of a defendant why the swing happened, especially when a nominal amount, is often a bridge to far…and all the more reason to have a Clear and Convincing Evidence standard of proof.
- Argument:  Class Counsel base their attorney fee on a contingency basis, a percentage of the Claim award to Class Members, citing Class Action 'victims' are seeking justice and Class Counsel graciously accepting a case to advance that justice and willing to do so on a contingency basis relieving the Class Members of bearing the legal costs of a case, and usually such fees are paid by a losing defendant if an underlying statute on which a case is brought provides for attorney fees as part of the remedy.
    - o  Reform:  How often does Class Counsel seek to orchestrate a case as a Class Action lawsuit, driven by the objective of increasing the size of a Claim because of Class Member participation, and the size of the percentage take from a large Class Action Claim as attorney's fees, is hugely more valuable than a percentage take from an individual plaintiff claim?  Thus an observation that contingency attorney's fees should not be permitted in Class Action lawsuits, leaving the attorney to justify their fee based on reasonableness standard tests associated with time and hourly rates.

- Argument:  Class Counsel justify the merits of a Class Action case (either as certification as a Class Action or violation of a law) and their right to attorney's fees, based on a plethora of cited cases, mountains of self-serving justification documentation and other resources heaped upon a court's already busy docket.  The weight of the argument is based on the paper weight of the documents filed and not on the quality and weight of evidence of the argument.
    - Reform:  Similar to discovery proceedings, perhaps attorney's should be limited to the number of pages of documentation they file in a case, unless a show cause hearing is held to show why more and not less is necessary.  The goal being elegant simplicity vs intellectual complexity.  Whenever an argument is based on excessive rhetoric and paper weight, red alarm bells should ring louder than ever that the underlying honesty of the argument is lacking and being displaced and made up by heavy mass  and not quality class arguments.

## Justice and Class Action Lawsuits

The Class Action lawsuit industry seems to have wrinkled the path of what justice (or injustice) is all about.

The Declaration of Independence, the Constitution of the United States of America, and the Bill of Rights, the "founding documents" of the nation, speak directly to the ideals of freedom from oppression, equality, and justice *__for all__*.  Justice is fairness and equal treatment, and applies to both the plaintiff AND the defendant since that simple '*all*' word is rather encompassing.

Class Action lawsuits seem to treat  defendants as tyrants and oppressors of the public.  That is not justice for *all*.

What is just remains a matter for debate.  Observing the same outcome of a situation, one person may say justice was done.  Another may declare the outcome an injustice and great wrong.  Is the porridge too hot or just right?  Is the attorney fee too huge or just right?

Justice may be viewed as a subjective process of assessing the fairness of relations between individuals and groups of people, such as...

- Getting what one deserves.
- Equitable sharing of civic burdens.
    - We all get car door ding marks and we all give them.  While such  is normally an accidental 'wrong', to seek a $50 door ding damage repair bill and charge a $10,000 attorney fee is not what justice is *all* about.  Revenge maybe.  Assumption  of a certain amount of risk is a constant balancing act in anything us humans do.  (Maybe the door ding issue can be resolved by car makers installing soft bumper guards on door edges.)
- Individual virtue and ethical conduct (especially attorney's whose law license demands they honor Bar Association ethics and code of professional conduct and act responsibly and always seek justice for *all* and not revenge).

Is it unreasonable/unethical for plaintiff's attorney to pursue a Class Action lawsuit, knowing their fee will be many many magnitudes greater than any nominal recovery of victims, where such huge fee is paid to the attorney instead of compensation to the victims?  Is that justice?

Are huge attorney fee awards seen as a substitute for punitive ('punishment') damages above and beyond actual damages, of a Class Action lawsuit defendant?  Justice would suppose punishment is by way of compensation paid to victims, and where applicable, award of punitive damages (also paid to victims above and beyond actual damages) as a punishment for unacceptable intentional egregious acts of defendants.   Attorney fees are in relation to reasonable honest legal services provided on behalf of the plaintiff/victims and NOT a means of punitive punishment of defendants.

Who does justice define as the victim?  The Class Member victims?  Plaintiff's lawyers as victims? Defendant victims being exposed to paying huge legal fees and lawyers misusing or abusing what justice is *all* about?

It's time for a change.

## Bibliography

Baker, Lynn A., Perino, Michael A., Silver, Charles, "Is the Price Right? An Empirical Study of Fee-Setting in Securities Class Actions", Columbia Law Review, vol. 115, no. 6, (2015).

Boatright, Jason, "The History, Meaning, and Use of the Words Justice and Judge", *St. Mary's Law Journal*, vol. 49, no. 4, Article 1, 727 (2018).

Carter, Jimmy, "Law Day Address at the University of Georgia in Athens, Georgia", *The American Presidency Project*, https://www.presidency.ucsb.edu, (1974).

"Class Action", Legal Information Institute, Cornell Law School, https://www.law.cornell.edu/we/class_action, Dec 2022.

"Class Action", *Wikipedia*, December 22, 2022

"Class Action Fairness Act of 2005, *28 USC, Public Law 109-2*, Feb 18, 2005.

"Class Action Fairness Act of 2005, Wikipedia, December 22, 2022.

Connolly, Neil, "Extreme Couponing: Reforming the Method of Calculating Attorney's Fees in Class Action Coupon Settlements", *102 Iowa Law Review 1335* (2017)

Douglas, Frederick, "What, To The Slave, Is the Fourth of July (1852)", *Blackpast*, (2007)

Eisenberg, Theodore, Miller, Geoffrey P., "Attorney Fees in Class Action Settlements: 1993-2008", *Cornell Law Faculty Publications, Cornell University Law School*, http://scholarship.law.cornell.edu/facpub, (2010).

Eisenberg, Theodore, Miller, Geoffrey P., "Attorney Fees in Class Action Settlements: Empirical Study", *Cornell Law Faculty Publications, Cornell University Law School*, http://scholarship.law.cornell.edu/facpub, (2004).

"Federal Rules of Civil Procedure", *Title IV. Parties, Rule 23, Class Actions*.

"Fees and Expenses", American Bar Association, https://www.americanbar.org/
groups/legal_services/milvets/aba_home_front/information_center/working_with_lawyer
/fees_and_expenses/, Dec. 2022.

Frankel, Alison, "In biggest cases, class action lawyers are low-balling fee requests – and that's a
good thing", *Reuters*, November 2, 2016.

Gentry, Caroline H., *"A Primer on Class Certification Under Federal Rule 23"*, Corporate
Counsel CLE Seminar, Rancho Mirage/CA (https://www.classactiondeclassified.com/wp-
content/uploads/sites/26/2017/08/a_primer_class_certification_under_federal_rule.pdf,
2017)

Hartmann, Michelle, Miller, Ralph I., Zambrano, Angela C.. "Attorneys' Fees", *SMU Law
Review*, vol. 57, Issue 3 Annual Survey of Texas Law, Article 4, 2004.

Ibrahim, Melissa, "Bills, Bills, Bills: The Effect of a Rejected Settlement on Attorney's Fees Under
the Civil Rights Attorney's Fees Award Act of 1976", *Cardozo Law Review*, vol. 36, p.
1987, 1988.

Johnson, Charles T. et al v. NPAS Solutions, LLC, 975 F.3d 1244 (11th Cir. 2020).

King, Martin Luther Jr., "Letter from Birmingham Jail", *Atlantic Monthly*, vol. 212, no. 2, p. 78
(1963).

Lender, David J. et al, "Class Action Fairness Act of 2005 (DAFA): Overview", *Practical Law
Company.com*, (2013).

"Opinion #17. Negotiation of Attorney's Fees in Class Actions", *Professional Ethics Commission, Board of Overseers of the Bar*, (January 15, 1981).

Ratner, Morris, "Civil Procedure: Class Action Fee and Cost Awards", *The Judges Book*, vol. 1, art. 9, http://repository.uchastings.edu/judgesbook (2017).

"Rule 1.5 Fees- Comment", *American Bar Association Model Rules of Professional Conduct*, Client-Lawyer Relaionship (2018).

Shepherd, Joanna, "An Empirical Survey of No-Injury Class Actions", Emory University School of Law, Legal Research Paper Series, Research Paper No. 16-402, http://ssrn.com/abstract=2726905 (2016).

Sohoni, Mila, "The Idea of "Too Much Law", *Fordham Law Review*, vol. 80, Issue 4, Article 3, 2012.

Tribe, Lawrence H., "Too Much Law, Too Little Justice: An Argument for Delegalizing America", The Atlantic, July 1979.

"What Is Justice", *School of Criminal Justice, University of Albany*, Module 1, https://www.albany.edu/justiceinstitute/33471.php, (2022).

## Appendix A –
## Class Action Lawsuits – Huge Attorney Fee Illustrations

**Example Class Action Case 1 (https://www.nielsensecuritiessettlement.com/)**

In Re Nielsen Holdings PLC Securities Litigation
Civil Action No. 1:18-cv-07143-JMF
United States District Court
Southern District of New York

| | | |
|---|---|---|
| Proposed Settlement Fund | $73,000,000 | ($0.19 per share) |
| Proposed Contingency Attorney's Fees (25%) | $18,250,000 | ($0.05 per share) |
| Plus Attorney Expenses | $ 1,110,000 | |
| Total Legal Cost | $19,360,000 | |
| Claimed Attorney Hours | 17,206 | |
| Total Class Member (Victims) | 384,000,000 ($73,000,000/$0.19) | |
| Attorney Hourly Rate Disclosure Ranges | | |
|     Paralegals | $315 to $505 | |
|     Associate Attorneys | $895 to $2,017 | |
|     Of Counsel | $975 to $1,560 | |
|     Partners | $1,250 to $1,983 | |
| Average Attorney hourly rate | $1,060 | ($18,250,000/17,206) |
| Attorney Fee Per Lawyer (assuming 82 lawyers) | $222,561 | ($18,250,000/82) |
| Range of Victim Award (depends on shares owned) | | |
|     500 shares | $70 | (500*$0.14) |
|     10,000 shares | $1,400 | (10,000*$0.14) |
|     100,000 shares | $14,500 | (100,000*$0.14) |

**Example Class Action Case 2 (https://www.t-mobilesettlement.com/**

In Re T-Mobile Customer Data
Security Breach Litigation
Civil Action No. 4:21-md-03019-BCW
United States District Court
Western District of Missouri

| | | |
|---|---|---|
| Proposed Settlement Fund | $350,000,000 | |
| Plus Future Data Security Upgrades | $150,000,000 | |
| Proposed Contingency Attorney's Fees (22.5%) | $78,750,000 | (reduced from 30%) |
| Plus Attorney Expenses | $ 147,982 | |
| Total Legal Cost | $19,360,000 | |
| Claimed Attorney Hours | 8,225 | |
| Total Class Member (Victims) | 79,150,000 | |
| Attorney Hourly Rate Disclosure Ranges | $270 to $1275 | |

| | | |
|---|---|---|
| Average Attorney hourly rate | $9,574 | ($78,750,000/8,225) |
| Attorney Fee Per Lawyer (assuming 100 lawyers) | $787,500 | ($78,750,000/100) |
| Range of Victim Award (depends on shares owned) | $3.42 | ($271,250,000/79,150,000) |

## Example Class Action Case 3 (https://www.baggagefeeclassaction.com/)

Cleary v. American Airlines Inc.
Baggage Claim
Civil Action No. 4:21-cv-00184-O
United States District Court
Northern District of Texas

| | | |
|---|---|---|
| Proposed Settlement Fund | $7,500,000 | (min.) |
| Proposed Fixed Fee Attorney's Fees | $2,850,000 | (27.5% total award) |
| Attorney Expenses | $1,142,945 | |
| Claimed Attorney Hours | 3,641 | |
| Total Class Member (Victims) | 588,654 | |
| Average Attorney hourly rate | $782 | ($2,850,000/3,641) |
| Attorney Fee Per Lawyer (assuming 10 lawyers) | $285,000 | ($2,850,000/10) |
| Victim Award | $12.74 | ($7,500,000/588,654) |

## Example Class Action Case 4 (https://www.OracleSecuritiesLitigation.com)

In re Oracle Corporation Securities Litigation
Securities Fraud
Civil Action No. 18-cv-04844-BLF
United States District Court
Northern District of California, San Jose Division

| | | |
|---|---|---|
| Proposed Settlement Fund | $17,500,000 | |
| Proposed Fixed Fee Attorney's Fees | $3,500,000 | (20% total award) |
| Attorney Expenses | $900,000 | |
| Claimed Attorney Hours | 17,900 | |
| Total Class Member (Victims) | 979,000 | |
| Average Attorney hourly rate | $195 | ($3,500,000/17,900) |
| Attorney Fee Per Lawyer (assuming 10 lawyers) | $350,000 | ($3,500,000/10) |
| Victim Award | $0.01/share (~2.7 bn shares) | |
| | (~1800 shares per shareholder avg) | |
| | $18 avg share of claim | |

A self-serving assertion:  The small number of objections in comparison to the size of the Class supports a finding that the Settlement is fair, reasonable, and adequate. The reason folks did not opt-out had nothing to do with a fair, reasonable and reasonably test. Case cites false statements illegally inflated Oracles stock value – then trading between $43 and $47.  Jan 2023 trade value is over $85, and a peak end of 2022 at over $100.  The casual observer would cite business as usual and a good year for Oracle investors…justifying a 1 cent swing in stock value because of excessive puffing – craftily disguised as security fraud (with a lot of academic experts pontificating on their crystal ball insightfulness and naval gazing) is poppy-cock.  Liars, damn liars and statisticians come to mind.

**Appendix B**

**Example Form Objection To Attorney's Fees**

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**_____ DISTRICT OF _____ (*State*)**
**_____ DIVISION**

| | |
|---|---|
| IN RE [NAME USED IN COURT DOCUMENTS] ) ) | Case No. _____ |

_____

**OBJECTION[6] TO PROPOSED ATTORNEY FEE AND EXPENSE APPLICATION
AND REQUEST FOR DOWNWARD ADJUSTMENT**

1. Objection Applicant, _____ (*your name*) (pro se[7]), a Settlement Class Member (Class Member ID[8] _____, claim number[9]  _____) submits this **OBJECTION, to apply to the entire class (and not just to me personally),** the Applicant does not plan to attend the Final Approval Hearing, has not objected to any class action settlement within the past three years, and request for modification and downward adjustment of any pending or submitted Attorney Fee and Expense Application (herein the 'Application') because such Application is unreasonable, unfair and not in the best interest of the Settlement Class Members.

   *[Cross through or delete Option 1 or Option 2 that does not apply]*

2. *Option (1) Since as of the filing of this Objection, Lead Counsel has not filed in https://www[10]._____, copy of the Application, nor sent a copy to Objection Applicant, this Objection is based on those documents of record in the cited website so filed as of the date of this Objection.*

---

[6] Read the post card claim notice and follow any specific instructions regarding filing of an objection, such as timing, address to send the Objection to, and any conditions. This Appendix B form contains typical conditions but may not be complete.
[7] Pro se means you are representing yourself.
[8] Class member ID is usually cited in the post card claim notice received in the mail concerning the Class Action
[9] If you have filed a claim after receiving the post card claim notice, you usually will be issued a claim number.
[10] The Class Action lawsuit will be found on the internet which will allow you to have access to all case documents and other information about the case. Insert the internet website. Often times an Objection is filed before all relevant documents are filed online. Final attorney fee applications are often filed late.

*Option (2) This Objection is based on those documents of record in https://www_____, as of the date of this Objection.*

## OBJECTION

3.    Rationale behind this Objection, includes...

3.1 Although Representative Plaintiff's in this Class Action Lawsuit have ostensibly approved the the Application, I do not agree with such approval, and hereby submit this Objection.

3.3  The Application is not in the best interest of Settlement Class Members and is not reasonable.

3.3 The Application must be thoroughly tested for its reasonableness, including taking into account:

3.3.1   American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees
   - A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.
   - Traditional fee analysis to determine reasonableness takes into account...
     - the time and labor required,
     - the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
     - the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
     - the fee customarily charged in the locality for similar legal services;
     - the amount involved and the results obtained;
     - the time limitations imposed by the client or by the circumstances;
     - the nature and length of the professional relationship with the client;
     - the experience, reputation, and ability of the lawyer or lawyers performing the services; and
     - whether the fee is fixed or contingent

3.3.2   Federal Rules of Civil Procedure, Class Action Rule 23;
   - The Court '***may***' [*emphasis added, a discretionary power*] award reasonable attorney's fees that are authorized by law or by the parties' agreement.

3.3.3   Class Action Fairness Act of 2005;
   - Class Action settlements [damages and attorney's fees] are subject to Court approval, taking into account...
   - Reports filed with the House of representatives and the Senate containing recommendations on the best practices that courts can use to ensure that proposed class action settlements are fair to the class members that the settlements are supposed to benefit and recommendations on the best practices that courts can use to ensure that— the fees and expenses awarded to counsel in connection with a class action settlement appropriately reflect the extent to which counsel succeeded in obtaining full redress for the injuries alleged and the time, expense, and risk that counsel devoted to the

litigation; recommendations on the class members on whose behalf the settlement is proposed are the primary beneficiaries of the settlement

3.3.4 Court rulings, in particular attorney fee reasonableness test criteria described in
   o Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.
      o Determining reasonable fees under the **lodestar method** is a two-step process.
         ▪ First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. By multiplying the number of reasonable hours by the reasonable hourly rate, the court determines the base fee or 'lodestar'.
         ▪ The court then may adjust the base fee or lodestar up or down (by applying a multiplier), if relevant factors indicate an adjustment is necessary to reach a ***reasonable*** fee in the case.
         ▪ Under the lodestar method, the most heavily weighted multipliers are the time and labor required.
         ▪ Reasonableness takes into account the factors used by the traditional fee *determination*.

4. The Court is requested to invoke its discretionary powers to modify and reduce the Attorney Fee Expense Application to make it reasonable.

5. The economics of the requested Application indicate:

   5.1 The proposed Settlement Common Fund to all Class Members is $_____. (total indicated settlement to be paid to victims)

   5.2 Total Class Members are _____ (total number of victims)

   5.3 Individual Class Member award are estimated to be $_____ (cite how much each victim may receive or at least a range)

   5.4 Total Attorney Fees and Expenses applied for are $_____

   5.5 The total legal hours expended on the case are _____

   5.6 The average hourly rate charged for legal services is $_____ (paragraph 5.4 divided by paragraph 5.5)

   5.7 The average paycheck for each attorney working on the case is $_____

   (paragraph 5.4 divided by the total number of attorneys estimated to be working on the case, small cases may be up to 5, big cases may be 75 or more)

   5.8 The disparity between the amount of recover to each Class Member compared to the paycheck each attorney could receive suggests a exorbitant and unreasonable basis of on which to base attorney fees.

6. Any reduction in the Application is to be returned to and distributed to the Settlement Class Members, the real victims of this cause of action, and not as a contribution to attorney fees.

7. A review of class action settlements suggests attorneys typically are 'rubber stamped' awarded their request because in part they have subjected the court to a plethora of case law cites, statutory law prose, subjective facts, mountains of documents and other heaps of information (extracted from past cases) – especially when a $_____[*insert amount of claimed fee*] attorney paycheck is in the offing - all of which may or may not be germane to the case but certainly adds a lot of fog to the landscape that a Court with limited budget of resources most likely cannot fully assimilate.

8 Settlement (with all parties accepting a cash Settlement amount as an acceptable compromise of the issues) was achieved without trial. Consequently, the extent and reasonableness of claimed earned legal fees are in question. Using the same high fee whether a case settles in two hours or after preliminary discovery and pre-trial settlement negotiation does not make sense and does not pass the smell test.
   o   While it is instructive to take into account attorney work claims of:
      o   Preparing legal documents (complaints, depositions, subpoenas, attending hearings, legal research), law firms versed in class action cases already have in hand the understanding of relevant statutes and case law, and unless a novel area of data breach issues are understood and billable time not required to be wasted and spent on developing these items, they are already in the library.

9. [*Add any other information that is unique to the case that illustrates why you think the requested attorney fee and expense application is unreasonable] At your discretion you might also include a copy of the above paper that might give the Court some additional information to think about*].

Respectfully submitted

This _____ day of _____, 20__.

_____
[*name, printed and sign document*]
Settlement Class Member

_____, (mobil)
_____(fax)
_____ email
_____ address
_____ address

## CERTIFICATE OF SERVICE

I, _____, hereby certify that on the _____ day of
_____, 20____, copies of the **OBJECTION TO PROPOSED ATTORNEY] FEE AND EXPENSE APPLICATION AND REQUEST FOR DOWNWARD ADJUSTMENT,** WERE mailed by first class prepaid postage or by email, to the following recipients:

**IN THE UNITED STATES DISTRICT COURT FOR THE**
_____ **DISTRICT OF** _____
_____ **DIVISION**
Clerk of the Court
[address/email]


CLASS COUNSEL
[name]
[address/email]


Defendant
[address/email]


I, _____, further certify I am a Settlement Class Member.


_____
[name]

It is presumed Lead Counsel will post this Objection as a relevant document in this case online internet posting cite.

## Appendix C

### Example Op=Out Form

## IN THE UNITED STATES DISTRICT COURT FOR THE
## _____ DISTRICT OF _____ (*State*)
## _____ DIVISION

| | | |
|---|---|---|
| IN RE [NAME USED IN COURT DOCUMENTS] | )<br>) | Case No. _____ |

_____

### ELECTION TO OPT-OUT OF THE CAPTIONED CLASS ACTION LAWSUIT

1.     Opt-out Applicant, _____ (*your name*) (pro se[11]), a Settlement Class Member (Class Member ID[12] _____) submits this **Election to Opt-Out of the captioned class action lawsuit and not participate in such suit, and without prejudice, reserve any and all of my rights to pursue a separate claim**

Respectfully submitted

This _____ day of _____, 20__.

_____
*[name, printed and sign document]*
Settlement Class Member

_____, (mobil)
_____(fax)
_____ email
_____ address
_____ address

### CERTIFICATE OF SERVICE

---

[11] Pro se means you are representing yourself in the objection.
[12] Class member ID is usually cited in the post card notice you received about the Class Action

I, _____, hereby certify that on the _____ day of _____, 20____, copies of the **Election to Opt-Out of the captioned class action lawsuit and not participate in such suit, was** mailed by first class prepaid postage or by email, to the following recipients:

### IN THE UNITED STATES DISTRICT COURT FOR THE
_____DISTRICT OF _____
_____ **DIVISION**
Clerk of the Court
[address/email]


CLASS COUNSEL
[name]
[address/email]


Defendant
[address/email]


I, _____, further certify I am a Settlement Class Member.


_____

[*name*]

It is presumed Lead Counsel will post this Objection as a relevant document in this case online internet posting cite.

*[This is a general form. The post card notice received about the Class Action lawsuit may contain other information of what to do to opt-out of the case. Please refer to that detail as required].*

## Appendix D

## Class Action Lawsuits – Attorney Fee Legislation

*[Date]*

To:

*Name of U.S. Representative/Senator*
*[address – local/Capitol]*
*Via mail, email, fax*

From

*[name]*
*[address]*
*[email]*
*[phone]*
*[fax]*

*Re:  Class Action Lawsuit – Attorney Fee Legislation*

*Dear Congress Person [name] or Senator [name],*

*My name is [name] _____ and I live and vote in the district you represent.*

*I write to you as a concerned citizen regarding Class Action Lawsuits and Attorney Fee Legislation.*

*I am sure you are aware of Class Action Lawsuit rights and the public service such activities serve.*

*I have attached a recent paper on such action, in particular the concern regarding huge attorney's fees granted in many Class Action cases and what action plans can be advanced to provide some control over run-away fees.*

*While the judicial Court system has oversight to assess the reasonableness of such fees, there seems to be a consistent 'one-size-fits-all' demeanor advanced when such fees are defended by Class Counsel.  This demeanor is contrary to the reasoning that one-size-does-not-fit- all where each case and its fee structure are to be assessed  on their  own merits and tested against a standard of fairness, reasonableness and adequacy.  Most Class Counsel argue that their claimed attorney's fees (a self-serving argument) are consistent in the formula used to determine fees among all  other cases.*

*The attached paper and my own experience suggests legislation may well be required to provide the necessary control over excessive fee awards.*

*I am writing to seek your counseling and perhaps leadership in advancing relevant legislation that can address the run-away legal fee paycheck issues and problems outlined in the attached paper.*

*While I don't have the answers I do have some ideas.*

### Contingency Fee Prohibition

*Perhaps, similar to prohibition of the use of contingency legal fees (where the fee is based on the attorney taking a percentage of the case outcome) in regard to domestic relation and criminal cases, Class Action lawsuit may well be added to the prohibited list, thereby leaving attorney's to argue and defend a fee based on 'fixed fee' reasonable hours and reasonable billing rate arguments.*

*As you know, the legal profession has almost unanimously determined for years that allowing attorneys to base their contingency fee on the outcome of a divorce or child custody case would create a risk of the attorney having a financial interest in the outcome as well as being against public policy and therefor unreasonable by default. This could potentially lead unscrupulous attorneys to take actions that could be against the interests of children or it could encourage attorneys to do things to make sure clients actually divorce. On the contrary, a skilled and ethical divorce attorney should always consider reconciliation, resolution, and fairness to be part of the goal and avoidance of the destruction of family relationships. There can be no financial interest in seeing to it that clients get divorced.*

*Likewise, contingency fees are prohibited in regard to criminal cases also based on public policy reasons.*

*Shouldn't Class Action counsel likewise ethically consider resolution and fairness to be the goal of such actions.*

### Reasonableness Tests Codification

*As outlined in the attached paper, the ground work for attorney fee codification has been laid out in the various resources currently consulted to assess attorney fee reasonableness.*

*Those resources include: American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees; Federal Rules of Civil Procedure, Class Action Rule 23; Class Action Fairness Act of 2005; court rulings, in particular attorney fee reasonableness test criteria described in Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.*

*Should legislation be passed to codify the various methods used to test for reasonableness of attorney's fees, thereby removing much of the subjective uncertainty and differences without a distinction confusion?*

*Should a codified formula (which may also include a cap) be determined that provides guidance what is considered a reasonable attorney fee, with an opportunity for attorney's to challenge the formula if they can demonstrate why their fee structure is the better reasonable structure?*

*An illustration of an attorney fee formula patterned after a contingency fee formula, might include:*

| CASE TIMELINE | EXAMPLE STRUCTURE OF AGREED ATTORNEY CONTINGENCY FEE ARRANGEMENT **PLUS** DIRECT OUT OF POCKET EXPENSES (subject to client approval of any settlement arrangement); Assumes settlement during the particular timeline phase; no unexpected novel legal or factual issues arise). |
|---|---|
| Pre-suit settlement negotiation | Greater of: <br> • Hourly-rate/billable hours/costs or <br> • 5% of Settlement Offer |
| Filing of lawsuit; preliminary discovery; offers of settlement | • Sliding scale contingency fee based on Settlement Offer (20% first $25MM; 15% next $25MM; 10% anything over $50MM) |
| Alternative Dispute Resolution (mediation) | • Sliding scale contingency fee based on Settlement Offer (20% first $50MM; 15% next $75MM; 10% anything over $125MM) |
| Completion of pre-trial discovery; settlement negotiations | • Sliding scale contingency fee based on Settlement Offer (20% first $75MM; 15% next $100MM; 10% anything over $175MM) |
| Trial (by jury) | • Sliding scale contingency fee based on Settlement Offer (25% first $100MM; 20% next $50MM; 15% anything over $150MM) |
| New Trial | • Sliding scale contingency fee based on Settlement Offer (30% first $100MM; 25% next $50MM; 20% anything over $150MM) |
| Appeal | • Sliding scale contingency fee based on Settlement Offer (35% first $100MM; 30% next $50MM; 25% anything over $150MM) |

### *Independent Committee*

*Currently, attorney fee reasonableness tests are assessed by other attorneys. I have included the Court system in this testing network since most jurists are attorneys. Should there be some form of independent committee, commission or panel used to test for reasonableness of attorney fees, the participants of which also includes non-lawyers? Professions that come to mind that might be part of such panel includes Insurance (risk management), Accountants, Professional Engineers, Military Officer, Police Officer, Day Care Management, Clergy, Local Union Leadership.*

*An independent committee, commission or panel is not unlike the independent expert appointed under the Class Action Fairness Act of 2005, who is instructed to scrutinize 'coupon settlements' (where a business is willing to issue 'coupons' that provide for a discount or payment for future goods or services) before the Court's approval of the settlement, in order to ensure that the settlement will be of [some?] value to the Class Members.*

*Class Action Counsel might argue, that the complexity of defending why legal fees are reasonable, is not readily understood by the lay person.  Quite the contrary, if attorney's cannot argue their defense of why their fee is reasonable in plain understood English, then the fog index is in full force…and that corrupts the concept that a little bit of sunshine is a great disinfectant.*

### *Class Action Certification Reform*

*A separate Class Action certification Commission should be created, composed of independent experts from many disciplines, who must first hear the class certification arguments and provide their opinion to the court whether the tests for certification are honestly and factually present, the cost of such Commission paid for by the plaintiff (and if a class is certified as a Class Action, the plaintiff in a successful Class Action lawsuit may include that cost in their recovery)*

*Often times when one is at risk of incurring an out-of-pocket cost, their desire to pursue a certain path is more tempered and reflective and becomes a self-assessing factor to not pursue highly questionable course of conduct.*

*If a class certification request is denied, the plaintiff is responsible for paying the defendant's costs and attorney's fees for defending the matter.*

### *Plaintiff Filing Reform*

*Similar to discovery proceedings, Class Counsel attorney's should be limited to the number of pages of documentation they file in a case, unless a show cause hearing is held to show why more and not less is necessary.  The goal being elegant simplicity vs intellectual complexity.  Whenever an argument is based on excessive rhetoric and paper weight, red alarm bells should ring louder than ever that the underlying honesty of the argument is lacking and being displaced and made up by heavy mass  and not quality class arguments.*

### *Standard of Proof Reform*

*The standard of proof used to either certify a case as a Class Action or evidence presented in a trial of the matter, should be based on Clear and Convincing Evidence and not Preponderance of the Evidence.  A higher standard of proof makes sense, since such standard will have a self-governing incentive for plaintiff's and Class Counsel to advance an honest case as well as promoting the nation's founding documents objective of Justice for ALL, especially since a defendant is confronted with the unique and unusual aspects defending a Class Action claim.*

*I trust you find this request of interest and can shed some light on the issues and help find resolution to some of the problems cited.*

*Regards,*

*Name*

**Appendix E**

**Class Action Lawsuit Postcard Claim Form**


*[Date]*

To:

*Name of U.S. Representative/Senator*
*[address – local/Capitol]*
*Via mail, email, fax*

From

*[name]*
*[address]*
*[email]*
*[phone]*
*[fax]*

*Re:  Class Action Lawsuit – Postcard Claim Form*

*Dear Congress Person [name] or Senator [name],*

*My name is [name] _____ and I live and vote in the district you represent.*

*I write to you as a concerned citizen regarding Class Action Lawsuits and the content of postcard claim forms used to notify potential Class Members of their claim rights.*

*I am sure you are aware of Class Action Lawsuit rights and the public service such activities serve.*

*I have attached a recent paper on such action, in particular the concern regarding user friendly notification and information contained in postcard claim forms and what action plans can be advanced to provide improved user friendly better informed awareness of important issues associated with such forms.*

*I believe legislation is needed to simplify,  make easier to understand, postcard Class Action lawsuit claim notices, designed to clearly and conspicuously describe:*

*(1) what potential claim is being sought,*

*(2) how much (cash and non-cash) in total and how much each individual Class Member may  be entitled,*

(3) how the size of the Class Action Claim  and attorney's fees are effected if Class Members opt-out of participating in the lawsuit and

(4) how attorney fees and expenses are calculated, estimated total amount to be requested and indicative average attorney fee per lawyer and average hourly rate being charged.

Such postcard claim form legislation could be an amendment to the Class Action Fairness Act of 2005.

It is not uncommon when a Class Member receives a postcard claim form in the mail, short of hiring their own attorney, they need to have a reasonable understanding of how to navigate through online internet systems in order to obtain additional relevant information.  The internet navigation process as well as interpreting much of the 'legal mumbo gumbo' cited in important documents, gets lost in translation, leaving Class Members with little insight of their rights and significance of important issues.

One issue of importance is  the user friendly opportunity to make the postcard claim form easy to understand on which a Class Member can then be able to clearly  judge the merits of receiving a small nominal value in a Class Action lawsuit, while attorney's receive huge paychecks, using the Class Action Lawsuit as a vehicle to secure such fee (and justice taking back seat peanut gallery priority), thus allowing Class Members to make a much better informed decision of opting out (not participating) in the Claim or staying in.

I trust you find this request of interest and can shed some light on the issues and help find resolution to some of the problems cited.

Regards,


Name

Larry D Killion, P.E., J.D.
2114 Oxford Street
Houston, Texas 77008

RDC 99



48226



U.S. POSTAGE PAID
FCM LG ENV
HOUSTON TX
77009
JAN 30, 23
AMOUNT

$1.98

R2305H130627-04

Clerk's Office
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 599
Detroit, MI 48226