IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CLAIR REYNOLDS, *et al.*,

    Plaintiffs,

v.

FCA US LLC,

    Defendant.

Case No. 2:19-cv-11745-AJT-EAS

Hon. Mark A. Goldsmith

Magistrate Judge Elizabeth A. Stafford

**FINAL ORDER AND JUDGMENT
GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT (Dkt. 95)**

THIS MATTER having come before the Court for consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, in accordance with the Parties' Settlement Agreement;

WHEREAS, Defendant FCA US LLC ("FCA US") and Plaintiffs Clair Reynolds, Monica Martirano, William Martin Powers, Trina Hancock, Melinda Martinez, and Brady Laing (collectively, "Plaintiffs" or "Class Representatives"), by and through their attorneys, reached a Class Settlement (the "Settlement");

WHEREAS, the Parties submitted the Settlement Agreement together with Plaintiffs' Unopposed Motion for Preliminary Approval of the proposed settlement to the Court;

WHEREAS, the Court provisionally certified a Settlement Class and gave its preliminary approval of the Settlement on October 26, 2022 (the "Preliminary Approval Order") and directed the Parties to provide notice to the Class of the proposed Settlement and the Final Approval Hearing by regular mail and via the internet;

WHEREAS, the Court-appointed Settlement Claims Administrator CPT Group effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order;

WHEREAS, Plaintiffs submitted their Unopposed Motion for Final Approval of Class Settlement on April 5, 2023;

WHEREAS, on April 19, 2023, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate, and whether the Settlement should be granted final approved by this Court; and

WHEREAS, the Parties having appeared at the Final Approval Hearing;

THEREFORE, after reviewing the pleadings and evidence filed in support of final approval of the Settlement, objections to the Settlement, and hearing from the attorneys for the Parties,

**IT IS ON THIS 29th day of June, 2023, ORDERED and, ADJUDGED that the Court finds and orders as follows**:

1. All terms herein shall have the same meaning as defined in the Settlement Agreement.

2. This Order incorporates and makes part hereof the Settlement Agreement.

3. This Court has jurisdiction over the subject matter of this Litigation and over the Parties to this Litigation including all Settlement Class Members.

4. The Court confirms its previous preliminary findings in the Preliminary Approval Order.

5. For purposes of Settlement, the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Class or Settlement Class as defined in Section 2.6 of the Settlement Agreement and also defined below is so numerous that joinder of all members is not practicable, questions of law and fact are common to the Settlement Class, the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class, and the Settlement Class Representatives have fairly and adequately protected the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and class action treatment is superior over individual actions.

6. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, by mailing such Notice by first-class mail. The Settlement Claims Administrator, CPT Group, also placed the Notice on the settlement website. Thus, notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

7. In accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Settlement Claims Administrator caused to be mailed a copy of the proposed class action settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where Class members reside. The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied as of March 24, 2023. The Court has reviewed the April 14, 2023, email of Frederick Caberto on behalf of the Office of the Attorney General of Texas noting technical noncompliance with the timing requirements for providing notice under CAFA. None of the Attorneys General, including the Attorney General of Texas, filed any objections to the Settlement within ninety (90) days after CAFA notice was provided, or by June 22, 2023. Therefore, entry of this order granting final approval of the Settlement is

timely and binding on members of the Settlement Class. *See Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 973 (E.D. Cal. 2012) ("[N]umerous courts [have found] that late mailing of notices to state and federal officials under [the Class Action Fairness Act ("CAFA")] is not fatal to approval of settlements."); *In re Processed Egg Products Antitrust Litigation*, 284 F.R.D. 249, 258 n. 12 (E.D. Pa. 2012) ("Over ninety days have elapsed since [defendant] served the appropriate state or federal officials with the CAFA notice, and there have been no requests for hearings or objections to the settlement made. It follows that, although the notice requirements under CAFA have not been fully met on a technical basis, the substance of the requirements have been satisfied insofar as giving federal and state officials sufficient notice and opportunity to be heard concerning the [s]ettlement."); *Wilcox v. Swapp*, No. 2:17-cv-275-RMP, 2020 WL 2110411, at *1–2 (E.D. Wash. Apr. 22, 2020) (finding that the court may hold a final approval hearing within 90 days of the defendants providing notice under § 1715(d) because "as long as the relevant government officials are allowed ninety days to object to the settlement, the notice requirement has served its purpose"); *Mostajo v. Nationwide Mut. Ins. Co.*, No. 2:17-CV-00350-DAD-AC, 2023 WL 2918657, at *1 (E.D. Cal. Apr. 12, 2023) (same).

8. The Settlement was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective

5

cases. The Settlement is fair, reasonable, and adequate, and serves the best interests of the Settlement Class in light of all the relevant factors including the benefits afforded to the Settlement Class, the complexity, expense, uncertainty, and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

9. The Parties and Settlement Class Members have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of this Settlement.

10. It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Final Order and Judgment should be presented exclusively to this Court for resolution.

11. The Court overrules each of the ten (10) objections from Settlement Class Members and none of the objecting Settlement Class Members appeared at the Final Approval Hearing. For the reasons set forth below, the Court concludes that none of these objections undermines the Court's conclusion that the Settlement is fair, reasonable and adequate.

6

a. ECF No. 92 – Greg and Randa Ross filed their objection (dated January 30, 2023) with the Court on February 13, 2023 ("Ross Objection"). *See* ECF No. 92. The Ross Objection concerns Model Year 2021-2022 Jeep Wranglers and seeks to expand the Settlement to Class Vehicles not included in the Settlement Class. The Ross Objection is overruled for a lack of standing and presents no challenge to any term of the Settlement.

b. ECF No. 93 – Larry D. Killion filed his objection (dated January 30, 2023) with the Court on February 8, 2023 ("Killion Objection"). See ECF No. 93. The Killion Objection identifies a Vehicle Identification Number that is not included in FCA US's records of Class Vehicles, so the Killion Objection also lacks standing. Further, the Killion Objection relates to the Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses concurrently herewith (the "Fee and Expense Motion") and is overruled for additional reasons in the Order granting the Fee and Expense Motion.

c. ECF No. 94 – Anthony A. Garcia filed his objection (dated February 9, 2023) with the Court on February 9, 2023 ("Garcia Objection"). *See* ECF No. 94. The Garcia Objection seeks a recall rather than Warranty Extension, but the Court overrules the Garcia Objection as it is not well-taken

7

as it conflicts with the public policy favoring settlements and does not undermine the fairness, reasonableness and adequacy of the Settlement.

  d. Ross Fernandes submitted an objection, dated January 30, 2023 ("Fernandes Objection"), but it was not filed with the Court. While the Fernandes Objection is procedurally deficient for failing to comply with Preliminary Approval Order or Rule 23(c)(5)(a), it substantively relates to the objector's individual issues relating to post traumatic stress claims, which are expressly excluded from the Released Claims and is hereby overruled. Settlement Agreement, § 2.19.

  e. Eugene T. Dawson submitted an objection, dated February 25, 2023 ("Dawson Objection"), but it was not filed with the Court. The Dawson Objection prefers the settlement relief be a recall after inspection of the damper rather than a Warranty Extension that replaces the damper if the wobble is experienced. For the reasons stated above in response to the Garcia Objection, the Dawson Objection is likewise overruled.

  f. Kristen B. Kelly submitted an objection, dated February 28, 2023 ("Kelly Objection"), but it was not filed with the Court. The Kelly Objection raises an individual matter that does not form the basis of a proper objection pursuant to Fed. R. Civ. P. 23(c)(5)(a). The Kelly Objection states the desire to receive the Service Award paid to Class Representatives, and more, but this

is not part of the settlement for the Kelly Objector who is not a Class Representative eligible for the Service Award. The Kelly Objection is overruled.

  g. Evelyn Adorno Montijo submitted an objection, dated February 28, 2023 ("Montijo Objection"), but it was written in Spanish and not filed with the Court. After translation, the objection raised no specific opposition to any term of the Settlement, and merely stated the presence of the wobble in her Class Vehicle and is hereby overruled.

  h. Jim Blan submitted an objection, dated March 8, 2023 ("Blan Objection"), but it was not filed with the Court. The Blan Objection raises an individual matter that does not form the basis of a proper objection pursuant to Fed. R. Civ. P. 23(c)(5)(a). The Blan Objection seeks for the Warranty Extension to be either 8 years or 90,000 miles, but not whichever is sooner, because they do not regularly drive their Class Vehicle. This individual consideration does not undermine the reasonableness of the Settlement and the Blan Objection is overruled.

  i. Isaac Erickson submitted an objection, dated March 10, 2023 ("Erickson Objection"), but it was not filed with the Court. The Erickson Objection raises an individual matter that does not form the basis of a proper objection pursuant to Fed. R. Civ. P. 23(c)(5)(a). The Erickson Objection

expresses his desire not to use Jeep parts in his Class Vehicle. This individual preference presents no credible opposition to the Settlement and the Erickson Objection is overruled.

      j.      Ruchi Vohra submitted an objection, dated March 10, 2023 ("Vohra Objection"), but it was not filed with the Court. The Vohra Objection raises an individual matter that does not form the basis of a proper objection pursuant to Fed. R. Civ. P. 23(c)(5)(a). The Vohra Objection relates to an individual accident where the insurance did not cover the full value of their Class Vehicle. The Vohra Objection raises no specific challenge to any provision of the Settlement, and is overruled.

      k.      Gary L. Reynolds submitted an undated objection ("Reynolds Objection"), but it was postmarked March 9, 2023, and was not filed with the Court. The Reynolds Objection raises an individual matter that does not form the basis of a proper objection pursuant to Fed. R. Civ. P. 23(c)(5)(a). The Reynolds Objector feels the Warranty Extension is unfair to those who drive less frequently due to age renders it unfair. This does not undermine the Court's conclusion that the Settlement is fair, reasonable and adequate to the entire Settlement Class, so the Reynolds Objection is overruled.

12.    The Court finally certifies the following Settlement Class for purposes of Settlement only:

>All individuals who purchased or leased in the United States a Model Year 2018-2020 Jeep Wrangler or Model Year 2020 Jeep Gladiator.

Excluded from the Settlement Class are FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any successor or assign of FCA US; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opt-out of the settlement; consumers or businesses that have purchased Class Vehicles previously deemed a total loss (*i.e.*, salvage or junkyard vehicles) (subject to verification through Carfax or other means); and current or former owners of a Class Vehicles that previously released their claims in an individual settlement with FCA US with respect to the issues raised in this case.

13. The Settlement Agreement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

14. The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement Agreement, except for those who have duly and timely excluded themselves. A list of the names of each Settlement Class Member who has filed a request for exclusion approved by the Parties and the Court is being filed under seal as Exhibit A to this Order.

15. The Court hereby appoints the following persons as Settlement Class Representatives: Clair Reynolds, Monica Martirano, William Martin Powers, Trina Hancock, Melinda Martinez, and Brady Laing.

16. The Court hereby appoints The Miller Law Firm, P.C and Saltz, Mongeluzzi & Bendesky, P.C. as Co-Lead Class Counsel.

17. The Litigation is hereby dismissed with prejudice and without costs. This Judgment has been entered without any admission by any Party as to the merits of any allegation in this Litigation and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Litigation.

18. The Released Claims of all Settlement Class Members are hereby fully, finally, and forever released, discharged, compromised, settled, relinquished, and dismissed with prejudice against all of the Released Parties.

19. Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, in any manner, any Released Claim against any one of the Released Parties in any forum, with the exception of any Settlement Class Members who have duly and timely excluded themselves.

20. The Settlement Agreement, Settlement related documents, and/or the Court's approval thereof, does not constitute, and is not to be used or construed as

any admission by Defendant or by any Released Party of any allegations, claims, or alleged wrongdoing.

21. Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding, or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement, or the Applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all persons within the definition of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

22. The Court finds that the Settlement Class Members were given a full and fair opportunity to object to the Settlement, to exclude themselves from the Settlement Class, and/or to appear at the final fairness hearing pursuant to the requirements set forth in the Settlement Agreement, Preliminary Approval Order, and Class Notice.

This case is closed.

**IT IS SO ORDERED**

Dated: June 29, 2023　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　United States District Judge